83,763-01

| | |
|---|---|
| | Cause No. |
| | § |
| David Kent McDade, | § in the COURT OF CRIMMINAL APPEALS |
| | §      TRAVIS COUNTY |
| | §       AUSTIN, TEXAS |
| Petitioner | § |
| | § PETITION FOR |
| | § WRIT OF HABEAS CORPUS |
| | § BY A PEOPLE IN STATE |
| v. | § CONSTRUCTIVE CUSTODY |
| | § (NOT SENTENCED TO DEATH) |
| | § |
| City of Austin, "Officer Lee Knouse Badge # | § Re: Austin Municipal Court |
| 5931," "Supervisor," "Second Officer," Sherry | § CASE NUMBER(S) 8171190, 8171191, |
| M. Statman, Mitchell B. Solomon, Barbara L. | §   8171192, 8171200, 8171201/8263463 |
| Garcia, Stephen T. Vieorito, Bianca Bentzin, | § |
| Devin Rourke, Mathew McCabe, Robert | §   (VERIFIED) |
| Davis, Diane Montoya, Michelle Rich, Ryan | § |
| Zapata, and Deshone Sauls, | §   Date: August 19, 2015 |
| | § |
| | § Magistrate:_____ |
| Respondents | § |
| | § |

COMES NOW David Kent McDade (hereinafter McDade/"People"), a People of Texas, and petitions the above-entitled court of record for a writ of habeas corpus to inquire into the cause of constructive custody and restraint of liberty of said McDade who is a People of Texas neither in the capacity of a citizen of the United States nor a citizen of the State of Texas, and who is not subject to the jurisdiction of the following Custodians:

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

City of Austin (a legal fiction)

301 West 2nd

Austin, TX. 78701

Sherry M. Stateman (a Austin Municipal Court Judge),

700 E. Seventh St.

Austin, TX. 78701

Barbara L. Garcia (a Austin Municipal Court Judge),

700 E. Seventh St.

Austin, TX. 78701

Mitchell B. Solomon (a Austin Municipal Court Judge),

700 E. Seventh St.

Austin, TX. 78701

Stephen T. Vigorito (a Austin Municipal Court Judge),

700 E. Seventh St.

Austin, TX. 78701

Diane Montoya, (an Affiant),

700 E. Seventh St.

Austin, TX. 78701

Ryan Zapata, (an Affiant),

700 E. Seventh St.

Austin, TX. 78701

Deshone Sauls, (an Affiant and a City Deputy Clerk),

700 E. Seventh St.

Austin, TX. 78701

Michelle Rich, (a City Deputy Clerk),

700 E. Seventh St.

Austin, TX. 78701


Devin Rourke (an Assistant City attorney),

700 E. Seventh St.

Austin, TX. 78701


Bianca Bentzin (Chief Prosecutor City of Austin),

700 E. Seventh St.

Austin, TX. 78701


Mathew McCabe (Assistant City Attorney),

700 E. Seventh St.

Austin, TX. 78701


Robert Davis (Assistant City Attorney),

700 E. Seventh St.

Austin, TX. 78701


Lee Knouse (Austin Municipal Police Officer),

715 E. Eighth St.

Austin, TX. 78701


"Supervisor" (Austin Municipal Police Officer),

715 E. Eighth St.

Austin, TX. 78701

"Second Officer" (Austin Municipal Police Officer),

715 E. Eighth St.

Austin, TX. 78701

## LAW OF THIS CASE

The accompanying Attachment "A" is incorporated by reference as though fully stated herein.

**Petitioner May Prosecute A Writ Of Habeas Corpus To Inquire Into The Cause Of The Restraint.**

1. Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. [28 USC Sec. 2242]

2. Every person unlawfully committed, detained, confined or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint.
The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual. [The Texas Constitution Art. 1. Bill of Rights Sec. 12.], The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. [Code of Criminal Procedure Title 1. Code of Criminal Procedure Chap. 1. General Provisions Art. 1.08], [Code of Criminal Procedure Title 1. Code of Criminal Procedure Chap. 11. Habeas Corpus], [Ex parte Rich, 194 S. W.3d 508,510], [Ex parte Robinson, 641 S. W.2d 552, 553]

3. Availability of writ. Writ of habeas corpus is available to allow presentation of questions of law that cannot otherwise be reviewed, or that are so important as to render ordinary procedure inadequate and justify extraordinary remedy. [Ex parte Robbins, 360 S. W.3d 446, 458 (Tex. Crim. App.2011),

4. Scope of Writ. The writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law. [Tex. CCP Chap11Art. 11.23]

Constructive Custody. The availability of the writ of habeas corpus does not depend on the actual detention of petitioner in prison. It is also available where petitioner is constructively in custody and subject to restraint [Tex. CCP Chap11Art. 11.21, 22,23] [Ex parte Canada, 754 S.W.2d 660,666 (Tex.Crim.App.1988)] [Ex parte Robinson, 641S. W.2d 552,553] (In re Petersen (1958) 51 Cal2d 177, 181, 331 P2d 24).

5. This habeas corpus is prosecuted because the taking of the People into custody was without due process. The respondent's court acted as a nisi prius court, except that the jurisdiction was fraudulently acquired without David Kent McDade's volunteering or knowingly agreeing to the proceeding. *Gonzalez v. United States*, 553 U.S. 242 (12 May 2008) ("If the parties consent") (construing 28 U.S.C. § 636(b)).

6. The nisi prius court is in fact a nisi prius court falsa because respondent has taken unlawful dominion of McDade so as to deprive him of his court. McDade should be immediately released so that he may return to the jurisdiction of his own court.

7. McDade is subject to unlawful constructive custody and restraint. McDade is thus petitioning for a writ of habeas corpus.

Restraint. By "restraint" is meant the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right. [Tex. CCP Chap11Art. 11.22]

**Because No Jurisdictional Basis For Custody Has Been Proffered Or Stated A Writ Of Habeas Corpus Should Issue.**

8. Broad Meaning of Jurisdiction on Habeas Corpus. For purposes of the writ of habeas corpus, as for purposes of prohibition or certiorari, the term "jurisdiction" is not limited to its fundamental meaning, and in such proceedings judicial acts may be restrained or annulled if they are determined to be in excess of the court's powers as defined by constitutional provision, statute, or rules developed by courts (In re Zerbe (1964) 60 Cal2d 666, 667-668, 36 CalRptr 286, 388 P2d 192).

9. **The liberty of the People is restrained by the Custodians:**

   A. McDade is in constructive custody by color of the authority of the State of Texas and/or the Custodians, and was committed for trial before some court thereof; [28 USC 2241(c)(1)]

   B. McDade is in custody in violation of the Constitution or laws of the United States; [28 USC 2241(c) (3)]

10. Although the true cause of custody of McDade is unknown, McDade on information believes that the claim or authority is under color of law in violation of the Constitutions for the Republic of Texas and the United States of America. The true basis for jurisdiction by the Custodians has never been proffered or stated. McDade, as one of the People, has never knowingly or voluntarily agreed to such jurisdiction. McDade has disputed and disputes any factual allegation that he has so agreed.

11. The jurisdictional facts leading up to the custody and restraint are unknown to the People. The jurisdictional facts by which the Custodians presume to continue to deprive the People of his court are unknown to the People.

12. The People, on information and belief, allege that the Custodians are funded in whole or in part by the City of Austin. Thus motivated, they are acting, under color of law as contractual agents of their principal, the City of Austin.

13. The Custodians do not state and the proceedings do not show any lawful authority or jurisdictional facts enabling the Custodians to lawfully take dominion over a People of the United States. Lacking such jurisdiction, their actions can only be under color of law, violating due process, in order to execute their own private agendas, whatever they may be. Therefore a writ of habeas corpus should issue.

**A Writ of Habeas Corpus Is A Proper Remedy Because Custodians Have Engaged In Prosecutorial Vindictiveness; Burden Is Upon Respondents To Rebut Presumption.**

14. Petitioner as normally bearing burden of proving facts on which claim for relief is based, but if possibility that increased or additional charges violating due process supporting charge of prosecutorial vindictiveness is at issue, petitioner as only needing to demonstrate facts giving rise to presumption of vindictiveness at which time, even on habeas corpus, burden shifts to people to rebut presumption. In re Bower (1985) 38 Cal3d 865, 872, 215 CalRptr 267, 700 P2d 1269.

15. McDade is under the restraint of a court *not* of record. The proceedings came about as a result of Deprivation of Rights under the Color of Law, Conspiracy Against Rights, Conspiratorial Treason, Judicial Misconduct, Malicious Abuse of Legal Process, and

Prosecutorial Vindictiveness. The following facts support the claim of the prosecutorial vindictiveness:

I.

1. On or about the 8th day of October, 2014, at approximately 8:17am McDade was stopped by a person identified as a "City of Austin Municipal "Police Officers."

2. The person(s) who seized, accosted, and unlawfully Aggravatedly Imprisoned McDade have been identified only as "Officer Lee Knouse Badge # 5931" hereinafter, Knouse # 5931 and his "Supervisor" hereinafter Supervisor and "Second Officer" hereinafter known as "Unknown Officer" (all hereinafter collectively "Infringers");

3. At the time of the "traffic/transportation stop," McDade was "arrested" which amounted to McDade being seized, accosted, and unlawfully imprisoned by the Infringers upon the initiation of the stop for the purpose of issuing Citation Number(s) 14092560, 14092561(Attachment B). This fact is attested to by the Infringers admittance of such at the time of "traffic/transportation stop." McDade was forcibly issued Citation Number(s) 14092560, 14092561 under threat, duress, and coercion by the Infringers.

4. At the time of the "traffic/transportation stop", and unlawful imprisonment McDade requested to speak to Knouse # 5931's Supervisor (name to be determined), during which time another officer "Unknown Officer" arrived; when Knouse # 5931's Supervisor arrived McDade informed the Supervisor of the situation and the Supervisor and other "Unknown Officer" all of the above identified officers took part in and allowed the unlawful imprisonment to continue until forcibly issued Citation Number(s) 14092560, 14092561 were completed.

5. At the time of the "traffic/transportation stop", and unlawful imprisonment McDade was traveling viatically upon the public right-of-way in a private conveyance for his own

private business and pleasure while utilizing due diligence and care to ensure that his actions did not cause harm to other person(s) or property and no such harm had taken place.

6. McDade was not engaged in causing harm to any person, property, or thing, nor was McDade providing the Infringers with any probable cause to believe that McDade was engaging in any actions to cause harm to any person(s) or property, or thing but, McDade was still stopped, seized, accosted, and unlawfully imprisoned by the Infringers without any apparent probable cause to believe such activities were taking place.

7. McDade asserts that at the time of the "traffic/transportation stop" he was not causing harm to any person or property or being violent in any way. McDade asserts that he is/was doing nothing more than exercising a unalienable, substantive Right and Liberty to Travel freely and unencumbered and the use of his private property for Private Travel.

8. The People believe that the Harassment, unlawful Aggravated Imprisonment, and the issuing of the Citations absent any lawful jurisdiction; beginning the unlawful prosecution and Deprivation of Rights under color of Law of McDade is the first sign of a vindictive prosecution.

II.

9. On or about the 2nd of December 2014, Diane Montoya and Michelle Rich conspired together absent any lawful jurisdiction and filed five false complaints (Attachment D) against McDade.

10. The People believe that the issuing of the five false complaints absent any lawful jurisdiction against McDade, furthering the unlawful prosecution of McDade, is the second sign of a vindictive prosecution.

III.

11. On or about the 3rd of December 2014, prosecutor Mathew McCabe filed a motion for Continuance and Mr. Mitchell B. Solomon absent any lawful jurisdiction issued an Order granting the motion for Continuance (Attachment E) for jury trial, furthering the unlawful prosecution of McDade.

12. The People believe that the filing of the motion and the issuing of Order for Continuance absent any lawful jurisdiction, furthering the unlawful prosecution of McDade is the Third sign of a vindictive prosecution.

IV.

13. McDade received a traffic Citation Number(s) 14092560, 14092561 from the City of Austin Police Dept., McDade filed documents in the Austin Municipal Court in answer to said citation in the form of a Special Appearance Challenging Personal and Subject matter Jurisdiction and Venue / motion to dismiss, a Declination to Plea and an Affidavit of not Engaged in Transportation (Attachment F), to show on the record that the court nor the Counterdefendants had any lawful jurisdiction over the matter or McDade.

14. The court and or Counterdefendants do not have any proof of subject matter jurisdiction in the form of fact, law, and evidence on the record that McDade was engaged in the regulatible Commercial activity of Transportation, which the lack of vacates subject matter jurisdiction. For the/them to prove subject matter jurisdiction they have to prove that the statue gives them jurisdiction in this particular alleged offence and prove every element as to what grants them jurisdiction over McDade. The Affidavit Not in Transportation asserts conclusively that neither the court nor Counterdefendants has such fact, law, or evidence.

15. The Special Appearance/ motion to dismiss addresses both the lack of notice issue and the lack of subject matter /evidence issue, so you can see the validity of McDade's challenge to both instances of jurisdiction; and McDade's reason to decline to plea to a court lacking not only jurisdiction but also standing. At the present time the court and the Counterdefendants are moving forward absent any lawful jurisdiction.

16. After filing papers in this matter Mrs. Sherry M. Statman, on or about the 11th of November 2014 sent an order (Attachment E) to McDade in the mail addressing his filings in a rude and threatening manner.

17. Jurisdiction is not accomplished simply by physicality as presumed by Mrs. Sherry M. Statman in her order; this assertion of jurisdiction just by physicality claim is just a judicial avoidance tactic, to avoid on point the true lack of jurisdiction issue. McDade is quite sure the arguments in the documents that McDade filed, properly and completely address the critical issues.

18. Mrs. Sherry M. Statman apparently does not understand that a challenge to jurisdiction and determination of jurisdiction is always a civil matter, that in and of itself is never criminal.

19. A special appearance to challenge jurisdiction of the court is proper until jurisdiction is proven on the record, and as is well known even to McDade is the fact subject matter can be challenged at any time even on appeal.

20. McDade realizes that just the fact of challenging jurisdiction does not negate its existence, however when challenged in fact, law, and evidence the court is absolutely obligated to stop all proceedings, meet the challenge with fact, law, and evidence on the record conclusively and substantively before continuing.

21. The challenge is civil, once jurisdiction has been properly established in the record as due process demands then and only then can the judge lawfully make the assertion that a special appearance is no longer valid.

22. Mrs. Sherry M. Statman, especially as the presiding judge should be perfectly aware that the moment that an individual makes a general appearance in-personam jurisdiction has been waved, only by the making of a special appearance may a challenge to jurisdiction including in-personam jurisdiction be maintained by the accused.

23. Mrs. Sherry M. Statman states in her Order (Attachment E) that there are no valid pretrial actions or issues that have been raised. McDade did/does rebut and reject that presumption/assertion with fact, law, and evidence on the record under oath. Another attempt to deny the truth, facts, and evidence and in turn McDade's rights.

24. McDade has a different viewpoint; McDade believes that a challenge to jurisdiction is a critically valid issue in any action, against him or anyone for that matter especially a supposed criminal one.

25. McDade believes that instead of the issues In Mrs. Statman's Order being valid issues, McDade believes they are just more judicial avoidance tactics and also a cunning way of intimidating someone (witness tampering) who is raising extremely valid issues before the

court; ones the court and Custodians must prove on the record before moving forward to merits: which by the way McDade has never seen the court and Custodians do, they just gloss over the necessary elements as if they are secondary in nature or as stated in the order, one of physicality.

26. This is not the first time McDade has had this type of experience with Mrs. Sherry M. Statman, McDade has included documents (Attachment G) including a transcript from an earlier due process and substantive rights violation encounter on July 26th, 2012.

27. In this encounter McDade had filed similar documents with the Austin Municipal Court on an alleged traffic violation. On McDade's second "visit" to the court McDade was brought into an empty courtroom with only Mrs. Sherry M. Statman, the prosecutor, the clerk, and the court reporter (private hearing).

28. McDade was immediately verbally abused and threatened by Mrs. Sherry M. Statman; it was not a "hearing" as much as it was a verbal thrashing. No one else spoke once Mrs. Sherry M. Statman started including the prosecutor, it was very much a one sided affair. Then Mrs. Sherry M. Statman immediately left the courtroom, although she came quickly back when she was told that McDade had a recorder and then verbally threatened McDade again. This was before McDade really knew what was supposed to happen in a hearing, along with being taken aback by Mrs. Sherry M. Statman's behavior; McDade was stunned to the degree that McDade did not even object to the occurrence, although McDade knew at the time his rights had been violated McDade was not learned enough to defend himself.

29. McDade believes that not only is this another instance of judicial misconduct, and of witness tampering, by threat, duress, and coercion. McDade also believes it to be clearly a case of Malicious Abuse of Legal Process.

30. Actually in this matter McDade is the one who is really and constructively being harmed. The court and prosecution have a duty not to violate McDade's unalienable, substantive Rights, they have breached that duty which is causing McDade immediate and direct harm by loss of Rights and Liberty, emotional distress, loss of financial gain from time off work, and time to prepare for this action against him plus costs.

31. The People believe that the issuing of an Order to set cases for trial without due process and threatening McDade with sanctions per TRCP 1.052(e) absent any lawful jurisdiction furthering the unlawful prosecution of McDade is the fourth sign of a vindictive prosecution.

## V.

32. On February 4th, 2015 McDade went to court to file a common law Counterclaim for Trespass and Trespass on the Case in the Superior Court of Texas, (Attachment C) concerning the traffic citation actions against McDade, and go to a pre-trial hearing.

33. McDade filed the Counterclaim and also a Writ of Prohibition (Attachment C) which explicitly states in no uncertain terms that the Judiciary of the inferior court must not act outside their magisterial capacity within the Superior Court. Then went to a scheduled hearing on previously filed- motions in the action against him.

34. As stated in the Counterclaim, McDade filed suit against Mrs. Sherry M. Statman, "Officer Knouse Badge # 5931," "Supervisor," and "Second Officer".

35. McDade verbally announced the presence of the Superior Court and that it was in session at the beginning of the hearing.

36. McDade verbally accepted the oaths of all the officers of the court and bound them to it.

37. Mrs. Barbara L Garcia continued in the proceeding absent any lawful authority, committing fraud upon the court.

38. The record shows that this court of record held a hearing on February 4, 2015 for the purpose of considering Counterplaintiff's Motion for Discovery and Motion for Nature and Cause.

    Counterplaintiff was present in personam, and Counterdefendants, were absent.

39. The record shows (audio record, witness testimony, and Order of court) that the magistrate did not conduct the hearing in accordance with the foundation rules of a court of record (Law of Case, Page 2, Court of Record, Lines 3, 4). Instead, the magistrate conducted her own court, without notice or concurrence of the parties, and without due process. Not satisfied with the lawful rules of court, she imposed her own rules and at other points rules of another jurisdiction foreign to this court.

40. Further, without proper authority, the magistrate stepped out of her function as a magistrate and, by her actions and statements, figuratively assumed the cloak of a tribunal.

41. The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, if he so chooses.

42. Throughout the audio record, the record shows that the rules of the court were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed procedures are sufficiently disruptive to the goal of providing fair justice to the degree that the court finds it necessary to issue a writ of error quae coram nobis residant.

43. McDade verbally objected to every unlawful action of Mrs. Barbara L Garcia and Mrs. Devin Rourke throughout the proceedings including but not limited to the presentment of the false complaints and the unlawful Order.

44. When Mrs. Barbara L Garcia made a "Order" (Attachment E) at the hearing in the presence of the Superior Court before witnesses she committed an act of Treason by violating her oath of office, Conspiracy Against Rights and Deprivation of Rights Under Color of Law by acting outside her lawful jurisdiction; Judicial Misconduct, by acting as a "judge" in a Superior Court of Record and was in contempt of The Superior Court.

45. The Order McDade referred to in the previous paragraph was an Order to not allow any motions except discovery, Mrs. Barbara L Garcia stated in the Order that all discovery was handed over to McDade, which is not factual.

46. The Discovery motion requests multiple other pieces of evidence that Counterdefendants did not provide, and of the one they did provide, the CD with the video of the "traffic stop" it is missing the video or is defective.

47. McDade had also filed a motion for nature and cause, which is his substantive right, Plaintiff only provided McDade with a copy of each of the complaints, a complaint is not nature and cause in the form of an Information pursuant to the U.S Const. Amend. VI and Texas Const. Art.1 Sec. 10.

48. Mrs. Barbara L Garcia and the prosecutor Mrs. Devin Rourke worked in concert to accomplish these felony acts of Conspiratorial Treason, Conspiracy against The Superior Court, Conspiracy Against Rights, Deprivation of Rights Under Color of Law, Judicial Misconduct, Malicious Abuse of Legal Process, Fraud upon the Court, and Contempt all under the color of law. [Title 18 USC. 241, 242]

49. Mrs. Barbara L Garcia and prosecutor Mrs. Devin Rourke failed to even so much as look at McDade's filings or simply chose to ignore them, before committing these acts; they also failed to object to any of McDade's filings on the record. As the record shows.

50. All these acts violating McDade's substantive rights and the law, under the color of law including but not limited to due process were all perpetrated absent any lawful jurisdiction, which the Counterdefendants and the court have lacked and have yet to prove with facts, law and evidence on the record, from the moment the "traffic stop" was initiated.

51. The People believe that the issuing of an Order to not allow any motions except discovery in violation of due process absent any lawful jurisdiction, furthering the unlawful prosecution of McDade is the fifth sign of a vindictive prosecution.

## VI.

52. McDade went to court on March 2, 2015 to file a common law First Amended Action for Trespass and Trespass on the Case in the Superior Court of Texas(Attachment H), concerning the traffic citation actions against McDade.

53. McDade filed the First Amended Action for Trespass and Trespass on the Case in the Superior Court of Texas and also a Writ of Error (Attachment H) March 6, 2015 which details and rescinds the order of February 4, 2015 by Mrs. Barbara L. Garcia, the Writ of Error which explicitly states in no uncertain terms that the Judiciary of the inferior court must not act outside their magisterial capacity within the Superior Court.

54. On or about March 3, 2105 Mrs. Sherry M. Statman issued an order (Attachment E) denying all motions and documents tendered by McDade, violating McDade's Rights to due process. And access to the court.

In other words, contrary to *Sherer v. Cullen* cited below, the court *not* of record effectively sanctioned McDade for exercising a well-established right to challenge jurisdiction.

"There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights." [Sherer v. Cullen, 481 F 946.]

55. The record shows (Order of the Court) (Attachment E) that the magistrate did not conduct a hearing in accordance with the foundation rules of a court of record (Law of Case, Page 2, Court of Record, Lines 3, 4). Instead, the magistrate conducted her own court, without notice or concurrence of the parties, and without due process. Not satisfied with the lawful rules of court, she imposed her own rules and at other points rules of another jurisdiction foreign to this court.

56. Further, without proper authority, the magistrate stepped out of her function as a magistrate and, by her actions, figuratively assumed the cloak of a tribunal.

57. The genius of a court of record is not to be undermined.

58. Through the record, the record shows that the rules of the court were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed procedures are sufficiently disruptive to the goal of providing fair justice.

59. The People believe that the (Order of the Court) denying all motions tendered by McDade and further threatening of McDade through sanctions, furthering the unlawful prosecution of McDade is the sixth sign of a vindictive prosecution.

VII.

60. On or about March 3, 2105, Prosecutor Matthew McCabe filed a Motion for Continuance for jury trial, Mr. Stephen Vieorito issued an Order granting the motion, the above mentioned persons conspired together absent any lawful jurisdiction; furthering the unlawful prosecution, perpetration of the aggravated unlawful imprisonment, and violation of McDade's substantive Rights, and Liberties under the color of law.

61. The record shows (Order of the Court) (Attachment E) that the magistrate did not conduct a hearing in accordance with the foundation rules of a court of record (Law of Case, Page 2, Court of Record, Lines 3, 4). Instead, the magistrate conducted his own court, without notice or concurrence of the parties, and without due process. Not satisfied with the lawful rules of court, he imposed his own rules and at other points rules of another jurisdiction foreign to this court.

62. Further, without proper authority, the magistrate stepped out of his function as a magistrate and, by his actions, figuratively assumed the cloak of a tribunal.

63. Through the record, the record shows that the rules of the court were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed procedures are sufficiently disruptive to the goal of providing fair justice.

64. The People believe that the Order granting the motion for continuance, furthering the unlawful prosecution of McDade is the seventh sign of a vindictive prosecution.

## VIII.

65. On December 2nd, 2014 a false complaint was generated by Affiant Diane Montoya in cause number 8171201 on 12/2/14 in that it states that McDade refused to give his name to Officer Lee Knouse. It was later dismissed then another complaint was generated, number 8260842.

66. A false complaint by Affiant Deshone Sauls was generated, in cause number 8260842 on 4/21/15 in that it states that McDade gave a false Date of Birth to Officer Lee Knouse. It was later dismissed then another complaint was generated number 8263463. (Attachment D)

67. A false complaint was generated by Affiant Ryan Zapata in cause number 8263463 on 4/27/2015 three days before trial in that it states that McDade refused to give his Date of Birth to Officer Lee Knouse.

68. On April 30th, 2015 McDade was prosecuted under the original cause number 8171201 and found guilty, having not been given a copy of the complaint number 8263463 until the day of trial.

69. The People believe that the issuing of false complaints, dismissing the complaints and then refiling the complaints without giving McDade proper and timely notice to reply to said complaints is a due process violation and Conspiracy Against Rights, and Deprivation of Rights under the Color of Law; furthering the unlawful prosecution of McDade is the eighth sign of a vindictive prosecution.

## IX.

70. Actions by Mr. Stephen T.Vigorito and Prosecutor Robert Davis are detailed as follows:

71. On or about April 30th, 2015 the above mentioned persons conspired together absent any lawful jurisdiction; and then and there Mr. Stephen Vieorito and Prosecutor Robert Davis held a trial in the presence of McDade, furthering the perpetration of the aggravated unlawful imprisonment, unlawful prosecution, and violation of McDade's substantive Rights, and Liberties under the color of law.

72. The record shows (Order of court) (Attachment E) that the magistrate did not conduct a hearing in accordance with the foundation rules of a court of record (Law of Case, Page 2, Court of Record, Lines 3, 4). Instead, the magistrate conducted his own court, without notice or concurrence of the parties, and without due process. Not satisfied with the lawful rules of court, he imposed his own rules and at other points rules of another jurisdiction foreign to this court.

73. Further, without proper authority, the magistrate stepped out of his function as a magistrate and, by his actions, figuratively assumed the cloak of a tribunal.

74. Through the record, the record shows that the rules of the court were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed procedures are sufficiently disruptive to the goal of providing fair justice.

75. The People believe that the continuing Prosecution, Order granting the motion in Limine, the Order and Adjudgement of Guilty, and Order to Pay Fines, absent any lawful jurisdiction, furthering the Conspiracy Against Rights and Deprivation of Rights under the Color of Law is the ninth sign of a vindictive prosecution.

76. Briefly, the above events are summarized here:

EVENT 1. Unlawful traffic stop, no probable cause.

EVENT 2. Police harassment, unlawful imprisonment.

EVENT 3. Issuance of jurisdictionally baseless traffic citations.

EVENT 4. Filing of jurisdictionally baseless complaints.

EVENT 5. The Ignoring of all challenges to jurisdiction.

EVENT 6. Issuance of jurisdictionally baseless, threatening court order invalidating all

      pretrial motions and to set cases for trial with no prior hearing.

EVENT 7. The ignoring of the filing and existence of McDade's common law

      Counterclaim challenging jurisdiction.

EVENT 8. Issuance of jurisdictionally baseless, court order to not allow any motions

      except discovery.

EVENT 9. The ignoring of the filing and existence of McDade's common law First

      Amended Action challenging jurisdiction

EVENT 10. Issuance of jurisdictionally baseless, threatening court order denying all pretrial motions and documents .

EVENT 11. The STATE'S dismissal and reissuing of charges to prevent McDade proper due process.

EVENT 12. The continuation of prosecution absent any lawful jurisdiction.

EVENT 13. State's motion in Limine and granting of motion to prevent McDade from bringing up prior jurisdictional objections at trial.

EVENT 14. The entering of "Guilty Pleas" against the objection of McDade.

EVENT 15. The false statement that McDade entered a plea of guilty contained in judgement.

EVENT 17. Issuance of jurisdictionally baseless, court order and adjudgement of guilty.

EVENT 18. Issuance of jurisdictionally baseless, court order to pay fines.

77. Any one of the nine plus signs and 18 Events of vindictive prosecution, when taken singly are not necessarily significant. Together, they evince a pattern that can only be the signature of a vindictive prosecution.

78. The Custodians do not state and the proceedings do not show any lawful authority or jurisdictional facts enabling the Custodians to lawfully take dominion over a People of the United States. Lacking such jurisdiction, their actions can only be under color of law, violating due process, in order to execute their own private agendas, whatever they may be (perhaps barratry, i.e. the offense of frequently exciting and stirring up quarrels and suits, either at law or otherwise). They are vindictive:

"Vindictive...intended to cause anguish or hurt: Spiteful"

[see Internet Merriam Webster Dictionary at

www.m-w.com/cgi-bin/dictionary?book=Dictionary&va=vindictive ].

79. If, in their returns, the Custodians fail to prove the absence of vindictiveness, and proof of Jurisdiction then the Custodians must release jurisdiction and custody of McDade back to the jurisdiction of his own court. And the court should so order.

A Writ Of Habeas Corpus Is A Proper Remedy If Petitioner Has Reasonable Apprehension Of Restraint Of Liberty.

80. Constraint by Reasonable Apprehension of Force. To justify issuance of the writ of habeas corpus, constraint need not consist of actual physical force. Conduct inducing a reasonable apprehension of force may be sufficient to restrain one of his/her liberty (In re Rider (1920) 50 CalApp 797, 802, 195 P. 965).

81. McDade has a reasonable apprehension that the Custodians will exercise force to deprive or restrain his liberty because by orders of the court not of record he has been required to involuntarily appear in said court's proceedings, and has been restricted in his freedom; all contrary to the people's denial of jurisdiction.

82. Further, when McDade demonstrated good faith in his appearances, he was still restricted in his freedom.

83. Because of Custodians' history of abuse, a writ of habeas corpus is a proper remedy to ensure that McDade is released to the jurisdiction of his own court.

84. "Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court." Magna Carta, Article 34.

85. "No person shall be...deprived of life, liberty, or property, without due process of law." U.S. Constitution, Amendment V.

86. In this matter McDade is a People of the United States. As such, without due process the respondents have caused McDade to lose his court.

87. "No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril. "Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

88. Rhetorically, the question could be asked, "Is it an act of treason when a public official takes unlawful dominion over the sovereign People of the United States? Could such state officials be prosecuted under 18 USC 241and 242 which makes it a federal crime to deprive or conspire to deprive, under color of law, any person of his rights.[ State officers may be held personally liable for damages under 1983 based upon actions taken in their official capacities. HAFER v. MELO, 502 U.S. 21 (1991) 502 U.S. 21]

89. In this case, strict compliance with the procedure was not followed. A necessary element is that McDade must voluntarily and knowingly agree to any proceeding outside of the penumbra of a court of record. McDade neither volunteered nor knowingly agreed to what must necessarily be a strict nisi prius procedure. The element of due process is missing. Therefor a writ of habeas corpus should issue.

The STATE May Not Diminish The Sovereign Rights Of David Kent McDade.

90. It is the design of our systems of jurisprudence that courts have no jurisdiction until a party comes forth and declares a cause needing resolution. The particular jurisdiction depends upon how the cause is declared by the moving party. Jurisdiction may be administrative, at law, in equity, or in any of many other formats. In this habeas corpus proceeding the jurisdiction is at law in a court of record under the sovereign authority of one of the People.

91. It is essential to understand what are a sovereign, a magistrate, a court, and a court of record.

92. A court is "The person and suit of the sovereign."[NOTE-1] Who is the sovereign? It is the people either in plural[NOTE-2] or in singular capacity.[NOTE-3] In singular capacity, it is McDade, one of the People as contemplated in the preambles of the Constitution for the Republic of Texas, and the 1789 Constitution for the United States of America. In singular capacity, it is also McDade.

93. The State of Texas and the United States of America have no general sovereignty. Theirs is a clipped sovereignty. Whatever sovereignty they have is limited to their respective constitutionally defined spheres of control. The general sovereignty is reserved to the people without diminishment.[NOTE-4] Lest that be forgotten, the analogous California Government Code twice admonishes the public servants that, "The people of this state do not yield their sovereignty to the agencies which serve them."[NOTE-5] Further, when the State of California did attempt to diminish one's rights, it was affirmed that the state cannot diminish rights of the people.[NOTE-6] Further, Amendments IX and X of the Constitution for the United States of America and Art. 1 Sec. 2 of the Texas Constitution admonishes the federal and state governments of their clipped sovereignty subservient to the full sovereignty reserved without diminishment to the People.[NOTE-10]

94. It is by the prerogative of the sovereign[NOTE-7] whether and how a court is authorized to proceed. In this case, the chosen form of this court is that of a court of record.

95. A qualifying feature of a court of record is that the tribunal is independent of the magistrate appointed to conduct the proceedings.[NOTE-8]

96. The magistrate is a person appointed or elected to perform ministerial service in a court of record.[NOTE-9] His service is ministerial because all judicial functions in a court of record are reserved to the tribunal, and, by definition of a court of record, that tribunal must be independent of the magistrate. The non-judicial functions are assigned by the court of record and are "ministerial" because they are absolute, certain and imperative, involving merely execution of specific duties arising from fixed and designated facts.

97. Because the state has no jurisdiction over McDade, and because the magistrate has no tribunal function, and because McDade has not voluntarily and knowingly granted any jurisdiction to the state, it follows that the state has no jurisdiction over McDade. Therefore, the STATE must cease its taking into involuntary custody the person of McDade, one of the people. As a matter of right, McDade should be immediately released back to the jurisdiction of his own court.

NOTES

[NOTE-1] Black's Law Dictionary, 4th Ed., 425, 426

[NOTE-2] People, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this

sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body... Webster's 1828 Dictionary

NOTE-3 People...considered as....any portion of the inhabitants of a city or country. Ibid.

NOTE-4 "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455 @Dall 1793 pp471-472

The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. Through the medium of their Legislature they may exercise all the powers which previous to the Revolution could have been exercised either by the King alone, or by him in conjunction with his Parliament;..." Lansing v. Smith, 4 Wendell 9 (N.Y.) (1829), 21 American Decision 89; 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 1`67; 48 C Wharves Sec. 3, 7.

NOTE-5 California Government Code, Sections 11120 and 54950

NOTE-6 The state cannot diminish rights of the people. Hurtado v. People of the State of California, 110 US 516

NOTE-7 "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455 @Dall (1793) pp471-472.]

The people of this State, as the successors of its former sovereign, are entitled to all the rights

which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

NOTE-8 Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

NOTE-9 Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

NOTE-10 Constitution for the United States of America:

Amendment IX. The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

Article X. The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

The Texas Constitution

Article 1. Bill of Rights

Sec. 2. Inherant Political Power; Republican Form of Government. *All political power is inherent in the people*, and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican

form of government, and, subject to this limitation only, *they have at all times the inalienable right to alter, reform or abolish* their government in such manner as they may think expedient.

## Prayer

98. Further, I request that the proceedings in the City of Austin Municipal Court, Case Number(s) 8171190, 8171191, 8171192, 8171200, 8171201/8263463 be ordered stayed pending resolution of the jurisdictional challenge in the above-entitled court of record.

I am David Kent McDade. I have personal knowledge of the above-stated facts and am competent to testify as to the truth of these facts if called as a witness. I declare under penalty of perjury that the forgoing is true and correct, and that this declaration was executed in Elgin, Texas, on August 19, 2015.

/S/

David Kent McDade
Private Attorney
Petitioner

209 E. Brenham St.
Elgin, Texas

# Verification

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § **KNOW ALL MEN BY THESE PRESENTS** |
| **COUNTY OF TRAVIS** | § |

Before me, the undersigned Notary, personally appeared David Kent McDade, the Affiant in this matter, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

*I David Kent McDade, a People of Texas is at least 21 years of age, and I am competent to make this Affidavit. I have personal knowledge of these facts and attest under penalty of perjury the facts stated in this document are true and correct.*

*I assert all my Birthrights, and all my Inherent, Unalienable rights, privileges and immunities at Natural Law, Common Law and Maritime Law, and all my respective commercial rights relevant to a place called "this state." Affiant does not consent to nor in any way waive any of my rights in whole or in part, nor does Affiant authorize or consent to any violation of those rights by any of Affiant's public servants or any other Corporate Entities.*

Further, Affiant sayeth not.

/s/
_____
David Kent McDade, Affiant


Signed and Affirmed to before me on this the __19__ day of ___Aug___ (month) 20_15_ (year) for which witness my seal and signature.

> Notary Stamp
> My Comm. Exp. 03-18-17
> STATE OF TEXAS
> Notary Public
> AARON LAY

Notary Signature: _____

## Certificate of Service

By my signature below, I certify that on this the 19th day of August, 2015, I have no idea who should be served with a true and correct copy of this document, therefore, it is delivered by hand to the Court Clerk for whoever shows up on the Respondents behalf. If that is no one, then there is nothing served as of this date.

/s/
_____
David Kent McDade, Affiant

ATTACHMENT A

RULES AS TO INDICTMENT APPLY TO INFORMATION. The rules with respect to allegations in an indictment and the certainty required apply also to an information.

WHAT SHOULD BE STATED. Everything should be stated in an indictment which is necessary to be proved.

CERTAIN FORMS OF INDICTMENTS. The following form of indictments is sufficient:

"In the name and by authority of the people of Texas: The grand jury of ............ County, people of Texas, duly organized at the ............ term, A.D. ............., of the district court of said county, in said court at said term, do present that ............ (defendant) on the .......... day of ............A.D. ............., in said county and State, did ............ (description of offense) against the peace and dignity of the people.

............, Foreman of the grand jury."


OBJECTION TO USE OF PRIVATE LAW: The use of unpublished cases shall not be used. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. Such references cannot therefore be meaningful without a full copy of the opinion for each "WL" or "Lexis" reference available and accessible to all parties.


If any claim, statement, fact, or portion in this action is held inapplicable or not valid, such decision does not affect the validity of any other portion of this action.


The singular includes the plural and the plural the singular.

The present tense includes the past and future tenses; and the future the present, and the past the present.

The masculine gender includes the feminine and neuter.

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

SHALL DRAW COMPLAINTS. Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

WHEN COMPLAINT IS MADE. If the offense be a misdemeanor, the attorney shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction; an information must be filed in each misdemeanor case. If the offense be a felony, he shall forthwith file the complaint with a magistrate of the county.

COMPLAINT. (a) For purposes of this action, a complaint is a sworn allegation charging the accused with the commission of an offense.(b) A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint.

"(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. *The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.*" (Amended Aug. 11, 1891, and Nov. 5, 1985.)[emphasis added] [Texas Constitution, Article 5, Section 12]

"INFORMATION". An "Information" is a written statement filed and presented in behalf of the people of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

REQUISITES OF AN INFORMATION. An information is sufficient if it has the following requisites: 1. It shall commence, "In the name and by authority of the people of Texas"; 2. That it appear to have been presented in a court having jurisdiction of the offense set forth; 3. That it appear to have been presented by the proper officer; 4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him; 5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed; 6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation; 7. That the offense be set forth in plain and intelligible words; 8. That it conclude, "Against the peace and dignity of the people of the State"; and 9. It must be signed by the district or county attorney, officially.

INFORMATION BASED UPON COMPLAINT. No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words "force and arms" or "contrary to the form of the statute" necessary.

CONTEMPT OF COURT. (b) The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.

BY AGREEMENT. A criminal action may be continued by consent of the parties thereto, in open court, at any time on a showing of good cause, but a continuance may be only for as long as is necessary.

FOR SUFFICIENT CAUSE SHOWN. A criminal action may be continued on the written motion upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary.

MOTION SWORN TO. All motions for continuance must be sworn to by a *person* having personal knowledge of the facts relied on for the continuance.

CONTROVERTING MOTION. Any material fact stated, affecting diligence, in a motion for a continuance, may be denied in writing by the adverse party. The denial shall be supported by the oath of some credible *person*, and filed as soon as practicable after the filing of such motion.

WHEN DENIAL IS FILED. When such denial is filed, the issue shall be tried by the judge; and he shall hear testimony by affidavits, and grant or refuse continuance, according to the law and facts of the case.

ARGUMENT. No argument shall be heard on a motion for a continuance, unless requested by the judge; and when argument is heard, the applicant shall have the right to open and conclude it.

WRITTEN PLEADINGS. All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing.

----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

OFFICER EXECUTING WARRANT. The same power may be exercised by the officer executing the warrant in cases arising under the foregoing Articles as is exercised in the execution of warrants of arrest.

CONSTRUCTIVE CUSTODY. The words "confined", "imprisoned", "in custody", "confinement", "imprisonment", refer not only to the actual, corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits. [Tex. CCP Chap11Art. 11.21, 22, 23] [Ex parte Canada, 754 S.W.2d 660,666 (Tex.Crim.App.1988)] [Ex parte Robinson, 641S. W.2d 552,553] (In re Petersen (1958) 51 Cal2d 177, 181, 331 P2d 24).

RESTRAINT. By "restraint" is meant the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right.

SCOPE OF WRIT. The writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law.

WHO MAY SERVE WRIT. The service of the writ may be made by any one competent to testify.

INDICTMENT

CERTAINTY; WHAT SUFFICIENT. An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of

----------------------------------------------------------------

CONSTRUCTION. Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the *people* seeking relief under it

FILING FEE PROHIBITED. Notwithstanding any other law, a clerk of a court may not require a filing fee from an individual who files an application or petition for a writ of habeas corpus.

RETURNABLE TO ANY COUNTY. Before indictment found, the writ may be made returnable to any county in the State.

WHO MAY PRESENT PETITION. Either the party for whose relief the writ is intended, or any *people* for him, may present a petition to the proper authority for the purpose of obtaining relief.

WRIT GRANTED WITHOUT DELAY. The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

MAY ARREST DETAINER. Where it appears by the proof offered, under circumstances mentioned in the preceding Article, that the person charged with having illegal custody of the prisoner is, by such act, guilty of an offense against the law, the judge may, in the warrant, order that he be arrested and brought before him; and upon examination, he may be committed, discharged, or held to bail, as the law and the nature of the case may require.

PROCEEDINGS UNDER THE WARRANT. The officer charged with the execution of the warrant shall bring the persons therein mentioned before the judge or court issuing the same, who shall inquire into the cause of the imprisonment or restraint, and make an order thereon, as in cases of habeas corpus, either remanding into custody, discharging or admitting to bail the party so imprisoned or restrained.

------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

. "A conviction under an unconstitutional law is...illegal and void and cannot be a legal cause of imprisonment; the courts must liberate a person imprisoned under it...one imprisoned...may be discharged by the writ of 'Habeas Corpus'." (16 Am Jur Sec 150)

Availability of writ. Writ of habeas corpus is available to allow presentation of questions of law that cannot otherwise be reviewed, or that are so important as to render ordinary procedure inadequate and justify extraordinary remedy.

Writ available to defendant admitted to bail. Writ of habeas corpus is available to defendant admitted to bail for purpose of challenging probable cause to hold him for trial, because defendant was in constructive custody by reason of bail and was subject to restraint.

Constructive Custody. The availability of the writ of habeas corpus does not depend on the actual detention of petitioner in prison. It is also available where petitioner is constructively in custody and subject to restraint. [Ex parte Robinson, 641S. W.2d 552,553] (In re Petersen (1958) 51 Cal2d 177, 181, 331 P2d 24).

WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any *people* is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a *people* in his custody, or under his restraint, commanding him to produce such *people*, at a time and place named in the writ, and show why he is held in custody or under restraint.

TO WHOM DIRECTED. It is addressed to a *person* having another under restraint, or in his custody, describing, as near as may be, the name of the office, if any, of the *person* to whom it is directed, and the name of the *people* said to be detained. It shall fix the time and place of return, and be signed by the judge, or by the clerk with his seal, where issued by a court.

WANT OF FORM. The writ of habeas corpus is not invalid, nor shall it be disobeyed for any want of form, if it substantially appear that it is issued by competent authority, and the writ sufficiently show the object of its issuance.

----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

ISSUANCE OF WRIT; RETURN; HEARING; DECISION [28 USC Sec. 2243]

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. [28 USC Sec. 2242]

HABEAS CORPUS. The writ of habeas corpus is a writ of right and shall never be suspended. [Habeas Corpus Act 1640] [Tex. Const.Art. 1 Sec.12]

Every person unlawfully committed, detained, confined or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint. The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual. [The Texas Constitution Art. 1. Bill of Rights Sec. 12.] [Ex parte Rich, 194 S. W.3d 508,510], [Ex parte Robinson, 641 S. W.2d 552, 553]

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

The Jury has "an unreviewable and irreversible power...to acquit in disregard of the instructions of the law given by the trial judge. [U.S. v. Dougherty, 473 F 2d 1113, 1139 (1972)]

"The common law right of the jury to determine the law as well as the facts remains unimpaired. [State v. Croteau, 23 Vt 14, 54 AM DEC 90 (1849)]

PUBLIC TRIAL. The proceedings and trials in all courts shall be public.

CONFRONTED BY WITNESSES. The defendant, upon a trial, shall be confronted with the witnesses, except where depositions have been taken

## HABEAS CORPUS

(c) The writ of habeas corpus shall not extend to a prisoner unless -

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

APPLICATION FOR WRIT [28 USC Sec. 2242]

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.

It may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

A court shall presume that a pleading, motion, or other paper is filed *in good faith.* Sanctions under this article may not be imposed except for good cause stated in the sanction order.

RIGHT TO BAIL. All prisoners shall be bailable unless for capital offenses when the proof is evident. This provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

CRUELTY FORBIDDEN. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

RIGHT TO JURY. The right of trial by jury of twelve persons shall remain inviolate.

"As understood at common law and as used in constitutional provision, jury imports a body of twelve men." [State v. Dalton, 206 N.C. 507, 174 S.E. 422, 424; People ex rel. Cooley v. Wilder, 255 N.Y.S. 218, 222, 234 App. Div. 256; Hall v. Brown, 129 Kan. 859, 284 P. 396.]

JURY NULLIFICATION

"The jury has an unalienable right to judge both the law as well as the fact in controversy."
[John Jay, 1st Chief Justice United States Supreme Court, 1789]

"The jury has the right to determine both the law and the facts."
[Samuel Chase, Justice US Supreme Court, 1796 Signer of the unanimous Declaration]

"The jury has the power to bring a verdict in the teeth of both law and fact."
[Oliver Wendell Holmes, Justice
US Supreme Court, 1902]

. "the jury...acts not only as a safeguard against judicial excesses, but also as a barrier to legislative and executive oppression. The Supreme Court... recognizes that the jury...is designed to protect Defendants against oppressive governmental practices. [United States ex rel Toth v. Quarles, 350 US 11, 16 (1955)]

--------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

**Action for neglect to prevent**:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein,... [42 USC 1986]

**WILLFULNESS**

**Claimant must produce evidence regarding "willfulness".**

*WILLFULNESS*: an evil motive or intent to avoid a known duty or tax under the law with a moral certainty. (U.S. v. Bishop, 412 US 34)

"Element of *willfulness* involves a specific wrongful intent, namely, actual knowledge of existence of legal obligation and intent to evade that obligation."
U.S. v. Thompson, 230 F.Supp. 530, 338 F.2d 997 (D.C.Conn. 1964).

RIGHTS OF ACCUSED. In all criminal prosecutions the accused shall have a speedy public *trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him*, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor.

RIGHT TO REPRESENTATION BY COUNSEL. (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death. [18, USC 242]

**Civil action for *deprivation of rights*:**
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. [42 USC 1983]

**Conspiracy to interfere with civil rights:**
Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. [42 USC 1985(3)]

----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

"Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms. [Smith v. U.S. 502 F 2d 512 CA Tex. (1974) ]

"Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law."
*Owen v. Independence*, 100 S.C.R. 1398, 445 US 622

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." *Wuest v. Wuest,* 127 P2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v. Hunter, C.A. Kansas* 170 F2d 739.

State officers may be held personally liable for damages under 1983 based upon actions taken in their official capacities. Pp. 3-10. HAFER v. MELO, 502 U.S. 21 (1991) 502 U.S. 21

**Conspiracy against rights**:
If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. [*18, USC 241*]

**Deprivation of rights under color of law**:
Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or

------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

sheriffs, and prosecutors, and it is the primary distinction between democratic and totalitarian processes. [STANDLER - Supreme Court of Florida en banc, 36 so 2d 443, 445(1948)]

"Courts, (must) indulge every reasonable presumption against waiver of fundamental constitutional rights, and...not presume acquiescence in the loss of fundamental rights." Dimmock v. Scalded, 293 US 474(1935) 304 US at 464

"Government immunity violates the common law maxim that everyone shall have remedy for an injury done to his person or property." Fireman's Ins. Co. of Newark, N.J. v. Washburn County, 2 Wis 2d 214, 85 N.W. 2d 840(1957)

. "Judges may be punished criminally for willful deprivation of...rights on the strength of 18 usc 242." Imbler v. Pachtman, US 47 L Ed 2d 128, 96 S Ct 37. "Judges have no immunity from prosecution for their judicial acts." Bradley v. Fisher, US 13 Wall 335(1871)

"Judicial immunity is no defense to a judge acting in the clear absence of jurisdiction." Bradley v. Fisher, US 13 Wall 335 (1871)

"Immunity fosters neglect and breeds irresponsibility, while liability promotes care and caution, which caution and care is owed by the government to its people." Rabon v. Rowen Memorial Hosp., Inc., 269 NS 1, 13, 152 SE 1d 485, 493(1967) 40.

"Actions by state officers and employees, even if unauthorized or in excess of authority, can be actions under 'color of law'." Stringer v. Dilger, CA 10 Colo 313 F 2d 536(1963)

"Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." [Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603 (1966)]

"No state shall convert a liberty into a license, and charge a fee therefore."
   *Murdock v. Pennsylvania*, 319 U.S. 105

"The claim and exercise of a Constitutional right cannot be converted into a crime"... "a denial of them would be a denial of due process of law".
   *Simmons v. United States*, 390 U.S. 377 (1968)

"Statutes that violate the plain and obvious principles of common right and common reason are null and void."
   *Bennett v. Boggs*, 1 Baldw 60

-----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

# COLOR OF LAW

*COLOR OF LAW* means "The appearance or semblance, without the substance, of legal right. Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state is action taken under 'color of law.'"
    *Atkins v. Lanning. D.C.Okl.*, 415 F. Supp. 186, 188.

. "To maintain an action under (42 USC) 1983, it is not necessary to allege or prove that the defendants intended to deprive Plaintiff of his Constitutional rights or that they acted willfully, purposely, or in furtherance of a conspiracy... it is sufficient to establish that the deprivation... was the natural consequences of Defendants acting under the color of law..." Ethridge v Rhodos, DC Ohio 268 F Sup 83(1967), Whirl v. Kern, CA 5 Texas 407 F 2d 781 (1968) Ury v. Santee, DC Ill,(1969)

An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never passed." *Norton vs Shelby County*, 118 US 425

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice.
    *Davis v. Wechsler*, 263 US 22, 24.

The Transportation codes applied under Color of Law are a violation of Creator-given, unalienable rights of the people at natural law, common law,  and the Constitutionally-protected rights under the first, fourth, fifth, sixth, ninth and tenth amendments.

Traffic citations are "Bills of Attainder"/ "Bills of Pains and Penalties; and are in violation of Both the Constitution of the United States and the Texas Constitution respectively. *U. S. Const.* Art. 1 Sec 9 / *Texas Const.* Art. Sec. 16.

Transportation Code (TTC) regulates *commercial use of the road only*. It does not apply to people travelling in their private capacity exercising their Right to Travel freely and unencumbered. Therefore, there is no subject matter jurisdiction.  The Constitution does not authorize the State to regulate, and thereby constrain and limit, the people's right to travel in their private (i.e. non-commercial) capacities.

## DEPRIVATION OF RIGHTS

"The Bill of Rights was provided as a BARRIER, to protect, the individual against the arbitrary extractions of the majorities, executives, legislatures, courts,

--------------------------------------------------------

# JURISDICTION

"Once *jurisdiction is challenged, the court cannot proceed* when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"While acts of a de facto incumbent of an office lawfully created by law and existing are often held to be binding from reasons of public policy, the acts of a person assuming to fill and perform the duties of an office which does not exist de jure can have no validity whatever in law. "*Jurisdiction, once challenged, cannot be assumed and must be decided.*" Maine v. Thiboutot, 100 S.C.R.. 2502

Under federal Law, which is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers." *Basso v. UPL*, 495 F. 2d 906 *Brook v. Yawkey*, 200 F. 2d 633 *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

"One purpose of [TRCP 13] is to check abuses in the pleading process; that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable …. Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather, 'it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.'" *Appleton v. Appleton,* 76 S.W.3d 78, 86-87 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Agency, or party sitting for the agency, (which would be the magistrate of a municipal court) has no authority to enforce as to any licensee unless he is acting for compensation. Such an act is highly penal in nature, and should not be construed to include anything which is not embraced within its terms. (Where) there is no charge within a complaint that the accused was employed for compensation to do the act complained of, or that the act constituted part of a contract." Schomig v. Kaiser, 189 Cal 596.

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

# NO STANDING

Claimant must produce injured party who has claimed palpable harm.

> Maxim* of Law: *For there to be a crime, there must be an injured party. An action is not given to one who is not injured.*

*An established principle or proposition. A principle of law universally admitted, as being just and consonant with reason. (Bouvier's Law Dictionary, 1856)

Claimant must produce evidence regarding substance.

> Standing, a necessary component of subject-matter jurisdiction, is a *constitutional prerequisite* to maintaining a suit under Texas law. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). As a necessary component of a court's subject-matter jurisdiction, standing cannot be waived and can be raised for the first time on appeal. Id. at 445-46.

## Standing

The *Constitution requires standing to maintain suit.* Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001).

In Texas, the standing doctrine requires that (1) there be "a real controversy between the parties," and (2) that real controversy "will be actually determined by the judicial declaration sought." Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996) (quoting Tex. Air Control Bd., 852 S.W.2d at 446).

*"The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome."* Austin Nursing Ctr. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1559, 441 (2d ed. 1990)).

*"The determination of whether a plaintiff possesses standing to assert a particular claim depends on the facts pleaded* and the cause of action asserted." Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 853 (Tex. App.-Fort Worth 2005, no pet.). See also M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 707-08 (Tex. 2001) (analyzing standing in the context of asserted claim).

*The plaintiff/counterdefendant must allege and show how he has been injured or wronged* within the parameters Daimler Chrysler Corporation, v. Bill Inman et al 03118905

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

*People v. Nothaus*, 147 Colo. 210.

"Owners and operators of automobiles have the same right to use the streets and highways that owners and operators of other vehicles possess, and all alike must exercise reasonable care and caution for the safety of others."

   *Farnsworth v. Tampa Electric Co.*, 62 Fla. 166, 57 So. 233. (2 Fla Dig, Highways, 10.)

"Power conferred upon municipalities to regulate the use of the streets by motor vehicles does not include power to prohibit the use of the streets by them." ... "regulation is inconsistent with prohibition or exclusion."

   *Chicago Motor Coach Company et al. v. Chicago*, hn. 6, 66 A.L.R. 834, 337 Ill. 200, 169 N. E. 22.) (66 A.L.R. 838).

"The streets and highways belong to the public, for the use of the public in the ordinary and customary manner."

   *Hadfield v. Lundin*, L.R.A.1918B, 909, 98 Wash. 657, 168 Pac. 516. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"The title to the streets being in the city as trustee for the public, no grant or permission can be legally given which will interfere with their public use. The right of the public to the use of the streets is absolute and paramount to any other."

   *Lincoln Safe Deposit Co. v. New York*, L.R.A. 1915F, 1009, 210 N. Y. 34, 103 N. E. 768. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"A traveler lawfully using a public highway has the same rights to enjoy such use undisturbed as if he were the owner in fee simple."

   *Smethurst v. Independent Cong. Church*, 2 L.R.A. 695, 148 Mass. 261, 19 N. E. 387. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"Any and all of the public have an equal right to the reasonable use of a highway."

   *Harold v. Jones*, 3 L.R.A. 406, 86 Ala. 274, 5 So. 438. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"All persons have equal right to use the public streets and highways for purposes of travel by proper means, with due regard to the corresponding rights of others."

   *Butler v. Cabe*, L.R.A.1915C, 702, 116 Ark. 26, 171 S. W. 1190. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"A public street in a city is a public highway and its uses belong to the public generally and it cannot be said that such uses are limited to the municipality or to its Citizens alone."

   *Alabama Western R. Co. v. State ex rel. Garber*, 19 L.R.A. (N.S.) 1173, 155 Ala. 491, 46 So. 468. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

**NO INJURED PARTY**

------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

omnibus. The former is the usual and ordinary right of a citizen, a common right, a right common to all, while the latter is special, unusual, and extraordinary. As to the former, the extent of legislative power is that of regulation; but, as to the latter, its power is broader. The right may be wholly denied, or it may be permitted to some and denied to others, because of its extraordinary nature."

  *State v. Quigg, hn.* 7, 114 So. 859.

"A distinction must be observed between the regulation of an activity which may be engaged in as a matter of right, and one carried on by government sufferance or permission, since in the latter case the power to exclude altogether generally includes the lesser power to impose conditions, and may justify a degree of regulation not admissible in the former."

  *Packard v. Banton, hn.* 8, 264 U. S. 140, 44 Sup.Ct. 257.

"The public roads, free from any obstructions to travel, are solely, and from fence to fence, for the use of the traveling public."

  *Lebanon Light, Heat & P. Co. v. Leap,* 29 L.R.A. 342, 139 Ind. 443, 39 N. E. 57. (L.R.A.
  Digest 1888-1918, Highways and Streets, 67.)

"The right to travel is a well-established common right that does not owe its existence to the federal government. It is recognized by the courts as a natural right."

  *Schactman v. Dulles* 96 App DC 287, 225 F2d 938, at 941.

"Generally "public road" is road used by public as matter of right."

  *Atchison Transportation & Shipping F. Ry. Co. v. Acosta,* (Civ. App. 1968) 435
  S.W.2d 539 ref. n.r.e. (Vernon's Civil Statutes of State of Texas Annotated p. 119
  Note 9)

"Citizen's Right to travel upon public highways includes Right to use usual conveyances of time, including horse-drawn carriage, or automobile, for ordinary purposes of life and business."

  ...

"The Right of the Citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a Common Right which he has under the Right to life, liberty, and the pursuit of happiness."

  *Thompson v. Smith (Chief of Police),* 154 S.E. 579, 580.

"I am not particularly interested about the rights of haulers by contract, or otherwise, but I am deeply interested in the Right of the public to use the public highways freely for all lawful purposes."

  -- Chief Justice Tolman, Washington Supreme Court
  *Robertson v. Department of Public Works,* 180 Wash. 133 at 139.

"Every Citizen has an unalienable Right to make use of the public highways of the state; every Citizen has <u>full freedom</u> to travel from place to place in the enjoyment of life and liberty."

------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."
*Miranda v. Arizona,* 384 US 436, 491.

"If a law has no other purpose than to chill assertions of Constitutional rights by penalizing those who choose to exercise them it is patently unconstitutional."
*Shapiro vs Thompson* 394 US 618

There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. *Sherer v. Cullen,* 481 F 946.

"If the state converts a liberty into a privilege the citizen can engage in the right with impunity,."
*Shuttlesworth vs. Birmingham,* 373 US Report 262

"The right to travel is a part of the liberty of which the Citizen cannot be deprived without due process of law under the Fifth Amendment."
*Kent v. Dulles,* 357 US 116, 125.

"The use of the highway for the purpose of travel and transportation is not a mere privilege, but a common fundamental right of which the public and individuals cannot rightfully be deprived."
*Chicago Motor Coach v. Chicago,* 169 NE 221.

"All persons, in the absence of legislative edict, are vested with the right to the use of the streets and highways for travel from one place to another in connection with their business, when such use is incidental to that business. This is an ordinary use of the streets and highways, and is frequently characterized as an inherent or natural right."

         ...          [the court then goes on to say]

"Even the legislature has no power to deny a Citizen the right to travel upon the highway and transport his property in the ordinary course of his business or pleasure, though this right may be regulated in accordance with the public interest and convenience."
[Regulated as used here means the use of traffic signs and signals, not mandatory licensing, registration, or other such "regulation".
*Chicago Motor Coach Company et al. v. Chicago,* 66 A.L.R. 834,838, 337 Ill. 200, 169 N. E. 22

"The right of the Citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a common law right which he has under the right to life, liberty, and the pursuit of happiness."
*Thompson v. Smith,* 154 SE 579.

"The right of a citizen to travel upon the highway and transport his property thereon, in the ordinary course of life and business, differs radically and obviously from that of one who makes the highways his place of business and uses it for private gain, in the running of a stagecoach or

Page 18 of 36

-------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

form of law, and if this sort of trial is not accorded him he has the right to complain, and to this complaint we will always give an attentive ear."

Parker v. State, 745 S.W.2d 934, 937 (Tex.App.—Houston [1st Dist.] 1988, pet. Ref'd)


The enumeration of certain rights within the provisions of the Bill of Rights in Article 1, Texas Const., makes it axiomatic that "*A court cannot enact a procedural rule which conflicts with a constitutional provision.*" *Reese v. State, ibid.*

"The court is to protect against any encroachment of constitutionally secured liberty."
Boyd vs. US, 116 US 616.

No person...nor shall be compelled in any criminal case to be a witness against himself, nor be *deprived of life, liberty, or property, without due process of law*; nor shall private property be taken for public use without just compensation.


## RIGHTS OF TRAVEL


In England in 1215, the right of life, liberty, property, and the express right of travel were enshrined in Article 42 of *Magna Carta* to ensure that King John knew without qualification where the authority to prevent the exercise of those rights was to be constrained:

> "It shall be lawful to any person, for the future, to go out of our kingdom, and to return, safely and securely, by land or by water, saving his allegiance to us, unless it be in time of war, for some short space, for the common good of the kingdom: excepting prisoners and outlaws, according to the laws of the land, and of the people of the nation at war against us, and Merchants who shall be treated as it is said above."

This right was carried forward in the Constitution for the United States within the Bill of Rights.

This Court long ago recognized that the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement. It suffices that, as MR. JUSTICE STEWART said for the Court in United States v. Guest, 383 U.S. 745 (1966)]

"The claim and exercise of a Constitutional right cannot be converted into a crime"...
"a denial of them would be a denial of due process of law".
   *Simmons v. United States*, 390 U.S. 377 (1968)

"No state shall convert a liberty into a license, and charge a fee therefore."
   *Murdock v. Pennsylvania*, 319 U.S. 105

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Sec. 6. FREEDOM OF WORSHIP. ….. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion,…

## RIGHTS OF PROPERTY

**1866 constitution**
SEC. 20. The rights of property and of action, which have been acquired under the Constitution and laws of the Republic of Texas, shall not be divested; nor shall any rights or actions, which have been divested, barred, or declared null and void, by the Constitution and laws of the Republic of Texas, be reinvested, revived, or reinstated, by this Constitution; but the same shall remain precisely in the situation which they were before the adoption of this Constitution.

Art. 1 Sec. 9. Searches and Seizures. The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

"Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." Byars v. U.S., 273 U.S. 28.

## RIGHT OF DUE PROCESS

Specifically the rights of due process in the fourth, fifth, sixth and seventh amendments. Constitution for the United States of America

People of Texas have unalienable rights. The Texas Const. enumerates only a select few of the people's unalienable rights and does nothing to affect or take away those rights not enumerated, nor could it and/or does it allow for any department of government, or its various officers and agencies, to do so. Similarly, The Texas Const. specifically grants certain procedural rights, and the courts of this State may not act in any manner or with the intended purpose of depriving the people of those rights or the procedures implemented to protect them:

"No one, under any circumstances, should be deprived of any right given him by the laws of this state, and, if any provision of our [CCP] has been overlooked or disregarded, if, in the remotest degree, it could have been hurtful or harmful to the person on trial, the verdict should be set aside. He has a right to be tried in accordance with the rules and

-----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

"Do unto others as you would you have them do unto you." Matt. 7.12

# RIGHTS

"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the pursuit of Happiness."
*Declaration of Independence of the United States* Amendment IX

Specifically but not limited to, the rights to due process in the fourth, fifth, and sixth Amendments. The Constitution of the United States of America.

The state cannot diminish rights of the people. *Hertado v. California*, 100 US 516.

No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution." *Downs v. Bidwell*, 182 U.S. 244 (1901)

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. Davis v. Wechsler, 263 US 22, 24.

## Rights Secured By the Texas Constitution

Including but not limited to the following:

**Bill of Rights**

Sec. 2. Inherent Political Power; Republican Form of Government.
*All political power is inherent in the people,* and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.

Sec. 3. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

Sec. 4. RELIGIOUS TESTS. No religious test shall ever be required as a qualification to any office, or public trust, in this State; nor shall anyone be excluded from holding office on account of his religious sentiments, *provided he acknowledge the existence of a Supreme Being.*

------------------------------------------------------------

"To be that statute which would deprive a citizen of the Rights of person or property without a regular trial, according to the course and usage of common law, would not be the law of the land."

*[Hoke v. Henderson,* 15 N.C. 15, 25 AM. Dec. 677]


The legislature cannot condemn a particular act as an indictable offense, and then empower the courts in the prosecution of such an offense, to substitute in the indictment and proof, an altogether different act, not prohibited. *Nor can it dispense with the essential allegations and proofs, even in offenses mala prohibita."*
[Hewitt v. State (1860) 25 T. 722] [State v. Wilburn (1860) 25 T. 738] [State v. Duke (1875) 42 T. 455] [ Williams v. State (1882) 12 Cr.R. 395] [ Huntsman v. State (1882) 12 Cr]


Under rules of common law procedure, acquiescence to stipulations of fact and law set forth in attending fact, claim and/or complaint affidavits, along with conclusions of law included or incorporated by reference in conditional acceptance, protest and/or rebuttal documents, will have the effect of a common law Retraxit* by Tacit Procuration**, whether for purposes of administrative or judicial due process remedies. In the event of acquiescence, stipulations secured by tacit procuration may constitute the basis for counter-claims and other appropriate remedies.

*The act by which a Plaintiff withdraws his suit; (Bouvier's 1856)

**implied power of attorney


Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings.

Therefore, you are hereby provided notice that as a precaution, I am invoking the Saving to Suitors Clause (28 U.S.C. § 1333(1)) in order to secure and proceed in the course of the common law in the event that there is controversy within special maritime and territorial jurisdiction of the United States.


## CREATOR'S LAW

### TORAH


"You shall not steal." Ex. 20.15

"You shall not give false testimony against your neighbor." Ex. 20.16

"You shall not covet your neighbor's house. You shall not covet your neighbor's wife, or his male or female servant, his ox or donkey, or anything that belongs to your neighbor." Exodos 20. 17

-------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, *shall have remedy by due course of law*. [Tex. Const. Art.1 Sec. 13.]

Tex. Const. Art.1 Sec. 19. DEPRIVATION OF LIFE, LIBERTY, ETC.; *DUE COURSE OF LAW*. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, *except by the due course of the law of the land*.

"*the common law is the real law, the Supreme Law of the land,
the code, rules, regulations, policy and statutes are "not the law"* - [Self v. Rhay, 61 Wn (2d) 261]),

.
"Law of the Land" means "The Common Law."
Taylor V. Porter, 4 Hill. 140, 146 (1843)  See also the oft quoted by the Supreme court, Wynehamer v. People, 13 N.Y. 378 (1856)

"By the 'law of the land' is most clearly intended the general law [common law]; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. It means that every Citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society. *Everything which passes under the form of an enactment is not, therefore, to be considered the law of the land*. See the meaning of the term "law of the land" fully discussed. [Huntsman v. State, 12 Cr.R. 619]

"due course of law...is synonymous with 'due process of law' or 'law of the land'"... Kansas Pac. Ry. Co. v. Dunmeyer, 19 Kan 542 (See also Davidson v. New Orelans, 96 US 97, 24, L Ed 616).

"Law of the land," "due course of law," and "due process of law" are synonymous." -- People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71 R.I. 284, 43 A.2d 323, 326; Direct Plumbing Supply Co. v. City of Dayton, 138 Ohio St. 540, 38 N.E.2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531

"Common Law as distinguished from law created by the enactment of legislatures, the common law comprises the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from usages and customs of immemorial antiquity, or from the judgments and decrees of the courts recognizing, affirming, and enforcing such usages and customs; and, in this sense, particularly the ancient unwritten law of England." -- 1 Kent, Comm. 492. Western Union Tel. Co. v. Call Pub. Co., 21 S.Ct. 561, 181 U.S. 92, 45 L.Ed. 765; Barry v. Port Jervis, 72 N.Y.S. 104, 64 App. Div. 268; U. S. v. Miller, D.C.Wash., 236 F. 798, 800.

------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

The Fifth, and Seventh Amendments to the Constitution of the United States of America secures due process in the course of the common law to the American people, which necessarily includes the right to trial by jury. See Wayman v. Southard, 23 U.S. 1, 6 L.Ed. 253, 10 Wheat 1 (1825).

*This Constitution, and the Laws of the United States* which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be *the supreme Law of the Land*; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

It is also not entirely unworthy of observation, that in declaring what shall be the supreme law of the land, the constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the constitution, have that rank. "The Constitution is superior to any ordinary act of the legislature; the Constitution and not such ordinary act, must govern the case to which they both apply. "All laws which are repugnant to the Constitution are null and void." [Marbury v. Madison, 5 US 137, 176 (U.S.Supreme Ct)]

"It cannot be assumed that the framers of the Constitution and the people who adopted it, did not intend that which is the plain import of the language used. When the language of the Constitution is positive and free of all ambiguity, all courts are not at liberty, by a resort to the refinements of legal learning, to restrict its obvious meaning to avoid the hardships of particular cases. We must accept the Constitution as it reads when its language is unambiguous, for it is the mandate of the Sovereign power." Cooke v. Iverson, 122, N.W. 251.

"Where the meaning of the Constitution is clear and unambiguous, there can be no resort to construction to attribute to the founders a purpose or intent not manifest in its letter." Norris v. Baltimore, 172, MD 667; 192 A 531.0.

"Where rights secured by the Constitution are involved, there can be no rule in making or legislation which would abrogate them." Miranda v. Arizona, (U.S. Supreme Ct) 380 US 436(1966)

"Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms." Smith v. U.S. 502 F 2d 512 CA Tex(1974)

"We find it intolerable that one Constitutional right should have to be surrendered in order to assert another." Simmons v. U. S., 390, US 389(1968)

EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; *REMEDY BY DUE COURSE OF LAW.* Excessive bail shall not be required, nor excessive fines imposed, nor cruel

------------------------------------------------------------

until amends shall have been made according to their judgment. Saving the persons of ourselves, our queen and our children. And when amends shall have been made they shall be in accord with us as they had been previously. And whoever of the land wishes to do so, shall swear that in carrying out all the aforesaid measures he will obey the mandates of the aforesaid twenty five barons, and that, with them, he will oppress us to the extent of his power. And, to any one who wishes to do so, we publicly and freely give permission to swear; and we will never prevent any one from swearing. Moreover, all those in the land who shall be unwilling, themselves and of their own accord, to swear to the *twenty five barons* as to distraining and oppressing us with them: such ones we shall make to swear by our mandate, as has been said. And if any one of the twenty five barons shall die, or leave the country, or in any other way be prevented from carrying out the aforesaid measures,--the remainder of the aforesaid twenty five barons shall choose another in his place, according to their judgment, who shall be sworn in the same way as the others. Moreover, in all things entrusted to those twenty five barons to be carried out, if those twenty five shall be present and chance to disagree among themselves with regard to some matter, or if some of them, having been summoned, shall be unwilling or unable to be present: that which the majority of those present shall decide or decree shall be considered binding and valid, just as if all the twenty five had consented to it. And the aforesaid twenty five shall swear that they will faithfully observe all the foregoing, and will cause them to be observed to the extent of their power. And we shall obtain nothing from any one, either through ourselves or through another, by which any of those concessions and liberties may be revoked or diminished. And if any such thing shall have been obtained, it shall be vain and invalid, and we shall never make use of it either through ourselves or through another.

**63**. Wherefore we will and firmly decree that the English church shall be free, and that the subjects of our realm shall have and hold all the aforesaid liberties, rights and concessions, duly and in peace, freely and quietly, fully and entirely, for themselves and their heirs, from us and our heirs, in all matters and in all places, forever, as has been said. *Moreover it has been sworn, on our part as well as on the part of the barons, that all these above mentioned provisions shall be observed with good faith and without evil intent.*

--------------------------------------------------------------

if, by chance, we desist from our pilgrimage, we shall straightway then show full justice regarding them.

55. *All fines imposed by us unjustly and contrary to the law of the land, and all amerciaments made unjustly and contrary to the law of the land, shall be altogether remitted, or it shall be done with regard to them according to the judgment of the twenty five barons mentioned below as sureties for the peace, or according to the judgment of the majority of them together with the aforesaid* Stephen archbishop of Canterbury, if he can be present, and with others whom he may wish to associate with himself for this purpose. And if he can not be present, the affair shall nevertheless proceed without him; in such way that, if one or more of the said twenty five barons shall be concerned in a similar complaint, they shall be removed as to this particular decision, and in their place, for this purpose alone, others shall be substituted who shall be chosen and sworn by the remainder of those twenty five.

**61**. Inasmuch as for the sake of El, and for the bettering of our realm, and for the more ready healing of the discord which has arisen between us and our barons, we have made all these aforesaid concessions,--wishing them to enjoy for ever entire and firm stability, we make and grant to them the following security: that the barons, namely, may elect at their pleasure *twenty five barons from the realm,* who ought, with all their strength, to observe, maintain and cause to be observed, the peace and privileges which we have granted to them and confirmed by this our present charter in such wise, namely, that if we, our justice, or our bailiffs, or any one of our servants shall have transgressed against any one in any respect, or shall have broken some one of the articles of peace or security, and our transgression shall have been shown to four barons of the aforesaid twenty five: those four barons shall come to us, or, if we are abroad, to our justice, showing to us our error; and they shall ask us to cause that error to be amended without delay. And if we do not amend that error, or, we being abroad, if our justice do not amend it within a term of forty days from the time when it was shown to us or, we being abroad, to our justice: the aforesaid four barons shall refer the matter to the remainder of the *twenty five barons*, and those twenty five barons, with the whole land in common, shall distrain and oppress us in every way in their power,--namely, by taking our castles, lands and possessions, and in every other way that they can,

Page 10 of 36

------------------------------------------------

well by land as by water, for the purpose of buying and selling, free from all evil taxes, subject to the ancient and right customs--save in time of war, and if they are of the land at war against us. And if such be found in our land at the beginning of the war, they shall be held, without harm to their bodies and goods, until it shall be known to us or our chief justice how the merchants of our land are to be treated who shall, at that time, be found in the land at war against us. And if ours shall be safe there, the others shall be safe in our land.

42. *Henceforth any person, saving fealty to us, may go out of our realm and return to it, safely and securely, by land and by water, except perhaps for a brief period in time of war, for the common good of the realm.* But prisoners and outlaws are excepted according to the law of the realm; also people of a land at war against us, and the merchants, with regard to whom shall be done as we have said.

45. *We will not make men justices, constables, sheriffs, or bailiffs, unless they are such as know the law of the realm, and are minded to observe it rightly.*

48. All evil customs concerning forests and warrens, and concerning foresters and warreners, sheriffs and their servants, river banks and their guardians, shall straightway be inquired into in each county, through twelve sworn knights from that county, and shall be eradicated by them, entirely, so that they shall never be renewed, within forty days after the inquest has been made; in such manner that we shall first know about them, or our justice if we be not in England.

52. *If anyone shall have been disseized by us, or removed, without a legal sentence of his peers, from his lands, castles, liberties or lawful right, we shall straightway restore them to him.* And if a dispute shall arise concerning this matter it shall be settled according to the judgment of the twenty-five barons who are mentioned below as sureties for the peace. But with regard to all those things of which any one was, by king Henry our father or king Richard our brother, disseized or dispossessed without legal judgment of his peers, which we have in our hand or which others hold, and for which we ought to give a guarantee: We shall have respite until the common term for crusaders. Except with regard to those concerning which a plea was moved, or an inquest made by our order, before we took the cross. But when we return from our pilgrimage, or

-----------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

**21.** Earls and barons shall not be amerced *save through their peers,* and only according to the measure of the offence.

**24.** *No sheriff, constable, coroners, or other bailiffs of ours shall hold the pleas of our crown.*

**28.** *No constable or other bailiff of ours shall take the corn or other chattels of any one except he straightway give money for them,* or can be allowed a respite in that regard by the will of the seller.

**30.** *No sheriff nor bailiff of ours, nor any one else, shall take the horses or carts of any freeman for transport, unless by the will of that freeman.*

**31.** *Neither we nor our bailiffs shall take another's wood for castles or for other private uses, unless by the will of him to whom the wood belongs.*

**32.** We shall not hold the lands of those convicted of felony longer than a year and a day; and then the lands shall be restored to the lords of the fiefs.

**34.** *Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court.*

36. Henceforth nothing shall be given or taken for a writ of inquest in a matter concerning life or limb; but it shall be conceded gratis, and shall not be denied.

**38.** *No bailiff, on his own simple assertion, shall henceforth put any one to his law, without producing faithful witnesses in evidence.*

**39.** *No freeman shall be taken, or imprisoned, or disseized, or outlawed, or exiled, or in any way harmed--nor will we go upon or send upon him--save by the lawful judgment of his peers or by the law of the land.*

**40.** *To none will we sell, to none deny or delay, right or justice.*

41. All merchants may safely and securely go out of England, and come into England, and delay and pass through England, as

--------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

WHO ARE MAGISTRATES. Each of the following officers is a magistrate within the meaning of this Code: The justices of the Supreme Court ... [Texas Code of Crim. Proc., Art. 2.09]

...that they cause the foresaid charters to be published, and to declare to the people that we have confirmed them in all points; (3) *and that our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law[\*] and* the Charter of the forest, for the wealth of our realm.

[\*] This reaffirms that the Magna Carta may be pleaded as the Common Law before a court.

In the Confirmation's second article, it is confirmed that

if any judgement be given from henceforth contrary to the points of the charters aforesaid by the justices, or by any other our ministers that hold plea before them against the points of the charters, it shall be undone, and holden for nought.[

MAGNA CARTA

1. First of all have granted to EL, and, for us and for our
heirs forever, have confirmed, by this our present charter,
... And thus we will that it be observed. As is apparent from the fact that
we, spontaneously and of our own free will, before discord
broke out between ourselves and our barons, did grant and by
our charter confirm--and did cause the lord pope Innocent III,
to confirm--freedom of elections, which is considered most
important and most necessary to the church of England. *Which
charter both we ourselves shall observe, and we will that it
be observed with good faith by our heirs forever. We have also
granted to all free men of our realm, on the part of ourselves
and our heirs forever, all the subjoined liberties, to have and
to hold, to them and to their heirs, from us and from our
heirs:*

20. A freeman shall only be amerced for a small
offence according to the measure of that offence. And for a
great offence he shall be amerced according to the
magnitude of the offence, saving his contenement; and a
merchant, in the same way, saving his merchandize. And a
villein, in the same way, if he fall under our mercy,
shall be amerced saving his wainnage. *And none of the
aforesaid fines shall be imposed save upon oath of upright men
from the neighbourhood.*

Page 7 of 36

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Article 1. Bill of Rights

Sec. 2. Inherent Political Power; Republican Form of Government. All political power is inherent in the people, and *all free governments are founded on their authority*, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, *they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.*

"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority". [Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)]

"It is not the function of our Government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error."
[American Communications Association v. Douds, 339 U.S. 382, 442 (1950)]

## Notice and Choice of Law

The very meaning of *'sovereignty'* is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047]

A written law is that which is promulgated in writing, and of which a record is in existence.

COMMON LAW GOVERNS. The rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern, the common law drawn from the Magna Carta where applicable.

Confirmatio Cartarum

This document is a bridge between the Constitutional protection of one's access to the common law, and the Magna Carta. The modern value of the following is that it links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law,[U.S. Const. Amend. V, VII] i.e. the Magna Carta.

-------------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

It is the public policy of this state that public agencies exist to aid in the conduct of the people's business....The *people* of this state do not yield their sovereignty to the agencies which serve them. [California Government Code, Section 11120.]

In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business....The people of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.]

## President's Executive Order

(b) The Constitution created a Federal Government of supreme, but limited, powers. The *sovereign powers* not granted to the Federal Government are *reserved to the people* or to the States, unless prohibited to the states by the Constitution.
(d) *The people of the States are at liberty*, subject only to the limitations in the Constitution itself or in Federal law, to define the moral, political, and legal character of their lives.
Executive Order 13083 - Federalism
*May 14, 1998*

Government: Republican Government. One in which the *powers of sovereignty are vested in the people* and are *exercised by the people, either directly*, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; [Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627] [Black's Law Dictionary, Fifth Edition, p. 626]

"Every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowmen without his consent" [CRUDEN v. NEALE 2N.C. (1796) 2 SE 70 CRUDEN v NEALE, 2 N.C. 338 (1796) 2 S.E. 70]

## Limits of Government

THE Conventions of a number of States, having at the time of their adopting the Constitution, expressed a desire, in order to prevent misconstruction or *abuse of its powers* that further declaratory and restrictive clauses should be added [U.S. Congress 1789- Bill of Rights.

Bill of Rights]

Amendment IX. The enumeration in Constitution, of certain rights, shall not be construed to deny or disparage others *retained by the people.*

Amendment X. The *powers not delegated* to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, *or to the people.*

The Texas Constitution

Page 5 of 36

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047

*The sovereignty of the United States resides in the people* and Congress cannot invoke the sovereignty of the people to override their will as declared in the Constitution. P. 294 U. S. 353. Perry v. United States 294 U.S. 330 (1935)

Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but, in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts. And the law is the definition and limitation of power.[ Yick Wo v Hopkins, 118 U.S. 356, 370]

"*'Sovereignty'* means that the decree of sovereign makes law, and foreign courts cannot condemn influences persuading sovereign to make the decree." Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co., 294 N.Y.S. 648, 662, 161 Misc. 903.

The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

A consequence of this prerogative is the legal ubiquity of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.186) His judges are the mirror by which the king's image is reflected. 1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

RESERVATION OF SOVEREIGNTY: "Even if the Tribe's power to tax were derived solely from its power to exclude non-Indians from the reservation, the Tribe has the authority to impose the severance tax. Non-Indians who lawfully enter tribal lands remain subject to a tribe's power to exclude them, which power includes the lesser power to tax or place other conditions on the non-Indian's conduct or continued presence on the reservation. The Tribe's role as commercial partner with petitioners should not be confused with its role as sovereign. It is one thing to find that the Tribe has agreed to sell the right to use the land and take valuable minerals from it, and quite another to find that the Tribe has abandoned its sovereign powers simply because it has not expressly reserved them through a contract. *To presume that a sovereign forever waives the right to exercise one of its powers unless it expressly reserves the right to exercise that power in a commercial agreement turns the concept of sovereignty on its head.* Merrion v. Jicarilla Apache Tribe; Amoco Production Company v. Jicarilla Apache Indian Tribe, 455 U.S. 130, 131, 102 S.Ct. 894, 71 L.Ed.2d 21 (1981)

Bond v. U.S. SCOTUS recognizes personal sovereignty, June 16, 2011

People are supreme, not the state. [Waring vs. the Mayor of Savanah, 60 Georgiaat 93]

-------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

## SOVEREIGNTY

Constitution for the United States of America

Preamble

We the people...*do ordain and establish* this Constitution...

The Texas Constitution

Preamble

Humbly invoking the blessings of Almighty God, the people of the State of Texas, do *ordain and establish this Constitution.*

The Texas Constitution

Article 1. Bill of Rights

Sec. 2. Inherant Political Power; Republican Form of Government. *All political power is inherent in the people,* and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, *they have at all times the inalienable right to alter, reform or abolish* their government in such manner as they may think expedient.

...at the Revolution, the *sovereignty* devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472

The very meaning of *'sovereignty'* is that the decree of the sovereign makes law. [American

-----------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

*COURT.* 1. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

**2.** An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

*COURT OF RECORD.* To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

2. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Héininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The

# I. LAW OF THE CASE

**The law of the case is decreed as follows:**

*Justice and judgment are the habitation of thy throne*
*Mercy and truth shall go before thy face. - Psa 89:14*

**Do justice to the afflicted and the needy. Psa. 82:3**

# SUPERIOR COURT

**Origin of the term "superior court"**

In common law systems, a *superior court* is a court of general competence which typically has unlimited jurisdiction with regard to civil and criminal legal cases. A superior court is "superior" relative to a court with limited jurisdiction, which is restricted to civil cases involving monetary amounts with a specific limit, or criminal cases involving offenses of a less serious nature. A superior court may hear appeals from lower courts.

The term "superior court" has its origins in the English court system. The royal courts were the highest courts in the country, with what would now be termed supervisory jurisdiction over baronial and local courts. Decisions of those courts could be reviewed by the royal courts, as part of the Crown's role as the ultimate fountain of justice. The royal courts became known as the "superior courts", while lower courts whose decisions could be reviewed by the royal courts became known as "inferior courts". The decisions of the superior courts were not reviewable or appealable, unless an appeal was created by statute.

To constitute a court a superior court as to any class of action within the common - law meaning of that term; its jurisdiction of such actions must be unconditional, so that the only thing requisite to enable the court to take cognizance of them is the acquisition of jurisdiction of the persons of the parties. Simons v. De Bare, 4 Bosw. , N. Y.

A statutory or constitutional court (whether it be an appellate or supreme court) may not second guess the judgment of a common law court of record. The Supreme Court of the USA acknowledges the common law as supreme: "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]

"Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court." [Magna Carta, Article 34].

Page 1 of 36

------------------------------------------------------------

ATTACHMENT B

| | | REVISED 7/14 | TICKET NUMBER |
|---|---|---|---|

**Austin Citation** ☑ TR ☐ MISD

## 14 092560

| ☑ DL # | | STATE | D.L. TYPE: |
|---|---|---|---|
| ☐ COM DL # | 23315322 | TX | A B ©̱ M |
| ☐ I.D. # | | | |

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| McDade | David | Kent |

RESIDENCE ADDRESS
310 E Brenham

| CITY | STATE | ZIP CODE | CELL PHONE (AC) |
|---|---|---|---|
| Elgin | TX | 78621 | |

| TRAILER LP | TRAILER ST | DATE OF BIRTH | | |
|---|---|---|---|---|
| | | 12 16 62 | White  Black  Hispanic  Asian | Native Amer.  Middle Eastern  Other |

| SEX | HEIGHT | EYES | EMPLOYER OR SCHOOL | BUSINESS PHONE (AC) |
|---|---|---|---|---|
| M F | 508 | HZ | | |

| INSURANCE VALID? | SCHOOL ZONE? | WORKERS IN CONSTR. ZONE? | HAZ MATERIAL? | COMMERCIAL VEH? |
|---|---|---|---|---|
| YES ☐ | YES ☐ | YES ☐ | YES ☐ | YES ☐ |

| VEH. COLOR | VEH. YEAR | VEHICLE MAKE | BODY TYPE | REGISTRATION MONTH / YEAR | STATE | LICENSE PLATE # |
|---|---|---|---|---|---|---|
| Wh. | 01 | Ford | PK | 3/15 | TX | 42KWF |

| VIOLATION DATE | VIOL. TIME | CONDITIONS: | NAME OF PARK OR SCHOOL |
|---|---|---|---|
| 10 8 14 | 5:7 AM ☑ PM ☐ | Day light  Dark  Dry ☑  Wet | |

VIOLATION LOCATION
N IH 35 SVRD SB E 53 51

| VIOLATION (A) | VIOL. CODE |
|---|---|
| W s Desled Sign Do not enter | |

| VIOLATION (B) | VIOL. CODE |
|---|---|
| Fird Inspection 08 | 14 |

| VIOLATION (C) | VIOL. CODE |
|---|---|
| Foil to Display DL | |

REASON FOR STOP
Sec A

RK ⌐  PS ⌐  VS 2  RFS /

Cell phone ☐  STEP ☐  CAD _____

| ALLEGED SPEED: | SPEED LIMIT: | ☐ RADAR  ☐ LASER  ☐ VISUAL  ☐ PACED | DIR. TRAV | DIR. TURN | COLLISION?  YES ☐  BLUE FORM? ☐ |
|---|---|---|---|---|---|

| OFFICER: | | OFFICER: | EMP# |
|---|---|---|---|
| Wouse EMP# 5931 | | | |

If Non-Peace Officer Sign Here:

| APPEARANCE DATE AT COURT / FECHA PARA PRESENTARSE | READ CITATION FOR ADDITIONAL INFORMATION AND OPERATING HOURS |
|---|---|
| 11 - 20 - 14 | |

I HAVE RECEIVED THIS WRITTEN NOTICE TO APPEAR AND I WILL APPEAR AT THE CITY OF AUSTIN MUNICIPAL COURT ON OR BEFORE THE DATE AND TIME DESIGNATED ABOVE IN ORDER TO ENTER A PLEA OF GUILTY, NOT GUILTY OR NO CONTEST TO EACH VIOLATION LISTED ON THIS TICKET. FOR MORE INFORMATION CALL (512) 974-4800.

HE RECIBIDO ESTA NOTIFICACIÓN DE COMPARECENCIA POR ESCRITO Y COMPARECERÉ EN EL TRIBUNAL MUNICIPAL DE LA CIUDAD DE AUSTIN A MÁS TARDAR EN LA FECHA Y LA HORA ESTABLECIDA ARRIBA PARA PRESENTAR UNA DE LAS SIGUIENTES DECLARACIONES: CULPABLE, NO CULPABLE O NO DISPUTO EL CARGO EN MI CONTRA. POR CADA UNA DE LAS INFRACCIONES ENUMERADAS EN ESTA BOLETA. PARA OBTENER MAYOR INFORMACIÓN LLAME AL TELÉFONO (512) 974-4800.

THIS IS NOT A PLEA OF GUILTY, ONLY A PROMISE TO APPEAR. ESTA NO ES UNA DECLARACIÓN DE CULPABILIDAD, ES SOLAMENTE UNA PROMESA DE QUE COMPARECERÁ.

SIGNATURE/SU FIRMA:

Information on following pages. Para español vea la última página.

## DEFENDANT COPY

| REVISED 7/14 | TICKET NUMBER |
| --- | --- |

**Austin Citation**  ☐ TR  ☐ MISD

## 14 092561

| | | STATE | D.L. TYPE: |
| --- | --- | --- | --- |
| ☑ DL # ☐ COM DL # ☐ I.D. # 2331S322 | | TX | A  B  Ⓒ M |

| LAST NAME | FIRST NAME | MIDDLE / INITIAL |
| --- | --- | --- |
| McRae | David | Kent |

RESIDENCE ADDRESS
310 E Brenhan St

| CITY Elgin | STATE TX | ZIP CODE 78621 | CELL PHONE (AC) |
| --- | --- | --- | --- |

| TRAILER-LP | TRAILER ST | DATE OF BIRTH 12/16/6 | ☑ White  Black  Hispanic  Asian  Native Amer.  Middle Eastern  Other |
| --- | --- | --- | --- |

| SEX | HEIGHT | EYES | EMPLOYER OR SCHOOL | BUSINESS PHONE (AC) |
| --- | --- | --- | --- | --- |
| Ⓜ F | 508 | HZL | | |

| INSURANCE VALID? YES ☐ | SCHOOL ZONE? YES ☐ | WORKERS IN CONSTR. ZONE? YES ☐ | HAZ MATERIAL? YES ☐ | COMMERCIAL VEH? YES ☐ |
| --- | --- | --- | --- | --- |

| VEH. COLOR | VEH. YEAR | VEHICLE MAKE | BODY TYPE | REGISTRATION MONTH / YEAR | STATE | LICENSE PLATE # |
| --- | --- | --- | --- | --- | --- | --- |
| Wh | 01 | Ford | PK | 3/15 | TX | 47KW |

| VIOLATION DATE 10/8/14 | VIOL. TIME 817 AM ☐ PM ☐ | CONDITIONS: Day light  Dark Dry  Wet | NAME OF PARK OR SCHOOL |
| --- | --- | --- | --- |

VIOLATION LOCATION
N IH 35 SVRD SB / ES

| VIOLATION (A) F T M F R | VIOL. CODE |
| --- | --- |

| VIOLATION (B) Fail to ID - C | VIOL. CODE |
| --- | --- |

| VIOLATION (C) | VIOL. CODE |
| --- | --- |

REASON FOR STOP
Us Posted Sign Do not ent

RK L  PS 2  VS  RFS 1

Cell phone ☐   STEP ☐   CAD 14781 0409

| ALLEGED SPEED: 73 | SPEED LIMIT: | ☐ RADAR  ☐ LASER ☑ VISUAL  ☐ PACED | DIR. TRAV S | DIR. TURN W | COLLISION? YES ☐ BLUE FORM? ☐ |
| --- | --- | --- | --- | --- | --- |

| OFFICER: Nause S931 | EMP# | OFFICER: | EMP# |
| --- | --- | --- | --- |

If Non-Peace Officer Sign Here:

| APPEARANCE DATE AT COURT / FECHA PARA PRESENTARSE 11 - 06 - | READ CITATION FOR ADDITIONAL INFORMATION AND OPERATING HOURS |
| --- | --- |

I HAVE RECEIVED THIS WRITTEN NOTICE TO APPEAR AND I WILL APPEAR AT THE CITY OF AUSTIN MUNICIPAL COURT ON OR BEFORE THE DATE AND TIME DESIGNATED ABOVE IN ORDER TO ENTER A PLEA OF GUILTY, NOT GUILTY OR NO CONTEST TO EACH VIOLATION LISTED ON THIS TICKET. FOR MORE INFORMATION CALL (512) 974-4800.

HE RECIBIDO ESTA NOTIFICACIÓN DE COMPARECENCIA POR ESCRITO Y COMPARECERÉ EN EL TRIBUNAL MUNICIPAL DE LA CIUDAD DE AUSTIN A MÁS TARDAR EN LA FECHA Y LA HORA ESTABLECIDA ARRIBA PARA PRESENTAR UNA DE LAS SIGUIENTES DECLARACIONES: CULPABLE, NO CULPABLE O NO DISPUTO EL CARGO EN MI CONTRA, POR CADA UNA DE LAS INFRACCIONES ENUMERADAS EN ESTA BOLETA. PARA OBTENER MAYOR INFORMACIÓN, LLAME AL TELÉFONO (512) 974-4800.

THIS IS NOT A PLEA OF GUILTY, ONLY A PROMISE TO APPEAR. ESTA NO ES UNA DECLARACIÓN DE CULPABILIDAD, ES SOLAMENTE UNA PROMESA DE QUE COMPARECERÁ.

SIGNATURE/SU FIRMA:

Information on following pages. Para español vea la última página.

## DEFENDANT COPY

ATTACHMENT C

| THE STATE OF TEXAS, | § | In the SUPERIOR COURT OF TEXAS[1] |
| Plaintiff, | § | OF PUBLIC RECORD |
| v. | § | AUSTIN, TEXAS, |
| | § | TRAVIS COUNTY, Texas[2] |
| David Kent McDade, | § | |
|    Respondent | § | |
| ------------------------ | § | Date:        1/ 04/ 2015 |
| David Kent McDade, | § | |
| counterplaintiff, | § | |
| v. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| Sherry M. Statman, | | |
| "Officer Knouse Badge # | | |
| 5931," "Supervisor," and | | |
| "Second Officer" | | |
|    counterdefendants | § | |
| | § | |

---

### FIRST CAUSE OF ACTION

### TRESPASS

1. David Kent McDade, (hereinafter "McDade") is one of the people of Texas and in this court of record complains of each of the following:

THE STATE OF TEXAS "STATE", People vs. David Kent McDade, Citation Number(s) 14092560, 14092561 (hereinafter "Inferior Court"); and Sherry M.

[1] Only cases have numbers. There being no charging instrument filed, much less served, there is no case, here, by any number. Until STATE proves standing on the record this is a non-case, *Austin v. New Hampshire*, 420 U.S. 656, 668 (1975) (Blackmun, J., dissent); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. at 353 (Powell, J., and Stewart, J., dissent); *Williams v. Vermont*, 472 U.S. at 36 (dissent) (citing *Austin*), i.e., civil, until STATE proves standing. A common number associated with this matter is yet to be established to the knowledge of Respondent.

[2] The above style is mostly guess work, however, comfortably presumed are the Plaintiff and the County. The proper name and capacity of both the Plaintiff and the court are all still unknown. There has never been timely or proper service on McDade of any charging instrument or anything at all identifying all parties and proper service information for same.

---

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

Statman, "Officer Knouse Badge # 5931," "Supervisor," and "Second Officer"

(hereinafter "Infringers"); (all hereinafter collectively "Infringers");

who are each summoned to answer the said counterplaintiff in a plea of trespass and trespass on the case, to wit:

**BACKGROUND**

2. Each of the Infringers exceeded his jurisdiction by either directly, through an agent, or in concert with another did cause counterplaintiff McDade to be aggravatedly unlawfully imprisoned[3] against his will, without jurisdiction. Preceding the imprisonment counterplaintiff McDade was duly[4] engaged in good faith exercising his unalienable, substantive right to Travel freely and unencumbered. Said Infringers interrupted said Travel, then unlawfully, aggravatedly imprisoned counterplaintiff McDade. During this unlawful, aggravated imprisonment under, threat, duress, coercion, and against his will Infringers subjected counterplaintiff McDade to multiple threats of further charges and or incarceration if certain requested information and or papers was/were not given verbally and or produced physically.

3. At the time of the alleged offence, till the present counterplaintiff McDade under color of law, was held in actual or constructive aggravated unlawful imprisonment. Although he objected to the assumed jurisdiction, those who kept him aggravatedly, imprisoned under color of law did

---

[3] Imprison: To confine a person or restrain his liberty in any way. Black's Law Dictionary, 5th Edition
Imprisonment: ...it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Black's Law Dictionary, 5th Edition

[4] Duly: ...according to law in both form and substance. Black's Law Dictionary, 5th Edition

------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

not respond to any of his demands and requests for proof of jurisdiction or for discharge of the action against him and the reinstatement of his liberty. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. Counterplaintiff McDade continues to be subject, under color of law, to the assumed jurisdiction of the Infringers.

## JURISDICTION

4. On examination of all available information, counterplaintiff is able to ascertain that counterdefendants had/have no lawful jurisdiction to commit their acts.

5. Therefore, on information and belief, counterplaintiff McDade alleges that Infringers do/did not have any jurisdiction and may not extra judicially proceed.[5]

6. Counterplaintiff demands that Infringers submit to the court proof of jurisdiction, if any they have.

---

[5] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it. 6 Peters, 709; 4 Russell, 415; 3 Peters, 203-7" Cited by STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657, 718 (1838)
    "Where a Court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other Court. But, if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7 L.Ed. 164 (1828)

---

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

7. If no proof of jurisdiction is submitted to the court, counterplaintiff demands that the above-entitled court of record find that Infringers are without jurisdiction, that the counterplaintiff be discharged from above stated matters stated in Citation Number(s) 14092560, 14092561 without delay, and that the Inferior Court may not proceed.

## SECOND CAUSE OF ACTION

## TRESPASS

## JURISDICTION

8. Paragaphs 1 through 7 are incorporated by reference as though fully stated herein.

9. Each counterdefendant acted in such a way, or failed to act in such a way, that counterplaintiff McDade is deprived of his liberty. Each counterdefendant acted to deprive counterplaintiff McDade of his liberty; or each counterdefendant failed to act to prevent the loss by counterplaintiff McDade of his liberty. Further, each counterdefendant is a willing participant in concert with each of the remaining counterdefendants.

10. At all times mentioned in this action each counterdefendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said agency.

### Facts of Incident

Counterplaintiff McDade hereby makes the following statements of fact under penalty of perjury and asserts that they are true and correct.

------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

1. Counterplaintiff McDade was stopped on or about the 8th day of October, 2014 at approximately 8:17am by a person(s) identifying themselves as "City of Austin Municipal "Police Officers."

2. The person(s) who seized, accosted, and unlawfully Aggravatedly Imprisoned counterplaintiff McDade has been identified only as "Officer Knouse Badge # 5931" hereinafter, Knouse # 5931 and his "Supervisor" hereinafter Supervisor and "Second Officer" hereinafter known as "Unknown Officer" (all hereinafter collectively "Infringers");

3. At the time of the "traffic/transportation stop," counterplaintiff McDade was "arrested" which amounted to counterplaintiff McDade being seized, accosted, and unlawfully, aggravatedly imprisoned by the Infringers upon the initiation of the stop for the purpose of issuing Citation Number(s) 14092560, 14092561. This fact is attested to by the Infringers admittance of such at the time of "traffic/transportation stop". counterplaintiff McDade was forcibly issued Citation Number(s) 14092560, 14092561 under threat, duress, and coercion by the Infringers.

4. At the time of the "traffic/transportation stop", and unlawful Aggravated Imprisonment counterplaintiff McDade requested to speak to the Knouse # 5931's Supervisor (name to be determined), during which time another officer "Unknown Officer" arrived; when Knouse # 5931's Supervisor arrived counterplaintiff McDade informed the Supervisor of the situation and the Supervisor and other "Unknown Officer" all of the above identified officers took part in and allowed the unlawful Aggravated Imprisonment to continue until forcibly issued Citation Number(s) 14092560, 14092561 were completed.

5. At the time of the "traffic/transportation stop", and unlawful, aggravated Imprisonment counterplaintiff McDade was traveling viatically upon the public right-of-way in a private conveyance for his own private business and pleasure while utilizing due diligence and care to ensure that his actions did not cause harm to other person(s) or property and no such harm had taken place.

---------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

6. Counterplaintiff McDade was not engaged in causing harm to any person, property, or thing, nor was counterplaintiff McDade providing the Infringers with any probable cause to believe that counterplaintiff McDade was engaging in any actions to cause harm to any person(s) or property, or thing but, counterplaintiff McDade was still stopped, seized, accosted, and unlawfully, aggravatedly imprisoned by the Infringers without any apparent probable cause to believe such activities were taking place.

7. Counterplaintiff McDade asserts that at the time of the "traffic/transportation stop" he was not causing harm to any person or property or being violent in any way. McDade asserts that he is/was doing nothing more than exercising a unalienable, substantive Right and liberty to Travel freely and unencumbered and the use of his private property for Private Travel.

## THIRD CAUSE OF ACTION

## TRESPASS

## JURISDICTION

Paragaphs 1 through 7 are incorporated by reference as though fully stated herein.

# DISCUSSION

11. *ISSUE: Does the court have personal jurisdiction over counterplaintiff McDade in the instant matter?*

### Overview: The systemic problem with Notice.

For there to be personal jurisdiction, there must first be proper Notice.

------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

**Notice requires both filing and serving the paperwork.**

*Murphy Bros., Inc.* (timing and sequence matter regarding filing and serving); *Lloyd*, 5 U.S. at 366 ("A citation not served is as no citation."). It may help to mention in this context that an "administrative citation" (a "ticket") and a "complaint," Art. 45.018(b), are two entirely different things.

Thus, it doesn't matter, yet, whether this is characterized as civil or criminal, because Notice will have the same requirements, either way. And, there is, to date, no Notice.

**Notice previously required the filing and serving of two documents.**

In a generic misdemeanor matter, Notice used to require the filing *and* serving of two different documents: (1) a "complaint," which is a sworn statement, and (2) a *pleading*, commonly known and referred to as an Information. Arts. 2.04, 21.20, 21.21, 21.22.

> *Art. 2.04. [28] [34] [35] Shall draw complaints*
>
> Upon *complaint* being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the *complaint* to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

Art. 2.04 (emphasis added).

> *Art. 2.05. [29] [35] [36] When complaint is made*
>
> If the offense be a misdemeanor, the attorney shall forthwith prepare *an information based upon such complaint* and file the same in the court having jurisdiction; provided, that in counties having no county attorney, *misdemeanor cases may be tried upon complaint alone*, without an information, provided, however, in counties having one or more criminal district courts *an information must be filed in each misdemeanor case.* …

Art. 2.05 (Thomson/West 2005) (emphasis added).

------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

*Art. 21.20. [413] [477] [465] "Information"*

An "Information" is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

Art. 21.20 (emphasis added).

Art. 21.21. [414] [478] [466] Requisites of an information [District/County Court]

An information is sufficient if it has the following requisites:

1. It shall commence, "In the name and by authority of the State of Texas";

2. That it appear to have been presented in a court having jurisdiction of the offense set forth;

3. That it appear to have been presented by the proper officer;

4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7. That the offense be set forth in plain and intelligible words;

8. That it conclude, "Against the peace and dignity of the State"; and

9. It must be signed by the district or county attorney, officially.

Art. 21.21 (emphasis added).

Art. 21.22. [415] [479] [467] Information based upon complaint [District/County Court]

No information shall be presented until *affidavit* has been made by some credible person charging the defendant

--------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

with an offense. The *affidavit* shall be filed <u>with the</u> <u>information</u>. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

Art. 21.22 (emphasis added).

Art. 27.01. [504] [568] [557] Indictment or information
The primary pleading in a criminal action on the part of the State is the indictment or *information*.

Art. 27.01 (emphasis added).

**Without both of those documents, two key problems existed.**

### THE "LACK OF ATTORNEY SIGNATURE" PROBLEM.

To examine into the *pleading* first, STATE OF TEXAS is, in actuality, a corporate entity, a commercial enterprise, doing business in "this state" via the benefit of a tax exemption certificate. To date, most who read that think that the author of such a thought has completely lost his mind. So, rather than proving that point at this early stage, it's still the case that all who are faced with the question eventually realize that whether it's a commercial enterprise, or something governmental, it's still an artificial entity. No artificial entity may appear in court without authorized signature. For a misdemeanor case, that authorized signature exists if there's a *pleading*. For a misdemeanor, the *pleading* is the Information.

### NO PLEADING FILED?—NO NOTICE.

[TEX. CONST. Art. 5, § 12]; Arts. 2.04, 21.20, 21.21, 21.22, 27.01; *Rowland*, 506 U.S. at 201-03 (all artificial entities must have counsel—federal); TEX. R. CIV. P. 7 (corporations must have counsel—state); *Kuntoplast of Am., Inc.* (same); *Computize, Inc.* (same); *Moore* (same); *Dell Dev. Corp.* (same); *Globe Leasing, Inc.*, 437 S.W.2d at 45-46 (same); ABA MODEL RULES

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

OF PROF'L CONDUCT R. 3.7 (material witness can't also be attorney of Record); TEX. DISCIPLINARY RS. PROF'L CONDUCT R. 3.08, 5.05 (same, plus facilitating unauthorized practice); *Garcetti v. Ceballos* (ethics still matter; "whistleblower" lawyer who testifies against client is fortunate still to have license, much less job); *Tex. Dept. of Parks & Wildlife v. Miranda* (standing, burden on plaintiff, requires "actual grievance"—state).

### *NO PLEADING SERVED?—NO NOTICE.*

A pleading has meaning sometime after it's been filed, not before. See Murphy Bros., Inc.. A pleading has meaning sometime after it's been served, not before. *Lloyd*, 5 U.S. at 366 ("A citation not served is as no citation.").

### *IN SUM, NO PLEADING?—NO NOTICE.*

Thus, without a pleading, there simply was no Notice, thus no case.

### *THE "LACK OF WITNESS STATEMENT" PROBLEM.*

No "administrative citation" ("ticket") has ever been a "complaint." A "complaint" is a sworn statement. See Arts. 2.04, 21.22, 45.018, and 45.019.

### *IN SUM, NO COMPLAINT AND NO PLEADING?—NO NOTICE.*

Thus, it used to be that without the filing and serving of both a "complaint" and an Information, there simply was no Notice.

When the Money became "funny money," almost everything changed.
See, e.g., *Schinzing* ("complaint" is an adequate charging instrument).

-------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

The relationship with Art. 45.019 — a "ticket" is not a "complaint."

A "ticket" is not a "complaint." How do we know? First, Art. 45.019 informs us that a "complaint" is something that is, among other things, (1) sworn to, (2) started with certain language, and (3) ended with certain language. No "ticket" satisfies all of those elements.

Art. 45.019. [883] [973] [938] Requisites Of Complaint [Municipal Court]

(a) A *complaint* is sufficient, without regard to its form, if it substantially satisfies the following requisites:

(1) it must be in writing;

(2) *it must commence "In the name and by the authority of the State of Texas"*;

(3) it must state the name of the accused, if known, or if unknown, must include a reasonably definite description of the accused;

(4) it must show that the accused has committed an offense against the law of this state, or state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of this state;

(5) it must state the date the offense was committed as definitely as the affiant is able to provide;

(6) *it must bear the signature or mark of the affiant;* and

(7) *it must conclude with the words "Against the peace and dignity of the State"* and, if the offense charged is an offense only under a municipal ordinance, it may also conclude with the words "Contrary to the said ordinance".

(b) A complaint filed in justice court must allege that the offense was committed in the county in which the complaint is made.

(c) A complaint filed in municipal court must allege that the offense was committed in the territorial limits of the municipality in which the complaint is made.

(d) *A complaint may be sworn to before any officer authorized to administer oaths.*

Page 11 of 31

----------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

*(e) A complaint in municipal court may be sworn to before:*

*(1) the municipal judge;*

*(2) the clerk of the court or a deputy clerk;*

*(3) the city secretary; or*

*(4) the city attorney or a deputy city attorney.*

*(f) If the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity. Nothing in this article prohibits a trial court from requiring that an objection to a charging instrument be made at an earlier time.*

Art 45.019 (emphasis added).

*But cf.* Art. 21.21 (attorney signature required). *See also* TEX. TRANSP. CODE ANN. § 708.105 (regarding the "Notice of surcharges" statement typesetting requirements and the citations non-compliance with same).

Thus, the Information is no longer required, which means that STATE doesn't appear via signature of authorized counsel anymore. That failure renders Service of documents such as this next to impossible, but when STATE wants to correct that oversight, the legislature will compel inclusion of an authorized signature along with a name and address on the complaints so that defendants in courts of Record may serve the documents that are "required" to file.

The reason why there's no need for a *pleading,* any more, is that the forum isn't the same type forum as used to exist. Some people go into orbit hearing this, but it's still the case that the gold fringe on the flags proclaims the maritime-law nature of the fundamental "choice of law" in operation. Thus, what used to be a judicial forum is now an executive, maritime forum. This is why there is no more need for STATE to appear via pleading, i.e., via authorized signature.

Whatever may be the paperwork, Notice is still required.

---------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

*Art. 45.018. Complaint [Justice and Municipal Courts]*

   (a) For purposes of this chapter, a *complaint* is a sworn allegation charging the accused with the commission of an offense.

   (b) *A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint.* The defendant may waive the right to notice granted by this subsection.

Art. 45.018 (emphasis added).

Where this provision is not satisfied, there is no Notice. To date, this provision remains unsatisfied.

Where this provision is not satisfied, a statutorily defined right belonging to McDade has been violated. Art. 45.018(b) creates a statutory right that declares McDade "*is entitled to*" Notice of a complaint at least one day prior to any prosecutorial proceeding related to that complaint.

This phrase is defined in § 311.016(4), Gov. Code.

Sec. 311.016). "MAY," "SHALL," "MUST," ETC. The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute:

   (1) "May" creates discretionary authority or grants permission or a power.

   (2). "Shall" imposes a duty.

   (3) "Must" creates or recognizes a condition precedent.

   (4) *"Is entitled to" creates or recognizes a right.*

   (5) "May not" imposes a prohibition and is synonymous with "shall not."

   (6) "Is not entitled to" negates a right.

   (7) "Is not required to" negates a duty or condition precedent.

-----------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

As this phrase establishes a reference to either an already existing and recognized right, or, a right created by statute, it is a right that cannot be taken away or ignored unless it is waived by counterplaintiff McDade or removed by due process of law. Counterplaintiff McDade has not and will not waive this right, and, does in fact object to the failure of both the STATE and the court to ensure that counterplaintiff McDade's right is fully protected and complied with. Neither has counterplaintiff McDade been convicted of anything that could work to remove this right from his access.

*In short, where we're headed, at light speed, is toward a void judgment.*

The court must have personal jurisdiction. See *Milliken* (the Wyoming judgment was valid because service was valid; hence, the Wyoming court *did* have personal jurisdiction).

*[I]t has been settled, that a judgment depending upon proceedings in personam can have no force as to one on whom there has been no service of process, actual or constructive; who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such a judgment is absolutely void ....*

*Harris*, 55 U.S. at 339 (cited in *Commercial Equip.*, 678 S.W.2d at 918, which holds that even a default judgment is void where there is no service). See also *Peralta* (even "meritorious defense" issue is irrelevant to question of Notice); *Lloyd* ("A citation not served is as no citation."); *Hamdi* (habeas proceeding, which is, of course, a CIVIL proceeding); *Internat'l Shoe*; *Mullane*; *Armstrong*, 380 U.S. at 552; *Sniadach*; *Boddie*; *Fuentes v. Shevin*; *N. Ga. Finishing*; and *Jones*.

The "arraignment" is "any proceeding." *Cf. Rothgery v. Gillespie County*, Texas, 554 U.S. 191 (2008). There being no notice of any complaint at least a day before the arraignment, there is no Notice.

-----------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

No matter what is delivered to a defendant, where there is no case number, no court name, *and* no contact information provided for service of defense pleadings, motions, and briefs, it follows that no original pleading has been *filed*, much less *served*.

*NO NOTICE?—NO PERSONAL JURISDICTION.*

*ISSUE:*          *Does this court have subject matter jurisdiction?*

Where there is no personal jurisdiction, the matter is a non-case. All cases are non-cases, *Cf. Austin* (Blackmun, J., dissent); *Deposit Guaranty Nat'l Bank*, 445 U.S. at 353 (Powell, J., and Stewart, J., dissent); *Williams*, 472 U.S. at 36 (dissent) (citing Austin), i.e., civil, until STATE proves standing. Some matters, just like this one, never stop being non-cases. *Cf. Rockwell Int'l Corp* (the final pre-trial order confirmed that this was a non-case).

This is a "criminal case only" forum. Non-cases are civil in nature. This court has no subject matter jurisdiction over any "civil" (non-case) matter.

**Statutory Challenges.**

*ISSUE:*          *Does Art. 25.04 violate Due Process?*

Given Art. 45.018(b) , counterplaintiff McDade doubts that Art. 25.04 is in any way relevant to this matter. However, should Art. 25.04 be relevant, counterplaintiff McDade objects to Art. 25.04 as repugnant to Due Process.

```
Art. 25.04.

    In misdemeanors, it shall not be necessary before trial
    to furnish the accused with a copy of the indictment or
```

------------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

information; but he or his counsel may demand a copy, which shall be given as early as possible.

Art. 25.04.

This language purports to give STATE a pass on its Due Process duty to serve Notice. This language pretends that a court, especially a court of "criminal case only" jurisdiction, may proceed without affirmative proof of Notice. To the exact opposite result, no such court has jurisdiction of any kind unless and until STATE has filed its original pleading, by whatever name, e.g., a "complaint", and then served it (timely).

*Cf. Murphy Bros. Inc.* (sequence matters regarding filing and serving the original pleading).[6] See also *Lloyd*, 5 U.S. at 366 ("A citation not served is as no citation.").

To date, counterplaintiff McDade has received nothing that tells him that STATE has filed anything. Service would tell counterplaintiff McDade what the case number is, in which court any case has been filed, and on whom he should serve his filings. The case style used in the documents to date is largely guesswork. The guesses are included so that what he files may find its way, eventually, to the right destination. If STATE had served its original pleading, then McDade would not be guessing, at all. In short, counterplaintiff McDade has no Notice that any "case or controversy" exists.

There is no legislative enactment or judicial procedural rule that lawfully relieves STATE of its duty to provide meaningful Notice. A competent, Due-Process minded statute/plan will

---

[6] *Murphy Bros.* is a civil case, but all cases are non-cases, i.e., civil, until the plaintiff, here STATE, proves standing. It's impossible for STATE to prove standing for a criminal case where there is no charging instrument even filed, much less served. The authority to determine authority is civil. *Marbury v. Madison.* Civil authority is inherent. *Cf. United Mine Workers.* STATE must prove standing in the criminal context before there's anything even remotely possible to label as criminal.

------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

place the burdens properly. First, STATE files its original pleading. Then, STATE Serves its original pleading. Once the Record shows return of competent service on the defendant of STATE's original pleading, then an Arraignment may/can be scheduled. Until then, it's not even a case; it's a non-case, i.e., a civil matter.

### "Hearing" the charge read in no way constitutes meaningful Notice.

In "this state," we deal with a world of very insidious, clever but insidious, semantics. *Some* of those semantics are in the terms, themselves. No code or statutory plan/scheme is more semantics-driven, semantics-dependent than any STATE's "transportation" code (and/or a "vehicles and traffic" code). Responding verbally to a verbal presentation of *those* semantics is humanly possible (although, as discussed next, compelling an "instant" response is repugnant to Due Process). But *some* of the semantics on which the systems in "this state" depend aren't discernable until detected *visually* via the presentation of the words on the page. For this reason, it's 100% *legally* impossible for anyone to have any idea, at all, whatsoever, of what STATE's case is about unless and until the written word is delivered by means consistent with Due Process. "Hearing" the words read aloud will never be *legally* equivalent to "reading" them. "[T]his state" is just too semantics-driven, too semantics-dependent, for "hearing" to replace "seeing".

How does a defendant obtain a copy of STATE's original pleading so as to be able to read it? Either the defendant waives Notice and does STATE's work for STATE, finding the information on his own, or else the defendant compels STATE to satisfy its duty under Due Process to serve at a meaningful time, in a meaningful manner, on the defendant a copy of what STATE has filed.

-------------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

*An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.*

*Mullane*, 339 U.S. at 314. A failure of Notice violates "the most rudimentary demands of due process of law." *Armstrong*, 380 U.S. at 550 (Notice, meaningful time, meaningful manner. 380 U.S. at 552).

See also *Milliken* (Notice, opportunity to be heard, fair play, substantial justice); *Internat'l Shoe* (Notice, opportunity to be heard); *Sniadach* (Notice, opportunity to be heard); *Fuentes v. Shevin* (Notice, meaningful time); *N. Ga. Finishing* (Notice, opportunity to be heard, even for corporations (i.e., the shareholders)); *Burns* (Notice, opportunity to be heard, on upward departure); *Hamdi* (denial of access and of opportunity to be heard); *Jones* (Notice, opportunity to be heard).

### To compel an instant response is to offend Due Process.

If Due Process in/for "this state" allowed "hearing" (a non-filed complaint?) to substitute for "reading/seeing" the filed original pleading, it's still the reality that a system that demands that a defendant respond immediately to any presentation of charges against him, whether verbal or in writing, is a system that offends Due Process. There's nothing "meaningful" about "Notice" that allows absolutely no time to study into the matter.

In general, even in criminal matters, which this one isn't but pretends to want to be, STATE must give Notice. *Cf. O'Grady.*

Under the applicable federal standards, the duty is on STATE to provide Notice. The duty is not placed on the defendant to demand it. It's placed on STATE to provide it. This statute purports to reverse that burden, to relieve STATE of its duty to provide meaningful Notice, at a

--------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

meaningful time in a meaningful manner. Therefore, this statute facially defies and offends Due Process.

ISSUE:          *What does "person" mean?*

TRANSP. CODE §§ 541.001(4)

Defined- "person" means: an individual, firm, partnership, association, or corporation.

Translation: "commercial legal entity"

Application of statutory algebra: If no "person" then no "transportation" or

If no "transportation" then no "person,"

Conclusion: If no "person" then No statue violated.


ISSUE:          *What does "transportation" mean?*

*Not defined in the Transp. Code.*

What is the Transp. Code about? The "transportation" code nowhere defines "transportation." It's not that we can't come up with a definition. It's that when we do, we find that "transportation" is "commercial." Thus, where there's no definition, there's vagueness. But, there is a definition, if we look long and hard enough.


**Defined.**

"Transportation" means removing people and/or property from here to there for profit or hire under the choice of law of the "place" called "this state."


**Removing People and/or Property.**

------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

Transp. Act of 1940, 54 Stat. 898, 929, 49 U.S.C. § 902(i)(1), in particular § 302(i)(1) . *Cornell Steam-boat*, 321 U.S. at 641-42 (Frankfurter, J., dissent).

### From Here To There.

*Cf. Maynard* (context: unlawful "transportation" of intoxicating liquor).

### For Profit or Hire.

*St. Clair Cnty*, 192 U.S. at 456-57 (allegations regarding operating a ferry without a license). See also *Cosio*, 182 S.W. at 85.

### Under the Choice of Law of the "Place" Called "this State."

The entirety of STATE's regulatory authority, for anything, is limited to that "place" where circulating "funny money" is not flat out fraud, i.e., to the "place" called "this state." *Cf.* § 7; *Graham* (special maritime and territorial jurisdiction).

### The Generic Concept of "use."

If use were irrelevant, it'd be "fraud" to deny a mileage deduction, e.g., Sched. A., for "personal use" of the car. Because "personal use" is not deductible, it follows that use determines "personal v. commercial" treatment and that "personal use" is not commercial in any context. Obviously, personal (non-commercial) use (i.e., travel) needs no "license."

### "Use" and the *Terry* Stop.

The ticketing officer never even tried to establish "transportation" use. He asked nothing about any passenger manifest or any bill of lading. The executive has to have authority to

---

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

determine his/its authority, and police always have authority to protect themselves. *Terry*. The car has a license plate.

But, that's where the *Terry* authority ended, because counterplaintiff McDade was not engaged in "transportation," at the time of the stop.

### Deliberate indifference.

This officer had not been taught that "transportation" regulation has limits. In the exact same way that Ramos and Compean were never taught about "this state" and the limits of their authority at the border, this officer was not taught the limits of "transportation" regulation. "[A] violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Brown*, 520 U.S. at 409.

*ISSUE:*      *What does "vehicle" mean?*

TRANSP. CODE §§ 502.001(25), 541.201(23), 621.001(9), Sec. 750.003(a).

Translation: a conveyance used for "transportation" purposes.

Application of statutory algebra: If no "transportation," then no "vehicle."

*ISSUE:*      *What does "motor vehicle" mean?*

TRANSP. CODE §§ 501.002(17), 502.001(25), 522.003(21), 541.201(11), 601.002(5), 642.001(1), 647.001(4), 683.001(4), 728.001(2).

Translation: "Vehicle" with a motor.

Application of statutory algebra: If no "transportation," then no "vehicle;" if no "vehicle," then no "motor vehicle."

--------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

*ISSUE:*        ***What does "drive" mean?***

TRANSP. CODE § 522.003(11).

The sole definition for "drive" in the entire "transportation" code is found in the "commercial driver's license" chapter, Ch. 522.

Translation: In the disciplined "transportation" code, "drive" means being behind the wheel of a "vehicle." In the TRANSP. CODE, "drive" means being behind the wheel of a "motor vehicle."

Application of statutory algebra: If no "transportation," then no "vehicle;" if no "vehicle," then no "motor vehicle;" if no "motor vehicle," then no "driving;: hence, no "driver."

*ISSUE:*        ***What does "operator" mean?***

TRANSP. CODE § 541.001(1).

This "definition" is very confused. "Drives," which has meaning only with respect to a "motor vehicle," is juxtaposed with the concept of "physical control of a vehicle." Ultimately, it doesn't matter, here, but which is it: "vehicle" or "motor vehicle?" [7]

Translation: In the disciplined "transportation" code, "operator" is the one behind the wheel of a "motor vehicle." In the Transp. Code, "operator" is the one behind the wheel of either a "vehicle" or a "motor vehicle."

Application of statutory algebra: No "transportation?"—no "vehicle;" no "vehicle?"—no "motor vehicle;" no "(motor) vehicle?"—no "operator."

*ISSUE:*        ***What does "this state" mean?***

---

[7] See also §§ 601.002(8) ("motor vehicle"), 642.001(2) (same), 647.001(5) (same); § 724.001(11) (looks to a "motor vehicle" or watercraft, i.e., "transportation" activity); § 24.013(f)(2) (regarding aircraft).

--------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

Contrary to popular belief, "this state" isn't really a "place." It's a "choice of law." The "place" called "this state" is a "federal area" or a "federal zone," a "Constitution-free, maritime, commercial zone," associated with the "funny money" found in the 48 contiguous states, Alaska, Hawaii, American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, the Virgin Islands, and all the rest of the territories and protectorates. The capital of "this state" is DC.

Without "this state," running the present "funny money" scam would be criminal. Thus, the fundamental "choice of law" to which "this state" refers is the Law of the Sea, to be distinguished from the "choice of law" associated with an honest system of weights and measures, Lev. 19:35-36, which is the Law of the Land. The Law of the Sea doesn't just apply; it applies only if there's an agreement that includes that choice of law. *Ogden. Cf.* § 7; *Graham.*

<u>In application of these terms.</u>

There was never any "transportation" at issue. Since counterplaintiff McDade was not engaged in "transportation," there was no "vehicle," no "driver," no "motor vehicle," and no "operator." Therefore, there was never any authority to issue any "ticket", or "citation".

*ISSUE:*        ***Does this court even really exist as a court of Record?***

The procedures set out in GOV'T CODE § 30.00003 have not been followed.

The name may or may not be fatally material, but the naming protocol for a municipal court of record set out by statute has not been applied or followed. More to the point, the ordinances simply do not create a court of Record.

To label the court one way, i.e., as a court of Record, but to have its existence be something else entirely, i.e., as a generic municipal court, shows up most prominently in the appellate process. The mismatch can produce an effective denial of access problem. *Cf. Harbury*

------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

## THIRD CAUSE OF ACTION

## TRESPASS ON THE CASE

## JURISDICTION

Paragaphs 1 through 7 are incorporated by reference as though fully stated herein.

# To: State Commission on Judicial Conduct

The issue of the most recent Judicial Misconduct by Mrs. Statman is detailed as follows:

Counterplaintiff McDade received a traffic citation from the City of Austin Police Dept., counterplaintiff McDade filed documents in the Austin Municipal Court in answer to said citation in the form of a Special Appearance Challenging Personal and Subject matter Jurisdiction and Venue / motion to dismiss, a Declination to Plea and an Affidavit of not Engaged in Transportation, to show on the record that the court/ Plaintiff had no lawful jurisdiction over the matter or counterplaintiff McDade.

There was never any proper and timely notice to counterplaintiff McDade by the court at the time of the filing of counterplaintiff McDade's documents, as can be proven by the attached docket call print out from the court website; of ether a Complaint pursuant to Tx. CCP. Art. 2.05, 15.04,5 or an Information that still to this day does not exist (the primary pleading of the STATE) pursuant to Tx. CCP 1.03(5), 1.04,1.05, 27.01, U.S. of A. Const. Amend VI, Tex. Const. Art. 1 Sec 10; which vacated irreparably any personal jurisdiction by lack of proper and timely action by the court (latches).

The court and /or Plaintiff do not have any proof of subject matter jurisdiction in the form of fact, law, and evidence on the record that counterplaintiff McDade was engaged in the regulatible Commercial activity of Transportation, which the lack of vacates subject matter jurisdiction. For the/them to prove subject matter jurisdiction they have to prove that the statue gives them jurisdiction in this particular offence and prove every element as to what grants them jurisdiction over counterplaintiff McDade. The Affidavit Not in Transportation proves conclusively the court/Plaintiff does not have such evidence. (No probable cause determination hearing)

------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

The Special Appearance/ motion to dismiss addresses both the lack of notice issue and the lack of subject matter /evidence issue, so you can see the validity of counterplaintiff McDade's challenge to both instances of jurisdiction; and my reason to decline to plea to a court lacking not only jurisdiction but also standing. At the present time the court/ Plaintiff is moving forward absent any lawful jurisdiction (as usual).

Jurisdiction is not accomplished simply by physicality as presumed by Mrs. Statman in her order; this assertion of jurisdiction just by physicality claim is (really lame) just a judicial avoidance tactic (that is taught in law school), to avoid on point the true lack of jurisdiction issue. Counterplaintiff McDade is quite sure the arguments in the (attached) documents that counterplaintiff McDade filed properly and completely address the critical issues. They are there for the whole world to see.

Mrs. Statsman apparently does not understand (really?) that a challenge to jurisdiction and determination of jurisdiction is always a civil matter, that in and of itself is never criminal; which is a sad state for a presiding judge (or just a ploy to trick me into general appearance).

A special appearance to challenge jurisdiction of the court is proper until jurisdiction is proven on the record, and as is well known even to a laky like counterplaintiff McDade is the fact subject matter can be challenged at any time even on appeal.
Counterplaintiff McDade realize that just the fact of challenging jurisdiction does not negate its existence, however when challenged the court is absolutely obligated to stop all proceedings, meet the challenge with fact, law, and evidence on the record conclusively and substantively before continuing not just give it lip service.

The challenge is civil, once jurisdiction has been properly established in the record as due process demands then and only then can the judge lawfully make the assertion that a special appearance is no longer valid.

Even Mrs. Statman Should be perfectly aware that the moment that an individual makes a general appearance in-personam jurisdiction has been waved, only by the making of a special appearance may a challenge to jurisdiction including in-personam jurisdiction be maintained by the accused.

Mrs. Statman states in her (attached) order that there are no valid pretrial actions or issues that have been raised. Counterplaintiff McDade did/does rebut and reject that presumption/assertion with fact, law, and evidence on the record under oath, as counterplaintiff McDade does all Presumptions that come from the Austin Municipal Court. Another attempt to deny the truth, facts, and evidence and in turn counterplaintiff McDade's rights.

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

Counterplaintiff McDade has a different viewpoint; counterplaintiff McDade believes that a challenge to jurisdiction is a critically valid issue in any action, against me or anyone for that matter especially a supposed criminal one.

Counterplaintiff McDade also has never received from the court either a Tx. CCP Art. 15.17 magistration or a Tx. CCP. Art 16.01 Examining Trial, both very important due process violation issues.

As for the judicial notice issue found in paragraph 1, of Mrs. Statman's order counterplaintiff McDade would beg to differ again. A judicial notice is not an action taken by a judge, but by a court as you can see in this definition from Blacks Law 9th Ed.
Judicial notice: A court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact.

A judge is not a court! Again defined in Black's as Court: In international law: The person and Suite of the sovereign; the place where the sovereign sojourns with his regal retinue.wherever that may be.

Counterplaintiff McDade believes and does believe that instead of the issues In Mrs. Statman's order being valid issues, counterplaintiff McDade believes they are just more judicial avoidance tactics and also a cunning way of intimidating someone (witness tampering) who is raising extremely valid issues before the court; ones the court/ Plaintiff must prove on the record before moving forward to merits: which by the way I have never seen the court/Plaintiff do, they just gloss over the necessary elements as if they are secondary in nature or as stated in the order, one of physicality.

This is not the first time counterplaintiff McDade has had this type of experience with Mrs. Statman, counterplaintiff McDade has included documents including a transcript from an earlier due process and substantive rights violation encounter 7/26/2012.
In this encounter counterplaintiff McDade had filed similar documents with the Austin Municipal Court on an alleged traffic violation. On my second "visit" to the court counterplaintiff McDade was brought into an empty courtroom with only Mrs. Statman, the prosecutor, the clerk, and the court reporter (private trial).

Counterplaintiff McDade was immediately verbally abused and threatened by Mrs. Statman; it was not a "hearing" as much as it was a verbal thrashing. No one else spoke once Mrs. Statman started including the prosecutor, it was very much a one sided affair. Then Mrs. Statman immediately left the courtroom, although she came quickly back when she was told that counterplaintiff McDade had a recorder and then verbally threatened counterplaintiff McDade again. This was before counterplaintiff McDade really knew what was supposed to happen in a hearing, along with being taken aback by Mrs. Statman's behavior; counterplaintiff McDade was stunned to the degree that counterplaintiff McDade did not even object to the occurrence,

--------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

although counterplaintiff McDade knew at the time my rights had been violated counterplaintiff McDade was not learned enough to defend himself. This is no longer the situation.

Counterplaintiff McDade has reason to believe and does believe that not only is this another instance of judicial misconduct, and of witness tampering, by threat, duress, and coercion. Counterplaintiff McDade believes it to be clearly a case of Malicious prosecution Counterplaintiff McDade is actually truly concerned for his safety in this court, over a silly alleged class C misdemeanor. It's not like counterplaintiff McDade has harmed someone. Actually to speak the truth in this matter counterplaintiff McDade is the one who is really and constructively being harmed. The court and prosecution have a duty not to violate counterplaintiff McDade's unalienable, substantive rights, they have breached that duty which is causing counterplaintiff McDade immediate and direct harm by not only a loss of liberty, also a loss of financial gain from time off work, and time to prepare for this action against him plus costs.

12. Because of the actions committed with actual and implied force counterplaintiff McDade was immediately and directly injured and suffered loss of liberty, and was Aggravatedly imprisoned, and is being maliciously prosecuted under color of law.

13. Counterdefendants had/have a duty to not cause counterplaintiff McDade to be Aggravatedly imprisoned, and be maliciously prosecuted under color of law, and to not cause loss of liberty. Further, counterdefendants had/have a duty to prove jurisdiction when objection to jurisdiction is asserted.

14. Counterdefendants have breached that duty.

15. The damages for the injury caused by counterdefendants' actions are $500.000 for unlawful constructive and actual aggravated imprisonment and malicious prosecution.

-------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

## LAW OF THE CASE

16. Exhibit "A" is incorporated by reference as though fully stated herein.

## REQUEST FOR RELIEF

17. For that cause of action therefore Plaintiff brings his suit.

18. WHEREFORE, Counterplaintiff McDade requests relief and judgment against Counterdefendants as follows:

On all causes of action:

19. For general damages in the sum of $500,000 for constructive and actual imprisonment;

20. For loss of earnings according to proof;

21. That the court enter a declaratory judgment that counterdefendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

22. That the court enter a declaratory judgment that counterdefendants have acted contrary to constitutional right, power or privilege.

23. That the court enter a declaratory judgment that counterdefendants' actions were in excess of statutory jurisdiction, authority and short of statutory right.

------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

24. That the court enter a declaratory judgment that permanently enjoins counterdefendants' and STATE from interfering in any way with counterplaintiff McDade's lawful right to Travel freely and unencumbered;

24. That the court permanently enjoin counterdefendants from interfering in any way with counterplaintiff McDade's lawful right to Travel freely and unencumbered;

25. That the court enter a declaratory judgment that the records of the court not of record are impeached for want of jurisdiction in the Court or judicial officers, for collusion between the parties, and/or for fraud in the parties offering the record, in respect to the proceedings;

26. That the court grant counterplaintiff McDade his attorneys fees;

27. That the court grant counterplaintiff McDade such other and further relief as the court deems proper;

29. For interest as allowed by law; and

30. For costs of suit incurred.

31. I have read and am aware of the foregoing writing. I have personal knowledge of the foregoing facts and am competent to testify as to the truth of those facts if called as a witness. I declare under penalty of perjury that the foregoing facts are true and correct, and that this affidavit was executed in Austin, Texas on 2/3/2015

/s/ _____

David Kent McDade

--------------------------------------------------------------
COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

## COUNTERPLAINTIFF'S CONTACT INFORMATION

Contact information for Counterplaintiff McDade is as follows:

David Kent McDade
310 E. Brenham St.
Elgin, Texas

## VERIFICATION

32.  **STATE OF TEXAS** §

ss  **KNOW ALL MEN BY THESE PRESENTS**

**COUNTY OF TRAVIS** §

Before me, the undersigned Notary, personally appeared David Kent McDade in this matter, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

I, David Kent McDade. I am at least 21 years of age, and I am competent to make this Affidavit. I have personal knowledge of these facts and attest under penalty of perjury the facts stated in this document are true and correct.

I, one of the People of Texas, Assert and Reserve all my unalienable rights, privileges and immunities at Natural Law, Common Law and Maritime Law and all my respective commercial rights relevant to a place called "this state." Affiant does not consent to nor in any way waive any of my rights in whole or in part, nor does Affiant authorize or consent to any violation of those rights by any of Affiant's public servants or any other Corporate Entities.

The facts stated in this motion, are true and correct.

Further, Affiant sayeth not.

/s/ _____
David Kent McDade, Affiant

Signed and Affirmed to before me on this the _3nd_ day of
_February_ (month) 20_15_ (year)
for which witness my seal and signature.

Notary Stamp

KAY SILKENSON
Notary Public
STATE OF TEXAS
My Comm. Exp. October 19, 2016

Notary Signature: _Kay Silkenson_ _____

----------------------------------------------------------------

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

## CERTIFICATE OF SERVICE

*By my signature below, I certify that on this the 29th day of January, 2015, I have no idea who should be served with a true and correct copy of this document, because there is no competent charging instrument, much less one showing a name or address for service of such documents on the Plaintiff by McDade In other words, no one has made any Appearance on the Plaintiff's behalf. Therefore, it is delivered by hand to the court clerk to whoever shows up on the Plaintiff's behalf. If that is no one, then there is nothing served as of this date.*

/s/ _____

David Kent McDade, Affiant

COUNTERCLAIM FOR TRESPASS AND TRESPASS ON THE CASE

EXHIBIT A



# I. LAW OF THE CASE

**The law of the case is decreed as follows:**

Justice and judgment are the habitation of thy throne
Mercy and truth shall go before thy face. - Psa 89:14

Yahshua said: If you abide in My word, of a truth My disciples are ye,
You shall know the truth and the truth shall make you free. -Jn. 8:31,32

**Do justice to the afflicted and the needy. Psa. 82:3**

COMMON LAW GOVERNS. The rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern

# Superior Court

To constitute a court a superior court as to any class of
action within the common - law meaning of that term; its
jurisdiction of such actions must be unconditional, so that
the only thing requisite to enable the court to take cognizance
of them is the acquisition of jurisdiction of the
persons of the parties. Simons v. De Bare, 4 Bosw. , N. Y.

COURT. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

COURT. An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

COURT OF RECORD. To be a court of record a court must have four characteristics, and may have a fifth. They are:

Page 1 of 30

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

A. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

B. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

C. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

D. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

E. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court. [Magna Carta, Article 34].

A statutory or constitutional court (whether it be an appellate or supreme court) may not second guess the judgment of a common law court of record. The Supreme Court of the USA acknowledges the common law as supreme: "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact,

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

by deciding it." Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]

## Sovereignty

...at the Revolution, the *sovereignty* devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472

The very meaning of *'sovereignty'* is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047

*The sovereignty of the United States resides in the people*, and Congress cannot invoke the sovereignty of the people to override their will as declared in the Constitution. P. 294 U. S. 353. Perry v. United States 294 U.S. 330 (1935)

"'Sovereignty' means that the decree of sovereign makes law, and foreign courts cannot condemn influences persuading sovereign to make the decree." Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co., 294 N.Y.S. 648, 662, 161 Misc. 903.
The people of this State, as the successors of its former *sovereign,* are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

A consequence of this prerogative is the legal ubiquity of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.186) His judges are the mirror by which the king's image is reflected. 1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

RESERVATION OF SOVEREIGNTY: "Even if the Tribe's power to tax were derived solely from its power to exclude non-Indians from the reservation, the Tribe has the authority to impose the severance tax. Non-Indians who lawfully enter tribal lands remain subject to a tribe's power to exclude them, which power includes the lesser power to tax or place other conditions on the non-Indian's conduct or continued presence on the reservation. The Tribe's role as commercial partner with petitioners should not be confused with its role as sovereign. *It is one thing to find that the Tribe has agreed to sell the right to use the land and take valuable minerals from it, and quite another to find that the Tribe has abandoned its sovereign powers simply because it has not expressly reserved them through a contract. To presume that a sovereign forever waives the right to exercise one of its powers unless it expressly reserves the right to exercise that power in a commercial agreement turns the concept of sovereignty on its head.* Merrion v. Jicarilla Apache Tribe; Amoco Production Company v. Jicarilla Apache Indian Tribe, 455 U.S. 130, 131, 102 S.Ct. 894, 71 L.Ed.2d 21 (1981)

Government: Republican Government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627. Black's Law Dictionary, Fifth Edition, p. 626

Bond v. U.S. SCOTUS recognizes personal sovereignty, June 16, 2011

## Notice and Choice of Law

The Fifth, Sixth and Seventh Amendments to the Constitution of the United States of America secures due process in the course of the common law to the American people, which necessarily includes the right to trial by jury. See Wayman v. Southard, 23 U.S. 1, 6 L.Ed. 253, 10 Wheat 1 (1825).

Therefore, you are hereby provided notice that as a precaution, **I am invoking the saving to suitors clause (28 U.S.C. § 1333(1))** in order to secure and proceed in the course of the common law in the event that there is controversy within special maritime and territorial jurisdiction of the United States.

Under rules of common law procedure, acquiescence to stipulations of fact and law set forth in attending fact, claim and/or complaint affidavits, along with conclusions of law included or incorporated by reference in conditional acceptance, protest and/or rebuttal documents, will have the effect of a common law Retraxit by Tacit Procuration, whether for purposes of administrative or judicial due process remedies. In the event of acquiescence, stipulations secured by tacit procuration may constitute the basis for counter-claims and other appropriate remedies.

-----------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

# CREATORS LAW

## TORAH

"You shall not steal.

"You shall not give false testimony against your neighbor.

"You shall not covet your neighbor's house. You shall not covet your neighbor's wife, or his male or female servant, his ox or donkey, or anything that belongs to your neighbor." Exodos 20

In England in 1215, the right of life, liberty, property, and the express right of travel were enshrined in Article 42 of *Magna Carta* to ensure that King John knew without qualification where the authority to prevent the exercise of those rights was to be constrained:

It shall be lawful to any person, for the future, to go out of our kingdom, and to return, safely and securely, by land or by water, saving his allegiance to us, unless it be in time of war, for some short space, for the common good of the kingdom: excepting prisoners and outlaws, according to the laws of the land, and of the people of the nation at war against us, and Merchants who shall be treated as it is said above.

This right was carried forward in the Constitution for the United States of America within the Bill of Rights.

Republican government. One in which the powers of *sovereignty* are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]



## **Rights**

"No state shall convert a liberty into a license, and charge a fee therefore."
Murdock v. Pennsylvania, 319 U.S. 105

"The claim and exercise of a Constitutional right cannot be converted into a crime"...
"a denial of them would be a denial of due process of law".
*Simmons v. United States*, 390 U.S. 377 (1968)

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

**The rights of property**

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

**1866 constitution**

SEC. 20. The rights of property and of action, which have been acquired under the Constitution and laws of the Republic of Texas, shall not be divested; nor shall any rights or actions, which have been divested, barred, or declared null and void, by the Constitution and laws of the Republic of Texas, be reinvested, revived, or reinstated, by this Constitution; but the same shall remain precisely in the situation which they were before the adoption of this Constitution.

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the *people*." [The Constitution of the United States of America, Amend. IX.]

(b) The Constitution created a Federal Government of supreme, but limited, powers. The sovereign powers not granted to the Federal Government are reserved to the people or to the States, unless prohibited to the states by the Constitution.
(d) The people of the States are at liberty, subject only to the limitations in the Constitution itself or in Federal law, to define the moral, political, and legal character of their lives.
Executive Order 13083 - Federalism
*May 14, 1998*

Specifically the rights to due process in the fourth, fifth, and sixth amendments.

The right of the *people* to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated and no warrant shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the person to be seized.

No higher duty rests upon *this Court* than to exert its full authority to prevent all violations of the principles of the Constitution."
<u>Downs v. Bidwell</u>, 182 U.S. 244 (1901)

It is the public policy of this state that public agencies exist to aid in the conduct of the people's business....The *people* of this state do not yield their sovereignty to the agencies which serve them. [California Government Code, Section 11120.]

In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business....The *people* of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.]

A written law is that which is promulgated in writing, and of which a record is in existence. [California Code of Civil Procedure, Section 1896]

The organic law is the Constitution of Government, and is altogether written. Other

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

written laws are denominated statutes. The written law of this State is therefore contained in its Constitution and statutes, and in the Constitution and statutes of the United States. [California Code of Civil Procedure, Section 1897]

Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings. [California Code of Civil Procedure, Section 1916]

McDade has Birthrights, Inherent, unalienable, and statutorily granted rights. The Texas Const. enumerates only a select few of McDade's unalienable rights and does nothing to affect or take away those rights not enumerated, nor could it and/or does it allow for any department of government, or its various officers and agencies, to do so. Similarly, the Code of Crim. Proc. specifically grants certain procedural rights, and the courts of this State may not act in any manner or with the intended purpose of depriving McDade of those rights or the procedures implemented by legislative enactments to protect them:

"No one, under any circumstances, should be deprived of any right given him by the laws of this state, and, if any provision of our [CCP] has been overlooked or disregarded, if, in the remotest degree, it could have been hurtful or harmful to the person on trial, the verdict should be set aside. He has a right to be tried in accordance with the rules and form of law, and if this sort of trial is not accorded him he has the right to complain, and to this complaint we will always give an attentive ear."

Parker v. State, 745 S.W.2d 934, 937 (Tex.App.—Houston [1st Dist.] 1988, pet. Ref'd)

The procedural rules of the Texas Code of Crim. Proc. are as binding upon the courts as any statutory provision enacted by the legislature:

"Procedural rules have the same force and effect as statutes. [T]hey should be interpreted and construed under the rules applicable to legislative enactments."

*Reese v. State, 772 S.W.2d 288, 290 (Tex.App.—Waco 1989, pet. Ref'd).*

The enumeration of certain rights within the provisions of the Bill of Rights in Article 1, Texas Const., and the codification of those rights in the provisions of Arts. 1.04 through 1.27, Texas Code of Crim. Proc. makes it axiomatic that "*A court cannot enact a procedural rule which conflicts with a constitutional provision.*" *Reese v. State, ibid.*

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

THE TEXAS CONSTITUTION

PREAMBLE

…the people of the State of Texas, do ordain and establish this Constitution.

Sec. 2. INHERENT POLITICAL POWER; REPUBLICAN FORM OF GOVERNMENT. *All political power is inherent in the people,* and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.

Sec. 4. RELIGIOUS TESTS. No religious test shall ever be required as a qualification to any office, or public trust, in this State; nor shall any one be excluded from holding office on account of his religious sentiments, *provided he acknowledge the existence of a Supreme Being.*

Sec. 6. FREEDOM OF WORSHIP. ….. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion,……

**Rights as declared in the Declaration of Independence of the United States for America**

We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the pursuit of Happiness.
Amendment 9

**Rights secured under the Texas Constitution**

Sec. 3. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

"The court is to protect against any encroachment of constitutionally secured liberty."
Boyd vs. US, 116 US 616

"By the 'law of the land' is most clearly intended the general law [common law]; a law which hears before it condemns; which proceeds upon inquiry, and renders

--------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

judgment only after trial. It means that every Citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society. *Everything which passes under the form of an enactment is not, therefore, to be considered the law of the land.* See the meaning of the term "law of the land" fully discussed. Huntsman v. State, 12 Cr.R. 619. The legislature cannot condemn a particular act as an indictable offense, and then empower the courts in the prosecution of such an offense, to substitute in the indictment and proof, an altogether different act, not prohibited. *Nor can it dispense with the essential allegations and proofs, even in offenses mala prohibita.*"

> Hewitt v. State (1860) 25 T. 722; State v. Wilburn (1860) 25 T. 738; State v. Duke (1875) 42 T. 455; Williams v. State (1882) 12 Cr.R. 395; Huntsman v. State (1882) 12 Cr.R. 619

The state cannot diminish rights of the people. [Hertado v. California, 100 US 516.]

"If a law has no other purpose than to chill assertions of Constitutional rights by penalizing those who choose to exercise them it is patently unconstitutional."
Shapiro vs Thompson 394 US 618

An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never passed." Norton vs Shelby County, 118 US 425

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. [Davis v. Wechsler, 263 US 22, 24.]

Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. [Miranda v. Arizona, 384 US 436, 491.]

There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. [Sherer v. Cullen, 481 F 946.]

"If the state converts a liberty into a privilege the citizen can engage in the right with impunity,." Shuttlesworth vs. Birmingham, 373 US Report 262

"Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."
Byars v. U.S., 273 U.S. 28.

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

"Color of Law" means "The appearance or semblance, without the substance, of legal right. Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state is action taken under 'color of law.'" Atkins v. Lanning. D.C.Okl., 415 F. Supp. 186, 188.

## WILLFULNESS

Claimant must produce evidence regarding "willfulness".

Defined willfulness as an evil motive or intent to avoid a known duty or tax under the law with a moral certainty.
  U.S. v. Bishop, 412 US 34

"Element of willfulness involves a specific wrongful intent, namely, actual knowledge of existence of legal obligation and intent to evade that obligation."
U.S. v. Thompson, 230 F.Supp. 530, 338 F.2d 997 (D.C.Conn. 1964).

## NO INJURED PARTY
## NO STANDING

Claimant must produce injured party who has claimed palpable harm.

Maxim of Law: For there to be a crime, there must be an injured party.
            An action is not given to one who is not injured.

Maxim: An established principle or proposition. A principle of law universally admitted, as being just and consonant with reason. (Bouvier's Law Dictionary, 1856)

Claimant must produce evidence regarding substance.

Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444
(Tex. 1993). As a necessary component of a court's subject-matter jurisdiction, standing cannot be
waived and can be raised for the first time on appeal. Id. at 445-46.

## Standing by Statute

The *Constitution requires standing to maintain suit.* Williams v. Lara, 52 S.W.3d 171, 178

-----------------------------------------------------------------

(Tex. 2001). *A party suing under a statute must establish standing*, or the right to make a claim, under that statute. See id.; Scott v. Bd. of Adjustment, 405 S.W.2d 55, 56 (Tex. 1966). In these cases, the *statute itself provides the framework for the standing analysis.* See Williams, 52 S.W.3d at 178–79; Scott, 405 S.W.2d at 56. We do not imply a right of enforcement just because a party has suffered harm from the violation of a statute; *we look to the intent of the Legislature as expressed in the language of the statute.* See Brown v. De la Cruz, 156 S.W.3d 560, 567

In Texas, the standing doctrine requires that (1) there be "a real controversy between the parties," and (2) that real controversy "will be actually determined by the judicial declaration sought." Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996) (quoting Tex. Air Control Bd., 852 S.W.2d at 446).

*"The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome."* Austin Nursing Ctr. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1559, 441 (2d ed. 1990)).

*"The determination of whether a plaintiff possesses standing to assert a particular claim depends on the facts pleaded* and the cause of action asserted." Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 853 (Tex. App.-Fort Worth 2005, no pet.). See also M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 707-08 (Tex. 2001) (analyzing standing in the context of asserted claim).

When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis. Everett, 178 S.W.3d at 851.

*The plaintiff must allege and show how he has been injured or wronged within the parameters* Daimler Chrysler Corporation, v. Bill Inman et al 03118905

## JURISDITION

---

EXHIBIT A -- LAW OF THE CASE

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. [John J. Joyce v. United States of America, 474 F.2d 215, 219] Joyce v. U.S., 474 F.2d 215, 219 (C.A.3 (Pa.), 1973) "While acts of a de facto incumbent of an office lawfully created by law and existing are often held to be binding from reasons of public policy, the acts of a person assuming to fill and perform the duties of an office which does not exist de jure can have no validity whatever in law. "Jurisdiction, once challenged, cannot be assumed and must be decided." Maine v. Thiboutot, 100 S.C.R.. 2502

"One purpose of [TRCP 13] is to check abuses in the pleading process; that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable .... Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather, 'it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.'" *Appleton v. Appleton,* 76 S.W.3d 78, 86-87 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838) "Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur which we would gladly avoid; but we cannot avoid them. All we can do is, to exercise our best judgment, and conscientiously to perform our duty. In doing this, on the present occasion, we find this tribunal invested with appellate jurisdiction in all

-------------------------------------------------------

cases arising under the constitution and laws of the United States. We find no exception to this grant, and we cannot insert one." Cohens v. Virginia, 19 U.S. 264, 404, 5 L.Ed. 257, 6 Wheat. 264 (1821) "Agency, or party sitting for the agency, (which would be the magistrate of a municipal court) has no authority to enforce as to any licensee unless he is acting for compensation. Such an act is highly penal in nature, and should not be construed to include anything which is not embraced within its terms. (Where) there is no charge within a complaint that the accused was employed for compensation to do the act complained of, or that the act constituted part of a contract." Schomig v. Kaiser, 189 Cal 596.

# RIGHT TO TRAVEL

"No state shall convert a liberty into a license, and charge a fee therefore."
Murdock v. Pennsylvania, 319 U.S. 105

The Transportation codes applied under Color of Law are a violation of Creator given, unalienable rights of the people at natural law, common law, and the Constitutionally protected rights under the first, the fourth, fifth, sixth, ninth and tenth amendments.

Traffic citations are "Bills of Attainder"/ "Bills of Pains and Penalties; and are in violation of Both the Constitution of the United States for America and the Texas Constitution respectively. U. S. of A. Const. Art. 1 Sec 9 / Tx. Const.Art. Sec. 16

In England in 1215, the right of life, liberty, property, and the express right of travel were enshrined in Article 42 of *Magna Carta* to ensure that King John knew without qualification where the authority to prevent the exercise of those rights was to be constrained:

It shall be lawful to any person, for the future, to go out of our kingdom, and to return, safely and securely, by land or by water, saving his allegiance to us, unless it be in time of war, for some short space, for the common good of the kingdom: excepting prisoners and outlaws, according to the laws of the land, and of the people of the nation at war against us, and Merchants who shall be treated as it is said above.

This right was carried forward in the Constitution for the United States of America within the Bill of Rights.

"The right to travel is a part of the liberty of which the Citizen cannot be deprived without due process of law under the Fifth Amendment."
Kent v. Dulles, 357 US 116, 125.

-------------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

"The use of the highway for the purpose of travel and transportation is not a mere privilege, but a common fundamental right of which the public and individuals cannot rightfully be deprived."

Chicago Motor Coach v. Chicago, 169 NE 221.

"All persons, in the absence of legislative edict, are vested with the right to the use of the streets and highways for travel from one place to another in connection with their business, when such use is incidental to that business. This is an ordinary use of the streets and highways, and is frequently characterized as an inherent or natural right."

...                    [the court then goes on to say]

"Even the legislature has no power to deny a Citizen the right to travel upon the highway and transport his property in the ordinary course of his business or pleasure, though this right may be regulated in accordance with the public interest and convenience." [Regulated as used here means the use of traffic signs and signals, not mandatory licensing, registration, or other such "regulation".]

Chicago Motor Coach Company et al. v. Chicago, 66 A.L.R. 834,838, 337 Ill. 200, 169 N. E. 22

"The right of the Citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a common law right which he has under the right to life, liberty, and the pursuit of happiness."

Thompson v. Smith, 154 SE 579.

"The right of a Citizen to travel upon the highway and transport his property thereon, in the ordinary course of life and business, differs radically and obviously from that of one who makes the highways his place of business and uses it for private gain, in the running of a stagecoach or omnibus. The former is the usual and ordinary right of a Citizen, a common right, a right common to all, while the latter is special, unusual, and extraordinary. As to the former, the extent of legislative power is that of regulation; but, as to the latter, its power is broader. The right may be wholly denied, or it may be permitted to some and denied to others, because of its extraordinary nature."

State v. Quigg, hn. 7, 114 So. 859.

"A distinction must be observed between the regulation of an activity which may be engaged in as a matter of right, and one carried on by government sufferance or permission, since in the latter case the power to exclude altogether generally includes the lesser power to impose conditions, and may justify a degree of regulation not admissible in the former."

Packard v. Banton, hn. 8, 264 U. S. 140, 44 Sup.Ct. 257.

"The public roads, free from any obstructions to travel, are solely, and from fence to fence, for the use of the traveling public."

-----------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

Lebanon Light, Heat & P. Co. v. Leap, 29 L.R.A. 342, 139 Ind. 443, 39 N. E. 57. (L.R.A. Digest 1888-1918, Highways and Streets, 67.)

"The right to travel is a well-established common right that does not owe its existence to the federal government. It is recognized by the courts as a natural right."

Schactman v. Dulles 96 App DC 287, 225 F2d 938, at 941.

"Generally "public road" is road used by public as matter of right."

Atchison Transportation & Shipping F. Ry. Co. v. Acosta, (Civ. App. 1968) 435 S.W.2d 539 ref. n.r.e. (Vernon's Civil Statutes of State of Texas Annotated p. 119 Note 9)

"The public have the right to adopt any method of travel upon the public streets not calculated to render the streets unsafe to others."

Chicago v. Collins, 49 L.R.A. 408, 175 Ill. 445, 51 N. E. 907. (L.R.A. Digest 1888-1918, Highways and Streets, 70.)

"Citizen's Right to travel upon public highways includes Right to use usual conveyances of time, including horse-drawn carriage, or automobile, for ordinary purposes of life and business."

...

"The Right of the Citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a Common Right which he has under the Right to life, liberty, and the pursuit of happiness."

Thompson v. Smith (Chief of Police), 154 S.E. 579, 580.

"I am not particularly interested about the rights of haulers by contract, or otherwise, but I am deeply interested in the Right of the public to use the public highways freely for all lawful purposes."

-Chief Justice Tolman, Washington Supreme Court

Robertson v. Department of Public Works, 180 Wash. 133 at 139.

"Every Citizen has an unalienable Right to make use of the public highways of the state; every Citizen has full freedom to travel from place to place in the enjoyment of life and liberty."

People v. Nothaus, 147 Colo. 210.

"A highway established for the general benefit of passage and traffic must admit of new methods of use whenever it is found that the general benefit requires them."

Indiana Springs Co. v. Brown, 1 L.R.A. (N.S.) 238, 165 Ind. 465, 74 N. E. 615. (L.R.A. Digest 1888-1918, Highways and Streets, 68.)

-------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

"The general power to regulate the use of streets is not confined to public uses known at the time of its dedication, but extends to new uses as they spring into existence."

> State ex rel. St. Louis Underground Service Co. v. Murphy, 34 L.R.A. 369, 134 Mo. 548, 31 S. W. 784, 34 S. W. 51, 35 S. W. 1132. (L.R.A. Digest 1888-1918, Highways and Streets, 68.)

"Owners and operators of automobiles have the same right to use the streets and highways that owners and operators of other vehicles possess, and all alike must exercise reasonable care and caution for the safety of others."

> Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 So. 233. (2 Fla Dig, Highways, 10.)

"Automotive vehicles are lawful means of conveyance and have equal rights upon the streets with horses and carriages."

> Chicago Motor Coach Company et al. v. Chicago, 66 A.L.R. 834,838, 337 Ill. 200, 169 N. E. 22.

"Power conferred upon municipalities to regulate the use of the streets by motor vehicles does not include power to prohibit the use of the streets by them." ... "regulation is inconsistent with prohibition or exclusion."

> Chicago Motor Coach Company et al. v. Chicago, hn. 6, 66 A.L.R. 834, 337 Ill. 200, 169 N. E. 22.) (66 A.L.R. 838).

"A Citizen has an absolute right to choose his mode of conveyance provided he observes all of the "laws of the road."

> Swift v. Topeka, 8 L.R.A. 772, 43 Kan. 671, 23 Pac. 1075. (L.R.A. Digest 1888-1918, Highways and Streets, 70.

"The streets and highways belong to the public, for the use of the public in the ordinary and customary manner."

> Hadfield v. Lundin, L.R.A.1918B, 909, 98 Wash. 657, 168 Pac. 516. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"The title to the streets being in the city as trustee for the public, no grant or permission can be legally given which will interfere with their public use. The right of the public to the use of the streets is absolute and paramount to any other."

> Lincoln Safe Deposit Co. v. New York, L.R.A. 1915F, 1009, 210 N. Y. 34, 103 N. E. 768. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"A traveler lawfully using a public highway has the same rights to enjoy such use undisturbed as if he were the owner in fee simple."

> Smethurst v. Independent Cong. Church, 2 L.R.A. 695, 148 Mass. 261, 19 N. E. 387. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

-------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

"Any and all of the public have an equal right to the reasonable use of a highway."

Harold v. Jones, 3 L.R.A. 406, 86 Ala. 274, 5 So. 438. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"Every person whether an owner of the land or not, whether a Citizen or stranger, has the right in common with the rest of the public, to travel all of the public highways."

Hyde v. Minnesota, D. & P. R. Co., 40 L.R.A. (N.S.) 48, 29 S. D. 220, 136 N. W. 92. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"All persons have equal right to use the public streets and highways for purposes of travel by proper means, with due regard to the corresponding rights of others."

Butler v. Cabe, L.R.A.1915C, 702, 116 Ark. 26, 171 S. W. 1190. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"Every Citizen has a right to use public highways."

Swift v. Topeka, 8 L.R.A. 772, 43 Kan. 671, 23 Pac. 1075. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"A public street in a city is a public highway and its uses belong to the public generally and it cannot be said that such uses are limited to the municipality or to its Citizens alone."

Alabama Western R. Co. v. State ex rel. Garber, 19 L.R.A. (N.S.) 1173, 155 Ala. 491, 46 So. 468. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

## DEPRAVATION OF RIGHTS

"No state shall convert a liberty into a license, and charge a fee therefore."

Murdock v. Pennsylvania, 319 U.S. 105

"To be that statute which would deprive a citizen of the Rights of person or property without a regular trial, according to the course and usage of common law, would not be the law of the land."

Hoke v. Henderson, 15 N.C. 15, 25 AM. Dec. 677.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

"Statutes that violate the plain and obvious principles of common right and common reason are null and void."
Bennett v. Boggs, 1 Baldw 60

"Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law."
Owen v. Independence, 100 S.C.R. 1398, 445 US 622

State officers may be held personally liable for damages under 1983 based upon actions taken in their official capacities. Pp. 3-10. HAFER v. MELO, 502 U.S. 21 (1991) 502 U.S. 21

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.

*"Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason."*
U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980);
Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

*"Officers of the Court have no immunity, when violating a constitutional right, from liability, for they are deemed to know the law."*
Owens v. City of Independence, 445 US 621, 100 S. Ct. 1398
Maine v. Thiboutot, 448 US 1, 100 S. Ct. 2502
Hafer v. Melo, 502 US 21

**Conspiracy against rights**: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. [18, USC 241]

**Deprivation of rights under color of law**: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth,

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death. [18, USC 242]

Property rights of citizens: All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. [42 USC 1982]

Civil action for *deprivation of rights*: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. [42 USC 1983]

**Conspiracy to interfere with civil rights**: Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal

-------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. [42 USC 1985(3)]

**Action for neglect to prevent**: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued. [42 USC 1986]

# TABLE OF AUTHORITIES

## Cases

*Armstrong v. Manzo*, 380 U.S. 545 (1965) ............................................................................. 17
*Armstrong v. Manzo*, 380 U.S. 545, (1965) ............................................................................ 14
*Austin v. New Hampshire*, 420 U.S. 656, 668 (1975) (Blackmun, J., dissent) .................... 1, 15
*Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997) ......................................................... 20
*Boddie v. Connecticut*, 401 U.S. 371 (1971) ......................................................................... 14
*Chicago, R. I. & G. Ry. Co. v. Cosio*, Seventh District, 182 S. W., 83 ................................... 19
*Christopher v. Harbury*, 536 U.S. 403 (2002) ....................................................................... 23
*Computize, Inc., v. NHS Comm. Group, Inc.*, 992 S.W.2d 608 (Tex. App.—Texarkana 1999, no. pet) ................................................................................................................................... 9

-----------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

*Cornell Steamboat Co. v. United States*, 321 U.S. 634, 641 (1944) (Frankfurther, J., dissent) ... 19

*Dell Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.*, 743 S.W.2d 302 (Tex. App.— Houston [14th Dist.] 1987, writ denied) .......................................................................................... 9

*Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 344 (1980) (Powell, J., and Stewart, J., dissent) ........................................................................................................................... 1, 15

*Fuentes v. Shevin*, 407 U.S. 67 (1972) .......................................................................... 14, 17

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) ............................................................................ 9

*Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ) .................................................................................................... 9

*Gonzalez v. United States*, 553 U.S. 242 (12 May 2008). ..................................................... 2

*Graham v. Lappin*, 255 F.3d 906 (7th Cir. 2001) .......................................................... 19, 22

*Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) ...................................................................... 14, 17

*Harris v. Hardeman*, 55 U.S. (14 How.) 334 (1852) ......................................................... 14

*Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 322 (1945) (opinion by Black, J.) .......... 14, 17

*Jones v. Flowers*, 547 U.S. 220 (2006) .......................................................................... 14, 17

*Kuntoplast of Am., Inc. v. Formosa Plastics Corp. USA*, 937 S.W.2d 455 (Tex. 1996) ............... 9

*Lloyd v. Alexander, 5 U.S. (1 Cranch) 365 (1803)* ............................................... 6, 10, 14, 16

*Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)* ........................................................... 16

*Maynard v. Texas*, 249 S.W. 473 (Tex. Crim. App. 1923) .................................................. 19

*Milliken v. Meyer*, 311 U.S. 457 (1940) ....................................................................... 14, 17

*Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324 (Tex. App.—El Paso 1994, writ denied) ............................................................................................................................ 9

*Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306 (1950) ............................................. 14, 17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ...................... 6, 10, 16

*N. Ga. Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975) ........................................ 14, 17

*Ogden v. Saunders*, 25 U.S. (12 Wheat.) 213 (1827) ......................................................... 22

*Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988) ...................................................... 14

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007) ............................................... 15

*Rothgery v. Gillespie County, Texas*, 554 U.S. 191 (2008) ................................................. 14

*Rowland v. California Men's Colony*, 506 U.S. 194 (1993) ................................................... 9

*Schinzing v. State*, 234 S.W.3d 208 (Tex. App. – Waco 2007, no pet.) ................................. 10

*Smith v. O'Grady*, 312 U.S. 329 (1941) ............................................................................ 18

*Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969) ................................................. 14, 17

*St. Clair Cnty. v. Interstate Sand & Car Transfer Co.*, 192 U.S. 454 (1904) ....................... 19

*Terry v. Ohio*, 392 U.S. 1 (1968) ..................................................................................... 20

*Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ............................. 9

*United States v. United Mine Workers of America*, 330 U.S. 258 (1947) ............................. 16

*Williams v. Vermont*, 472 U.S. 14, 28 (1985) (dissent) ................................................... 1, 15

## Rules of Criminal Procedure

TEX. CRIM. PROC. CODE ANN. Art. 2.04 (Thomson/West 2011) ................................. 7, 9, 10

TEX. CRIM. PROC. CODE ANN. Art. 2.05 (Thomson/West 2011) ........................................ 7

TEX. CRIM. PROC. CODE ANN. Art. 21.20 (Thomson/West 2011) ..................................... 7, 9

TEX. CRIM. PROC. CODE ANN. Art. 21.21 (Thomson/West 2011) ................................. 7, 9, 12

TEX. CRIM. PROC. CODE ANN. Art. 21.22 (Thomson/West 2011) .............................. 7, 8, 9, 10

-------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Tex. Crim. Proc. Code Ann. Art. 25.04 (Thomson/West 2011) .............................................. 15
Tex. Crim. Proc. Code Ann. Art. 27.01 (Thomson/West 2011) ............................................ 8, 9
Tex. Crim. Proc. Code Ann. Art. 45.018 (Thomson/West 2011) ................................. 10, 12, 15
Tex. Crim. Proc. Code Ann. Art. 45.018(b) (Thomson/West 2011)............................................ 6
Tex. Crim. Proc. Code Ann. Art. 45.019 (Thomson/West 2011) ............................................. 10

## Statutes

49 U.S.C. § 302(i)(1) ................................................................................................................ 19
49 U.S.C. § 902(i)(1) ................................................................................................................ 19
Tex. Const. ART. 5, § 12 ........................................................................................................... 10
Tex. Gov. Code Ann. Sec. 311.016 (Thomson/West 2011)...................................................... 13
Tex. Gov't. Code Ann. Sec. 30.00003 (Thomson/West 2011) ................................................. 23
Tex. R. Civ. P. 7.......................................................................................................................... 10
Tex. Transp. Code Ann. Art. 708.105 (Thomson/West 2011).................................................. 12
Tex. Transp. Code Ann. Ch. 522 (Thomson/West 2011) ......................................................... 21
Tex. Transp. Code Ann. Sec. 501.002(17) (Thomson/West 2011)........................................... 21
Tex. Transp. Code Ann. Sec. 502.001(25) (Thomson/West 2011)........................................... 23
Tex. Transp. Code Ann. Sec. 522.003(11) (Thomson/West 2011)........................................... 21
Tex. Transp. Code Ann. Sec. 522.003(21) (Thomson/West 2011)........................................... 21
Tex. Transp. Code Ann. Sec. 541.001(1) (Thomson/West 2011)..............................................23
Tex. Transp. Code Ann. Sec. 541.001(4) (Thomson/West 2011)............................................. 20
Tex. Transp. Code Ann. Sec. 541.201(11) (Thomson/West 2011)........................................... 21
Tex. Transp. Code Ann. Sec. 541.201(23) (Thomson/West 2011)........................................... 21
Tex. Transp. Code Ann. Sec. 601.002(5) (Thomson/West 2011)............................................. 21
Tex. Transp. Code Ann. Sec. 621.001(9) (Thomson/West 2011)............................................. 21
Tex. Transp. Code Ann. Sec. 642.001(1) (Thomson/West 2011)............................................. 21
Tex. Transp. Code Ann. Sec. 647.001(4) (Thomson/West 2011)............................................. 21
Tex. Transp. Code Ann. Sec. 683.001(4) (Thomson/West 2011)............................................. 21
Tex. Transp. Code Ann. Sec. 728.001(2) (Thomson/West 2011)............................................. 21
Tex. Transp. Code Ann. Sec. 750.003(a) (Thomson/West 2011)............................................. 21

## Professional Responsibility

ABA Model Rules of Prof'l Conduct R. 3.7........................................................................ 10
Tex. Disciplinary Rs. Prof'l Conduct R. 3.08, reprinted in 3A Tex. Gov't Code Ann.
    pp.296-97, 327 (title 2, subtitle G. app. A (after § 84) (Thomson/West 2011) (Tex. State Bar
    R. art. X, § 9)) .................................................................................................................. 10
Tex. Disciplinary Rs. Prof'l Conduct R. 5.05, reprinted in 3A Tex. Gov't Code Ann. pp.296-97,
    327 (title 2, subtitle G. app. A (after § 84) (Thomson/West 2011) (Tex. State Bar R. art. X, §
    9)) ...................................................................................................................................... 10

-----------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

WHO ARE MAGISTRATES. Each of the following officers is a *magistrate* within the meaning of this Code: The justices of the Supreme Court, the judges of the Court of Criminal Appeals, the justices of the Courts of Appeals, the judges of the District Court, the magistrates appointed by the judges of the district courts of Bexar County, Dallas County, or Tarrant County that give preference to criminal cases, the criminal law hearing officers for Harris County appointed under Subchapter L, Chapter 54, Government Code, the criminal law hearing officers for Cameron County appointed under Subchapter BB, Chapter 54, Government Code, the magistrates or associate judges appointed by the judges of the district courts of Lubbock County, Nolan County, or Webb County, the magistrates appointed by the judges of the criminal district courts of Dallas County or Tarrant County, the associate judges appointed by the judges of the district courts and the county courts at law that give preference to criminal cases in Jefferson County, the associate judges appointed by the judges of the district courts and the statutory county courts of Brazos County, Nueces County, or Williamson County, the magistrates appointed by the judges of the district courts and statutory county courts that give preference to criminal cases in Travis County, the criminal magistrates appointed by the Brazoria County Commissioners Court, the criminal magistrates appointed by the Burnet County Commissioners Court, the county judges, the judges of the county courts at law, judges of the county criminal courts, the judges of statutory probate courts, the associate judges appointed by the judges of the statutory probate courts under Chapter 54A, Government Code, the associate judges appointed by the judge of a district court under Chapter 54A, Government Code, the magistrates appointed under Subchapter JJ, Chapter 54, Government Code, as added by H.B. No. 2132, Acts of the 82nd Legislature, Regular Session, 2011, the justices of the peace, and the mayors and recorders and the judges of the municipal courts of incorporated cities or towns.

...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgment in all their points, that is to wit, the Great Charter as the common law.... [Confirmatio Cartarum, November 5, 1297, *Sources of Our Liberties* Edited by Richard L. Perry, American Bar Foundation]

RIGHTS OF ACCUSED. In all criminal prosecutions the accused shall have a speedy public *trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him,* and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor.

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

RIGHT TO REPRESENTATION BY COUNSEL. (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

A court shall presume that a pleading, motion, or other paper is filed *in good faith*. Sanctions under this article may not be imposed except for good cause stated in the sanction order.

RIGHT TO BAIL. All prisoners shall be bailable unless for capital offenses when the proof is evident. This provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

HABEAS CORPUS. The writ of habeas corpus is a writ of right and shall never be suspended.

WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any *person* is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a *person* in his custody, or under his restraint, commanding him to produce such *person*, at a time and place named in the writ, and show why he is held in custody or under restraint.

TO WHOM DIRECTED. The writ runs in the name of "The State of Texas". It is addressed to a *person* having another under restraint, or in his custody, describing, as near as may be, the name of the office, if any, of the *person* to whom it is directed, and the name of the *person* said to be detained. It shall fix the time and place of return, and be signed by the judge, or by the clerk with his seal, where issued by a court.

WANT OF FORM. The writ of habeas corpus is not invalid, nor shall it be disobeyed for any want of form, if it substantially appear that it is issued by competent authority, and the writ sufficiently show the object of its issuance.

-----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

CONSTRUCTION. Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the *person* seeking relief under it

BY WHOM WRIT MAY BE GRANTED. The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law.

FILING FEE PROHIBITED. Notwithstanding any other law, a clerk of a court may not require a filing fee from an individual who files an application or petition for a writ of habeas corpus.

RETURNABLE TO ANY COUNTY. Before indictment found, the writ may be made returnable to any county in the State.

CERTAINTY; WHAT SUFFICIENT. An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words "force and arms" or "contrary to the form of the statute" necessary.

CRUELTY FORBIDDEN. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

RIGHT TO JURY. The right of trial by jury of twelve persons shall remain inviolate.

PUBLIC TRIAL. The proceedings and trials in all courts shall be public.

CONFRONTED BY WITNESSES. The defendant, upon a trial, shall be confronted with the witnesses, except in certain cases provided for in this Code where depositions have been taken.

Page 25 of 30

---------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

WORDS AND PHRASES. All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined.

CONTEMPT OF COURT.

(b) The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.

SEARCHES AND SEIZURES. The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches. No warrant to search any place or to seize any *person* or thing shall issue without describing them as near as may be, nor without probable cause supported by oath or affirmation.

BY AGREEMENT. A criminal action may be continued by consent of the parties thereto, in open court, at any time on a showing of good cause, but a continuance may be only for as long as is necessary.

FOR SUFFICIENT CAUSE SHOWN. A criminal action may be continued on the written motion upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary.

No person nor shall be compelled in any criminal case to be a witness against himself, nor be *deprived of life, liberty, or property, without due process of law*; nor shall private property be taken for public use without just compensation. \\

Right to a trial by jury (7th amendment)
In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the *rules of the common law*.

MOTION SWORN TO. All motions for continuance must be sworn to by a *person* having personal knowledge of the facts relied on for the continuance.

------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

CONTROVERTING MOTION. Any material fact stated, affecting diligence, in a motion for a continuance, may be denied in writing by the adverse party. The denial shall be supported by the oath of some credible *person*, and filed as soon as practicable after the filing of such motion.

WHEN DENIAL IS FILED. When such denial is filed, the issue shall be tried by the judge; and he shall hear testimony by affidavits, and grant or refuse continuance, according to the law and facts of the case.

ARGUMENT. No argument shall be heard on a motion for a continuance, unless requested by the judge; and when argument is heard, the applicant shall have the right to open and conclude it.

COMMON LAW GOVERNS. The rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern.

WRITTEN PLEADINGS. All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing.

MOTION TRIED BY JUDGE. An issue of fact arising upon a motion to set aside an indictment or information shall be tried by the judge without a jury.

SHALL DRAW COMPLAINTS. Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

WHEN COMPLAINT IS MADE. If the offense be a misdemeanor, the attorney shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction; provided, that in counties having no county attorney, misdemeanor cases may be tried upon complaint alone, without an information, provided, however, in counties having one or more criminal district courts an information must be filed in each misdemeanor case. If the offense be a felony, he shall forthwith file the complaint with a magistrate of the county.

COMPLAINT. (a) For purposes of this action, a complaint is a sworn allegation charging the accused with the commission of an offense.(b) A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint. The defendant may waive the right to notice granted by this subsection.

Texas Constitution, Article 5, Section 12:

"(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. *The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.*" (Amended Aug. 11, 1891, and Nov. 5, 1985.)[emphasis added]

"INFORMATION". An "Information" is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

REQUISITES OF AN INFORMATION. An information is sufficient if it has the following requisites: 1. It shall commence, "In the name and by authority of the State of Texas"; 2. That it appear to have been presented in a court having jurisdiction of the offense set forth; 3. That it appear to have been presented by the proper officer; 4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him; 5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed; 6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation; 7. That the offense be set forth in plain and intelligible words; 8. That it conclude, "Against the peace and dignity of the State"; and 9. It must be signed by the district or county attorney, officially.

INFORMATION BASED UPON COMPLAINT. No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

RULES AS TO INDICTMENT APPLY TO INFORMATION. The rules with respect to allegations in an indictment and the certainty required apply also to an information.

WHAT SHOULD BE STATED. Everything should be stated in an indictment which is necessary to be proved.

CERTAIN FORMS OF INDICTMENTS. The following form of indictments is sufficient:

"In the name and by authority of the State of Texas: The grand jury of ............ County, State of Texas, duly organized at the ............ term, A.D. ............, of the district court of said county, in said court at said term, do present that ............ (defendant) on the .......... day of ............A.D. ............, in said county and State, did ............ (description of offense) against the peace and dignity of the State.

-------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

..........., Foreman of the grand jury."

"Article 5 JUDICIAL DEPARTMENT Sec. 12. JUDGES TO BE CONSERVATORS OF THE PEACE; INDICTMENTS AND INFORMATION. (a) All judges of courts of this State, by virtue of their office, are conservators of the peace throughout the State. *(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.[emphasis added]*

If any claim, statement, fact, or portion in this action is held inapplicable or not valid, such decision does not affect the validity of any other portion of this action.

The singular includes the plural and the plural the singular.

The present tense includes the past and future tenses; and the future the present, and the past the present.

The masculine gender includes the feminine and neuter.

# Objection to use of private law

I object to and do not consent to the use of unpublished cases. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. For such references even to begin to be meaningful, a full copy of the opinion for each "WL" or "Lexis" reference must be attached.

----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

# OBJECTION TO NON-JUDICIAL DECISION-MAKING

McDade objects to and does not consent to any assignment *or* any referral of this case, in any part, to any decision-maker other than a duly elected or properly appointed judicial officer exercising full authority of a municipal court judge and who has an active and current oath of office on file. *Gonzalez v. United States*, 553 U.S. 242 (12 May 2008) ("If the parties consent")

-------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

# SUPERIOR COURT OF TEXAS, TRAVIS COUNTY

One of the people of Texas

David Kent McDade          Coram Ipso Rege:                     INDEX NO. 00000001

MAGISTRATE_____

Coram Nobis5:

-a-

AUSTIN MUNICIPAL COURT                          **DECREED**
10 THE STATE OF TEXAS,
Sherry M. Statman,  "Officer Knouse Badge # 5931,"
"Supervisor," and "Second Officer"

counterdefendants

## WRIT OF PROHIBITION₁ 15

As is custom in these Peoples' courts of Justice judges2, as they have been cunningly educated to perform illegally initiate equity law in place of common law3, which is fraud on the court. Experience has shown that these inferior courts are obstinate in their seizing of jurisdiction and thereby obstruct justice, thus we find it necessary to redress the issue beforehand, preventing the delay of justice, by means of this extraordinary writ of prohibition clearly 20 stating Obsta Principus4 against Nisi Prius5, that is to say "We the people resists the first encroachment" and proceed according to the supreme6 common law of the land7, **Coram Nobis 8.**

Therefore this Superior Court of Record9 prohibits the inferior court not of record from assuming jurisdiction in this matter over which it has no control or legitimate authority.10 And its judge is to function as Magistrate1125 . (see law of the case)

Signed by ORDER and on behalf of the SUPERIOR COURT OF TEXAS

Attornatus Privatus

---

1 It is only issued in cases of extreme necessity where the grievance cannot be redressed by ordinary proceedings at law, or in

equity, or by appeal. Niagara Falls Power Co. v. Halpin, 45 N.Y.S.2d 421, 424, 181 Misc. 13; State ex rel. Levy v. Savord, 143 Ohio

St. 451, 55 N.E.2d 735, 736.; An extraordinary judicial writ issuing out of a court of superior jurisdiction, directed to an inferior

court or tribunal exercising judicial powers, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not lawfully vested, State v. Stanfield, 11 Okl.Cr. 147, 143 P. 519, 522; from assuming or exercising jurisdiction over matters beyond its cognizance, Jackson v. Calhoun, 156 Ga. 756, 120 S.E. 114, 115; or from exceeding its jurisdiction in matters of which it has cognizance. Jackson v. Calhoun, 156 Ga. 756, 120 S.E. 114, 115; The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. Code Civ.Proc.Cal. § 1102. State v. Packard, 32 N.D. 301, 155 N.W. 666, 667. Johnston v. Hunter, 50 W.Va. 52, 40 S.E. 448. State v. Evans, 88 Wis. 255, 60 N.W. 433.

2 CHANCELLOR. In American law, this is the name given in some states to the judge (or the presiding judge) of a court of chancery.; COURT OF CHANCERY. A court having the jurisdiction of a chancellor; a court administering equity and proceeding according to the forms and principles of equity. In England, prior to the judicature acts, the style of the court possessing the largest equitable powers and jurisdiction was the "high court of chancery." In some of the United States, the title "court of chancery" is applied to a court possessing general equity powers, distinct from the courts of common law. Parmeter v. Bourne, 8 Wash. 45, 35 P. 586; Bull v. International Power Co., 84 N.J.Eq. 209, 93 A. 86, 88. The terms "equity" and "chancery," "court of equity" and "court of chancery," are constantly used as synonymous in the United States. It is presumed that this custom arises from the circumstance that the equity jurisdiction which is exercised by the courts of the various states is assimilated to that possessed by the English courts of chancery. Indeed, in some of the states it is made identical therewith by statute, so far as conformable to our institutions. Wagner v. Armstrong, 93 Ohio St. 443, 113 N.E. 397, 401.

3 Common law Black's Law 4th edition, 1891 - As distinguished from equity law, it is a body of rules and principles, written or unwritten, which are of fixed and immutable authority, and which must be applied to controversies rigorously and in their entirety, and cannot be modified to suit the peculiarities of a specific case, or colored by any judicial discretion, and which rests con-fessedly upon custom or statute, as distinguished from any claim to ethical superiority. [Klever v. Seawall, C.C.A.Ohio, 65 F. 395, 12 C.C.A. 661].


**OBSTA PRINCIPIIS.** Lat. Withstand begin-nings; resist the first approaches or encroach-ments. Bradley, J., Boyd v. U. S., 116 U.S. 635, 6 Sup.Ct. 535, 29 L.Ed. 746.


**NISI PRIUS COURT** "Nisi prius" is a Latin term (Black's 5th) "Prius" means "first." "Nisi" means "unless." A "nisi prius" procedure is a procedure to which a party FIRST agrees UNLESS he objects. A rule of procedure in courts is that if a party fails to object to something, then it means he agrees to it. A nisi procedure is a procedure to which a person has failed to object A "nisi prius court" is a court which will proceed unless a party objects. The agreement to proceed is obtained from the parties first.

6 Supremacy Clause - This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

Article VI

7 "Law of the land," "due course of law," and "due process of law" are synonymous. People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71 R.I. 284, 43 A.2d 323, 326; Direct Plumbing Supply Co. v. City of Dayton, 138 Ohio St. 540, 38 N.E.2d 70, 72,

137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531.

8 [Blacks Law] Before us ourselves, (the king, i. e., in the king's or queen's bench.) [tribunal pre-trial] **CORAM NOBIS.** [Blacks Law] Before us ourselves, (the king, i. e., in the king's or queen's bench.) Applied to writs of error directed to another branch of the same court, e. g., from the full bench to the court at *nisi prius*. 1 Archb. Pr. K. B. 234. See Writ of Error.

9 The decisions of an inferior court are subject to collateral attack. In other words, in a superior court one may sue an inferior court directly, rather than resort to appeal to an appellate court. Decision of a court of record may not be appealed. It is binding on ALL other courts. However, no statutory or constitutional court (whether it be an appellate or supreme court) can second guess the judgment of a court of record. "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." [Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S.

218, 255 (1973)].

10 An extraordinary writ, issued by a superior court to an inferior court to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has no control, or from going beyond its legitimate powers in a matter of which it ha's jurisdiction. State v. Medler, 19 N.M. 252, 142 P. 376, 377.

11 "A Court of Record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial". Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

2015 FEB 4 AM 8 45

FILED IN CITY OF AUSTIN
MUNICIPAL COURT

INITIALS

ATTACHMENT D

**Ticket Number:**     14092560     Cause Number: 8171190
**Violation Code:**     01310 DO NOT ENTER INTERSECTION - POSTED SIGN

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| VS | § | CITY OF AUSTIN, TEXAS |
| David McDade | § | |

## COMPLAINT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE NAME AND |
| | § | BY THE AUTHORITY OF |
| CITY OF AUSTIN | § | THE STATE OF TEXAS |

     I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that one David McDade on or about Wednesday, October 8, 2014 and before the making and filing of this complaint, within the territorial limits of the City of Austin, Texas,

Did operate a motor vehicle on a public street: NORTH IH 35 SERVICE ROAD and turn said vehicle and enter onto another public street, to-wit: EAST 53RD STREET when official signs were in place at the intersection of said public streets prohibiting the movement, stating: do not enter,

Against the Peace and Dignity of the State.                12/2/14

_Diane Montoya_
Diane Montoya, Affiant

Sworn to and subscribed before me by affiant on this day

_Michele Rod_
Deputy Clerk, for and on behalf of
The Clerk of the Municipal Court,
City of Austin, Texas

COMPLAINT /Diane Montoya

**Ticket Number:**    14092560    Cause Number: 8171191
**Violation Code:**    20510 INSPECTION STICKER - EXPIRED

| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
|---|---|---|
| VS | § | CITY OF AUSTIN, TEXAS |
| David McDade | § | |

## COMPLAINT

| THE STATE OF TEXAS | § | IN THE NAME AND |
|---|---|---|
| | § | BY THE AUTHORITY OF |
| CITY OF AUSTIN | § | THE STATE OF TEXAS |

    I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that one David McDade on or about Wednesday, October 8, 2014 and before the making and filing of this complaint, within the territorial limits of the City of Austin, Texas,

Did operate a motor vehicle registered in Texas, on a public street, to wit: NORTH IH 35 SERVICE ROAD AT EAST 53RD STREET, after the fifth day after the date of expiration of the period designated for inspection, which failed to display a current inspection certificate,

Against the Peace and Dignity of the State.                    12/2/14

*Diane Montoya*
_____
Diane Montoya, Affiant

Sworn to and subscribed before me by affiant on this day

*Michelle Rivas*
_____
Deputy Clerk, for and on behalf of
The Clerk of the Municipal Court,
City of Austin, Texas

COMPLAINT /Diane Montoya

Ticket Number:    14092560    Cause Number: 8171192
Violation Code:    26310 FAILED TO DISPLAY DRIVER LICENSE

| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| VS | § | CITY OF AUSTIN, TEXAS |
| David McDade | § | |

## COMPLAINT

| THE STATE OF TEXAS | § | IN THE NAME AND |
| | § | BY THE AUTHORITY OF |
| CITY OF AUSTIN | § | THE STATE OF TEXAS |

I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that one David McDade on or about Wednesday, October 8, 2014 and before the making and filing of this complaint, within the territorial limits of the City of Austin, Texas,

Did then and there operate a motor vehicle on a public street, at a time when he did not have in his possession a driver's license appropriate for the type of vehicle operated and did fail to display the license upon the demand of a peace officer,

Against the Peace and Dignity of the State.        12/2/14

_____
Diane Montoya, Affiant

Sworn to and subscribed before me by affiant on this day

_____
Deputy Clerk, for and on behalf of
The Clerk of the Municipal Court,
City of Austin, Texas

COMPLAINT /Diane Montoya

**Ticket Number:** 14092561     Cause Number: 8171200
**Violation Code:**     04920 FAILED TO MAINTAIN FINANCIAL RESPONSIBILITY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| VS | § | CITY OF AUSTIN, TEXAS |
| David McDade | § | |

## COMPLAINT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE NAME AND |
| | § | BY THE AUTHORITY OF |
| CITY OF AUSTIN | § | THE STATE OF TEXAS |

I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that one David McDade on or about Wednesday, October 8, 2014 and before the making and filing of this complaint, within the territorial limits of the City of Austin, Texas,

Did operate a motor vehicle without maintaining financial responsibility in the minimum amount required by law and operator was asked to provide evidence of financial responsibility by a peace officer or a person involved in an accident with said defendant and which the defendant did not produce,

Against the Peace and Dignity of the State.        12/2/14

*Diane Montoya*
—————————————
Diane Montoya, Affiant

Sworn to and subscribed before me by affiant on this day

*Michelle Reed*
—————————————
Deputy Clerk, for and on behalf of
The Clerk of the Municipal Court,
City of Austin, Texas

COMPLAINT /Diane Montoya

Ticket Number:     14092561     Cause Number: 8171201
Violation Code:     60910 FAILED/REFUSED TO IDENTIFY

THE STATE OF TEXAS                 §          IN THE MUNICIPAL COURT
          VS                       §          CITY OF AUSTIN, TEXAS
David McDade                       §


## COMPLAINT


THE STATE OF TEXAS                 §              IN THE NAME AND
                                   §          BY THE AUTHORITY OF
CITY OF AUSTIN                      §          THE STATE OF TEXAS


    I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that one David McDade  on or about Wednesday, October 8, 2014 and before the making and filing of this complaint, within the territorial limits of the City of Austin, Texas,

Did then and there intentionally refuse to give his NAME to a peace officer, to-wit: OFFICER KNOUSE , who had lawfully arrested the said defendant and requested the information, said defendant knowing that the person requesting the information was a peace officer,

Against the Peace and Dignity of the State.                              12/2/14



_____
Diane Montoya, Affiant

Sworn to and subscribed before me by affiant on this day


_____
Deputy Clerk, for and on behalf of
The Clerk of the Municipal Court,
City of Austin, Texas


COMPLAINT /Diane Montoya

Ticket Number:    14092561    Cause Number: 8263463
Violation Code:    60910 FAILED/REFUSED TO IDENTIFY


THE STATE OF TEXAS                §        IN THE MUNICIPAL COURT
        VS                        §        CITY OF AUSTIN, TEXAS
David McDade                      §


## COMPLAINT


THE STATE OF TEXAS                §        IN THE NAME AND
                                  §        BY THE AUTHORITY OF
CITY OF AUSTIN                     §        THE STATE OF TEXAS


I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that one David McDade on or about Wednesday, October 8, 2014 and before the making and filing of this complaint, within the territorial limits of the City of Austin, Texas,

Did then and there intentionally refuse to give DATE OF BIRTH to a peace officer, to-wit: OFFICER KNOUSE, who had lawfully arrested the said defendant and requested the information, said defendant knowing that the person requesting the information was a peace officer,

Against the Peace and Dignity of the State.                        4/27/15


_____
Ryan Zapata, Affiant

Sworn to and subscribed before me by affiant on this day


_____
Deputy Clerk, for and on behalf of
The Clerk of the Municipal Court,
City of Austin, Texas


COMPLAINT /Ryan Zapata

ATTACHMENT E

# ORDER FOR CONTINUANCE

STATE OF TEXAS

VS.

David K McDade

IN THE MUNICIPAL COURT
CITY OF AUSTIN, TEXAS

**CASE NUMBER: 8171190**

# ORDER

On this the December 3, 2014, came to be filed a Motion for Continuance for the Jury Trial on Thursday, December 18, 2014 at 8:30 AM. The Court having considered said motion is of the opinion that the Motion for Continuance is **GRANTED**.

_____

Judge Municipal Court City of Austin
Date: December 4, 2014

**Judge's notes:**

**Defendant:** David K McDade
310 E Brenham ST
Elgin, TX 786213017
 Phone: (512) 587-7748 **Phone:**

**Def. Attorney:**
**Phone:** **Phone:**

**Witness:**
**Phone:** **Phone:**

**Officer:** Lee Knouse

_____

Deputy Clerk processing motion

Orcong –
mitsol

CAUSE NO's 8171190,8171191,8171192,81711200, 81711201

STATE OF TEXAS                              IN THE MUNICIPAL COURT

V                                           CITY OF AUSTIN, TEXAS

DAVID KENT MCDADE                           TRAVIS, COUNTY TEXAS

ORDER OF THE COURT

The defendant had tendered three documents, none of which are a valid pre-trial motion.

**I. Affidavit(s) and Judicial Notice of David Kent McDade**

The alleged violations are class c misdemeanors and this is a criminal court. Pre-filed testimony (i.e. affidavits) are not accepted in this court. "Judicial notice" refers to a doctrine of evidence and is an action taken by a judge. The argument that the defendant is a corporation and only subject to the Uniform Commercial Code and exempt from all traffic rules is asinine.

**II. Special Appearance and formal notice of Declination to Plea**

Special Appearance motions are made in civil cases to challenge venue. Generally, they are made by companies sued in a venue in which they have limited business contact. See *International Shoe Co V. Washington*. Again, this is a class c misdemeanor and inappropriate. The offenses alleged are class c misdemeanors alleged to have been committed in the city limits of Austin Texas and the Austin Municipal Court has jurisdiction. The Defendant has the right to refuse to enter a plea. This is addressed by Tex. Code Criminal Procedure Art. 45.024: "The justice or judge shall enter a plea of not guilty if the defendant refuses to plead."

**III. Order**

BE IT HEREBY ORDERED that no valid pre-trial actions or issues have been raised and no pre-trial hearing shall be set. It is further ordered that the cases enumerated above shall be set for a trial by JURY.

Defendant is further ADMONISHED that the filing of pleadings or other documents that are false, groundless or for the purposes of delay or harassment shall result in sanctions per Texas Rules of Criminal Procedure 1.052(e)

Signed this the _11th_ day of _Nov_, 2014.

Sherry M. Statman
Presiding Judge
City of Austin Municipal Court

# City of Austin Municipal Court

700 East 7th Street    P.O. Box 2135 Austin, Texas 78768    Phone: (512) 974-4800

| State of Texas vs. | Cause No. (s): |
|---|---|
| McDade | 8171190, 8171191, 8171192, 8171201 8171200, |

## ORDERS OF THE COURT

This Order applies to _____ 5 _____ cases (s) with fines totaling $_____

Hearing as to indigency:    Finding: [ ] Indigent         [ ] Not Indigent

**EXTENSION TO PAY:** $_____ Today;  $_____ by (date) _____

$_____ every week/month beginning (date) _____ and due on or before the same day of each succeeding week/month until paid in full.

**COMMUNITY SERVICE:**    Defendant is ordered to perform _____ hours of community service at _____.

☐   All community service hours must be completed by (date) _____

☐   The Defendant shall perform _____ hours of community service by _____; then, _____ hours per week/month beginning (date) _____ and such proof is due every week/month thereafter on or before the same day of each succeeding week/month until total hours are completed.  Turn in proof at Municipal Court,

*And the court having further found that the working of more than 16 hours of community service per week (will) (will not) work a hardship on the Defendant.*

**SET APPEARANCE AND NOTIFY DEFENDANT/ATTORNEY FOR:** ___ J/T ___ DOCKET

Appearance set for _____ AM  PM  on (date) _____ Courtroom # _____

**Bond:** $ _____ by (date) _____    **Personal Bond** _____

**REVOKE DEFERRAL / DEFENSIVE DRIVING:** _____ and enter judgment.

**EXTENSION TO COMPLETE DEFERRAL or DEFENSIVE DRIVING BY (date)** _____;

**TO TURN IN PROOF BY (date)** _____.

**JURY WAIVER:** I waive my right to trial by jury in the above-referenced cause numbers.

Date _____ _____    Signature of Defendant _____

Order Notes:  No hearing will be heard on any motions except discovery. All discovery requested was handed over to Defendant in open court. Motions for Discovery were granted. The State has complied.

Date: 2/4/15  Cases are set for J/T per order of Judge Stedman dated 11/4/14.    Judge of the Municipal Court

CAUSE NO. 8171200, 8171201
8171190, 8171191, 8171192

STATE OF TEXAS                    IN THE MUNICIPAL COURT

V                                 CITY OF AUSTIN, TEXAS

*David K. McDade*                 TRAVIS, COUNTY TEXAS


## ORDER OF THE COURT

All motions/documents tendered by the Defendant are hereby DENIED.

Defendant does not have leave of court per local rule 7.2 for any additional Pre-Trial hearings.

Defendant is further ADMONISHED that the filing of pleadings or other documents that are false, groundless or for the purposes of delay or harassment shall result in sanctions per Texas Rules of Criminal Procedure 1.052(e)

Signed this 3rd day of March, 2015.

MAR 03 2015

Sherry M. Statman
Presiding Judge
City of Austin Municipal Court



# ORDER FOR CONTINUANCE

STATE OF TEXAS

VS.

David K McDade

**IN THE MUNICIPAL COURT**
**CITY OF AUSTIN, TEXAS**

## CASE NUMBER: 8171190

# ORDER

On this the March 3, 2015, came to be filed a Motion for Continuance for the Jury Trial on Thursday, March 12, 2015 at 1:15 PM. The Court having considered said motion is of the opinion that the Motion for Continuance is **GRANTED**.

_____
Judge Municipal Court City of Austin
Date: March 3, 2015

**Judge's notes:**

**Defendant:** David K McDade
310 E Brenham ST
Elgin, TX 78621-3017
**Phone:** (512) 587-7748 **Phone:**

**Def. Attorney:**
**Phone:** **Phone:**

**Witness:**
**Phone:** **Phone:**

**Officer:** Lee Knouse

_____
Deputy Clerk processing motion

Orcong –
stevig

# City of Austin Municipal Court

700 East 7th Street          P.O. Box 2135 Austin, Texas 78768          Phone: (512) 974-4800

| State of Texas vs. | | Cause No. (s): | |
|---|---|---|---|
| David Mc Dade | 817-1191 817-1192 | 817-1200 817-1190 | 817-1201 |

## ORDERS OF THE COURT

This Order applies to ____5____ cases (s) with fines totaling $__1,766.20__

Hearing as to Indigency:    Finding: [ ] Indigent          [ ] Not Indigent

EXTENSION TO PAY: $_____ Today;  $_____ by (date) _____
$____100____ every week/month beginning (date) __5-15-15__ and due on or before the same day of each succeeding week/month until paid in full.

COMMUNITY SERVICE:   Defendant is ordered to perform _____ hours of community service at
_____ .

☐   All community service hours must be completed by (date) _____

☐   The Defendant shall perform _____ hours of community service by _____; then, _____ hours per week/month beginning (date) _____ and such proof is due every week/month thereafter on or before the same day of each succeeding week/month until total hours are completed. Turn in proof at Municipal Court.

*And the court having further found that the working of more than 16 hours of community service per week (will) (will not) work a hardship on the Defendant.*

SET APPEARANCE AND NOTIFY DEFENDANT/ATTORNEY FOR: _____ DOCKET

Appearance set for _____ AM PM  on (date) _____ Courtroom # _____

Bond: $ _____ by (date) _____          Personal Bond _____

REVOKE DEFERRAL / DEFENSIVE DRIVING: _____ and enter judgment.

EXTENSION TO COMPLETE DEFERRAL or DEFENSIVE DRIVING BY (date) _____;
TO TURN IN PROOF BY (date) _____ .

JURY WAIVER: I waive my right to trial by jury in the above-referenced cause numbers.

Date _____ _____          Signature of Defendant _____

Order Notes:

Date: __4-30-15__                              _____
                                         Judge of the Municipal Court

Failure to comply with the above orders may result in the denial of the renewal of your driver's license and additional administrative fees. 0512

ATTACHMENT F

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | In the CITY OF AUSTIN MUNICIPAL COURT[1] |
| Plaintiff, | § | OF (public) RECORD |
| v. | § | AUSTIN, TEXAS, |
| | § | TRAVIS COUNTY, Texas [2] |
| David Kent McDade | § | |
| | § | |
| | § | Date: 11/05/ 2014 |

## McDade's Special Appearance

TO THE SAID COURT:

COMES NOW David Kent McDade, in his Proper Capacity, and in his FEDERAL CAPACITY, as DAVID KENT MCDADE, by which latter capacity he confirms his waiver of his objection to the debts of the United States so that this court may both "see" him and "hear" him in this matter , who asserts as follows:

## Assertion of Rights

David Kent McDade, ("McDade") asserts his Birthrights, and all his Inherent, unalienable rights, privileges and immunities at Natural Law, and Common Law, and all his commercial rights relevant to "this state."

---

[1] Only cases have numbers. There being no charging instrument(s) filed, much less served, there is no case, here, by any number. Until STATE proves standing on the record this is a non-case, *Austin v. New Hampshire*, 420 U.S. 656, 668 (1975) (Blackmun, J., dissent); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. at 353 (Powell, J., and Stewart, J., dissent); *Williams v. Vermont*, 472 U.S. at 36 (dissent) (citing *Austin*), i.e., civil, until STATE proves standing. A common number associated with this matter is yet to be established to the knowledge of Respondent.

[2] The above style is mostly guess work, however, comfortably presumed are the Plaintiff and the County. The proper name and capacity of both the Plaintiff and the court are all still unknown. There has never been timely or proper service on McDade of any charging instrument or anything at all identifying all parties and proper service information for same.

McDade does not consent to nor in any way waive any of McDade's rights in whole or in part, nor does McDade authorize or consent to any violation of those rights by any of his public servants, or any other Corporate Entities

## SPECIAL APPEARANCE

McDade asserts his special appearance, objecting to the court's subject matter jurisdiction, personal jurisdiction, and venue.

## OBJECTION TO NON-JUDICIAL DECISION-MAKING

McDade objects to and does not consent to any assignment *or* any referral of this case, in any part, to any decision-maker other than a duly elected or properly appointed judicial officer exercising full authority of a municipal court judge and who has an active and current oath of office on file. *Gonzalez v. United States*, 553 U.S. 242 (12 May 2008) ("If the parties consent") (construing 28 U.S.C. § 636(b)).

## OBJECTION TO USE OF PRIVATE LAW

McDade objects to the use of unpublished cases. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. For such references even to begin to be meaningful, a full copy of the opinion for each "WL" or "Lexis" reference must be attached.

# McDade's Contact information

Contact information for McDade is as follows:


Mailing Address:

310 E. Brenham St.
Elgin, Tx.


# Table of Contents

McDade's Special Appearance ........................................................................................................ 1
Assertion of Rights ...................................................................................................................... 1
Special Appearance ...................................................................................................................... 1
Objection to Non-judicial Decision-making ................................................................................ 2
Objection to use of private law .................................................................................................... 2
McDade's Contact information ..................................................................................................... 3
Table of Contents ......................................................................................................................... 3
Table of Authorities ..................................................................................................................... 4
Discussion .................................................................................................................................... 6
    Due order of pleadings. .......................................................................................................... 6

    Reservation of additional objections. ..................................................................................... 7

   ISSUE:    Does the court have personal jurisdiction over McDade in the instant matter? ...... 7

    Overview: The systemic problem with Notice. ...................................................................... 7

    Notice requires both filing and serving the paperwork. ......................................................... 7

    Notice previously required the filing and serving of two documents. .................................... 8

    Without both of those documents, two key problems existed. .............................................. 10

   ISSUE:    Does this court have subject matter jurisdiction? ................................................... 16

    Statutory Challenges. ........................................................................................................... 16

   ISSUE:    Does Art. 25.04 violate Due Process? ................................................................... 16

    "Hearing" the charge read in no way constitutes meaningful Notice. .................................. 18

To compel an instant response is to offend Due Process. ................................................... 19

ISSUE:    What does "person" mean? ..................................................................................20

ISSUE:    What does "transportation" mean? ..................................................................... 20

Defined. ............................................................................................................................21

Removing People and/or Property. ................................................................................ 21

From Here To There. ...................................................................................................... 21

For Profit or Hire. .......................................................................................................... 21

Under the Choice of Law of the "Place" Called "this State." ....................................... 21

The Generic Concept of "use." ...................................................................................... 22

"Use" and the *Terry* Stop. ............................................................................................. 22

Deliberate indifference. ................................................................................................. 22

ISSUE:    What does "vehicle" mean? .............................................................................. 22

ISSUE:    What does "motor vehicle" mean? .................................................................... 23

ISSUE:    What does "drive" mean? .................................................................................. 23

ISSUE:    What does "operator" mean? ............................................................................. 23

ISSUE:    What does "this state" mean? ............................................................................ 24

ISSUE:    Does this court even really exist as a court of Record? ..................................... 25

Request for Relief ...................................................................................................................... 25

Verification ................................................................................**Error! Bookmark not defined.**

Certificate of Service ................................................................................................................ 26

ORDER ...................................................................................................................................... 28

## TABLE OF AUTHORITIES

### Cases

*Armstrong v. Manzo*, 380 U.S. 545 (1965) ................................................................................ 17

*Armstrong v. Manzo*, 380 U.S. 545, (1965) ............................................................................... 14

*Austin v. New Hampshire*, 420 U.S. 656, 668 (1975) (Blackmun, J., dissent) ....................... 1, 15

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997) .......................................................... 20

*Boddie v. Connecticut*, 401 U.S. 371 (1971) ........................................................................... 14

*Chicago, R. I. & G. Ry. Co. v. Cosio*, Seventh District, 182 S. W., 83 ..................................... 19

*Christopher v. Harbury*, 536 U.S. 403 (2002) ......................................................................... 23

*Computize, Inc., v. NHS Comm. Group, Inc.*, 992 S.W.2d 608 (Tex. App.—Texarkana 1999, no.
    pet) .......................................................................................................................................... 9

*Cornell Steamboat Co. v. United States*, 321 U.S. 634, 641 (1944) (Frankfurther, J., dissent) ... 19

*Dell Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.*, 743 S.W.2d 302 (Tex. App.— Houston
    [14th Dist.] 1987, writ denied) .............................................................................................. 9

*Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 344 (1980) (Powell, J., and Stewart, J., dissent) ............................................................................................................................... 1, 15

*Fuentes v. Shevin*, 407 U.S. 67 (1972) ....................................................................................... 14, 17

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) ...................................................................................... 9

*Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ) ............................................................................................................. 9

*Gonzalez v. United States*, 553 U.S. 242 (12 May 2008). ................................................................ 2

*Graham v. Lappin*, 255 F.3d 906 (7th Cir. 2001) ..................................................................... 19, 22

*Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) ................................................................................. 14, 17

*Harris v. Hardeman*, 55 U.S. (14 How.) 334 (1852) ....................................................................... 14

*Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 322 (1945) (opinion by Black, J.) ........... 14, 17

*Jones v. Flowers*, 547 U.S. 220 (2006) ..................................................................................... 14, 17

*Kuntoplast of Am., Inc. v. Formosa Plastics Corp. USA*, 937 S.W.2d 455 (Tex. 1996) .............. 9

*Lloyd v. Alexander*, 5 U.S. (1 Cranch) 365 (1803) ................................................... 6, 10, 14, 16

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803) .................................................................... 16

*Maynard v. Texas*, 249 S.W. 473 (Tex. Crim. App. 1923) ............................................................ 19

*Milliken v. Meyer*, 311 U.S. 457 (1940) ................................................................................... 14, 17

*Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324 (Tex. App.—El Paso 1994, writ denied) ............................................................................................................................................ 9

*Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306 (1950) ...................................................... 14, 17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ........................ 6, 10, 16

*N. Ga. Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975) ............................................... 14, 17

*Ogden v. Saunders*, 25 U.S. (12 Wheat.) 213 (1827) .................................................................... 22

*Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988) ................................................................ 14

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007) ......................................................... 15

*Rothgery v. Gillespie County, Texas*, 554 U.S. 191 (2008) .......................................................... 14

*Rowland v. California Men's Colony*, 506 U.S. 194 (1993) ............................................................ 9

*Schinzing v. State*, 234 S.W.3d 208 (Tex. App. – Waco 2007, no pet.) ........................................ 10

*Smith v. O'Grady*, 312 U.S. 329 (1941) ....................................................................................... 18

*Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969) ........................................................ 14, 17

*St. Clair Cnty v. Interstate Sand & Car Transfer Co.*, 192 U.S. 454 (1904) ............................... 19

*Terry v. Ohio*, 392 U.S. 1 (1968) ................................................................................................... 20

*Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ..................................... 9

*United States v. United Mine Workers of America*, 330 U.S. 258 (1947) ..................................... 16

*Williams v. Vermont*, 472 U.S. 14, 28 (1985) (dissent) ............................................................ 1, 15

## Rules of Criminal Procedure

TEX. CRIM. PROC. CODE ANN. Art. 2.04 (Thomson/West 2011) ......................................... 7, 9, 10

TEX. CRIM. PROC. CODE ANN. Art. 2.05 (Thomson/West 2011) ................................................... 7

TEX. CRIM. PROC. CODE ANN. Art. 21.20 (Thomson/West 2011) ............................................... 7, 9

TEX. CRIM. PROC. CODE ANN. Art. 21.21 (Thomson/West 2011) ........................................ 7, 9, 12

TEX. CRIM. PROC. CODE ANN. Art. 21.22 (Thomson/West 2011) .................................... 7, 8, 9, 10

TEX. CRIM. PROC. CODE ANN. Art. 25.04 (Thomson/West 2011) ................................................ 15

TEX. CRIM. PROC. CODE ANN. Art. 27.01 (Thomson/West 2011) ............................................. 8, 9

TEX. CRIM. PROC. CODE ANN. Art. 45.018 (Thomson/West 2011) ................................... 10, 12, 15

TEX. CRIM. PROC. CODE ANN. Art. 45.018(b) (Thomson/West 2011)..........................6
TEX. CRIM. PROC. CODE ANN. Art. 45.019 (Thomson/West 2011) ........................ 10

## Statutes

49 U.S.C. § 302(i)(1) ..................................................................................... 19
49 U.S.C. § 902(i)(1) ..................................................................................... 19
TEX. CONST. ART. 5, § 12 .............................................................................. 10
TEX. GOV. CODE ANN. Sec. 311.016 (Thomson/West 2011)................................ 13
TEX. GOV'T. CODE ANN. Sec. 30.00003 (Thomson/West 2011) ........................... 23
TEX. R. CIV. P. 7........................................................................................... 10
TEX. TRANSP. CODE ANN. Art. 708.105 (Thomson/West 2011)............................ 12
TEX. TRANSP. CODE ANN. Ch. 522 (Thomson/West 2011) ................................. 21
TEX. TRANSP. CODE ANN. Sec. 501.002(17) (Thomson/West 2011)...................... 21
TEX. TRANSP. CODE ANN. Sec. 502.001(25) (Thomson/West 2011)...................... 23
TEX. TRANSP. CODE ANN. Sec. 522.003(11) (Thomson/West 2011)...................... 21
TEX. TRANSP. CODE ANN. Sec. 522.003(21) (Thomson/West 2011)...................... 21
TEX. TRANSP. CODE ANN. Sec. 541.001(1) (Thomson/West 2011)........................23
TEX. TRANSP. CODE ANN. Sec. 541.001(4) (Thomson/West 2011)........................ 20
TEX. TRANSP. CODE ANN. Sec. 541.201(11) (Thomson/West 2011)...................... 21
TEX. TRANSP. CODE ANN. Sec. 541.201(23) (Thomson/West 2011)...................... 21
TEX. TRANSP. CODE ANN. Sec. 601.002(5) (Thomson/West 2011)........................ 21
TEX. TRANSP. CODE ANN. Sec. 621.001(9) (Thomson/West 2011)........................ 21
TEX. TRANSP. CODE ANN. Sec. 642.001(1) (Thomson/West 2011)........................ 21
TEX. TRANSP. CODE ANN. Sec. 647.001(4) (Thomson/West 2011)........................ 21
TEX. TRANSP. CODE ANN. Sec. 683.001(4) (Thomson/West 2011)........................ 21
TEX. TRANSP. CODE ANN. Sec. 728.001(2) (Thomson/West 2011)........................ 21
TEX. TRANSP. CODE ANN. Sec. 750.003(a) (Thomson/West 2011)........................ 21

## Professional Responsibility

ABA MODEL RULES OF PROF'L CONDUCT R. 3.7............................................... 10
TEX. DISCIPLINARY RS. PROF'L CONDUCT R. 3.08, reprinted in 3A TEX. GOV'T CODE ANN.
    pp.296-97, 327 (title 2, subtitle G. app. A (after § 84) (Thomson/West 2011) (Tex. State Bar
    R. art. X, § 9)) ...................................................................................... 10
Tex. Disciplinary Rs. Prof'l Conduct R. 5.05, reprinted in 3A TEX. GOV'T CODE ANN. pp.296-97,
    327 (title 2, subtitle G. app. A (after § 84) (Thomson/West 2011) (Tex. State Bar R. art. X, §
    9))..................................................................................................... 10

# DISCUSSION

**Due order of pleadings.**

This Special Appearance is accompanied by McDade's Formal Declination to Plea, and his Objection to Round-Robin Processing. While a ruling on "due order of pleadings" would be helpful, sufficient is the fact that in the event this one must be considered filed first, it is submitted with the other "first filings" in this case.

### Reservation of additional objections.

Should a "complaint" ever exist, and should STATE ever satisfy its Due Process burden by serving such "complaint," McDade reserves the right to supplement this motion should there be defect, error, or irregularity with such "complaint."

*ISSUE:* *Does the court have personal jurisdiction over Respondent in the instant matter?*

### Overview: The systemic problem with Notice.

For there to be personal jurisdiction, there must first be proper Notice.

### Notice requires both filing and serving the paperwork.

*Murphy Bros., Inc.* (timing and sequence matter regarding filing and serving); *Lloyd*, 5 U.S. at 366 ("A citation not served is as no citation."). It may help to mention in this context that an "administrative citation" (a "ticket") and a "complaint," Art. 45.018(b), are two entirely different things.

Thus, it doesn't matter, yet, whether this is characterized as civil or criminal, because Notice will have the same requirements, either way. And, there is, to date, no Notice.

**Notice previously required the filing and serving of two documents.**

In a generic misdemeanor matter, Notice used to require the filing *and* serving of two different documents: (1) a "complaint," which is a sworn statement, and (2) a *pleading,* commonly known and referred to as an Information. Arts. 2.04, 21.20, 21.21, 21.22.

### Art. 2.04. [28] [34] [35] *Shall draw complaints*

> Upon *complaint* being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the *complaint* to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

Art. 2.04 (emphasis added).

### Art. 2.05. [29] [35] [36] *When complaint is made*

> If the offense be a misdemeanor, the attorney shall forthwith prepare *an information based upon such complaint* and file the same in the court having jurisdiction; provided, that in counties having no county attorney, *misdemeanor cases may be tried upon complaint alone,* without an information, provided, however, in counties having one or more criminal district courts *an information must be filed in each misdemeanor case.* …

Art. 2.05 (Thomson/West 2005) (emphasis added).

### Art. 21.20. [413] [477] [465] *"Information"*

> An "Information" is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

Art. 21.20 (emphasis added).

**Art. 21.21. [414] [478] [466] Requisites of an information [District/County Court]**

An information is sufficient if it has the following requisites:

1. It shall commence, "In the name and by authority of the State of Texas";

2. That it appear to have been presented in a court having jurisdiction of the offense set forth;

**3. That it appear to have been presented by the proper officer;**

4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7. That the offense be set forth in plain and intelligible words;

8. That it conclude, "Against the peace and dignity of the State"; and

9. It must be signed by the district or county attorney, officially.

Art. 21.21 (emphasis added).


**Art. 21.22. [415] [479] [467] Information based upon complaint [District/County Court]**

No information shall be presented until *affidavit* has been made by some credible person charging the defendant with an offense. The *affidavit* shall be filed **with the information.** It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

Art. 21.22 (emphasis added).

**Art. 27.01. [504] [568] [557] Indictment or information**

>The primary pleading in a criminal action on the part of the State is the indictment or **information**.

Art. 27.01 (emphasis added).

**Without both of those documents, two key problems existed.**

*THE "LACK OF ATTORNEY SIGNATURE" PROBLEM.*

To examine into the *pleading* first, STATE OF TEXAS is, in actuality, a corporate entity, a commercial enterprise, doing business in "this state" via the benefit of a tax exemption certificate. To date, most who read that think that the author of such a thought has completely lost his mind. So, rather than proving that point at this early stage, it's still the case that all who are faced with the question eventually realize that whether it's a commercial enterprise, or something governmental, it's still an artificial entity. No artificial entity may appear in court without authorized signature. For a misdemeanor case, that authorized signature exists if there's a *pleading*. For a misdemeanor, the *pleading* is the Information.

*NO PLEADING FILED?—NO NOTICE.*

[TEX. CONST. Art. 5, § 12]; Arts. 2.04, 21.20, 21.21, 21.22, 27.01; *Rowland*, 506 U.S. at 201-03 (all artificial entities must have counsel—federal); TEX. R. CIV. P. 7 (corporations must have counsel—state); *Kuntoplast of Am., Inc.* (same); *Computize, Inc.* (same); *Moore* (same); Dell Dev. Corp. (same); *Globe Leasing, Inc.*, 437 S.W.2d at 45-46 (same); ABA MODEL RULES OF PROF'L CONDUCT R. 3.7 (material witness can't also be attorney of Record); TEX. DISCIPLINARY RS. PROF'L CONDUCT R. 3.08, 5.05 (same, plus facilitating unauthorized practice); *Garcetti v. Ceballos* (ethics still matter; "whistleblower" lawyer who testifies against client is

fortunate still to have license, much less job); *Tex. Dept. of Parks & Wildlife v. Miranda* (standing, burden on plaintiff, requires "actual grievance"—state).

### *NO PLEADING SERVED?—NO NOTICE.*

A pleading has meaning sometime after it's been filed, not before. See Murphy Bros., Inc.. A pleading has meaning sometime after it's been served, not before. *Lloyd*, 5 U.S. at 366 ("A citation not served is as no citation.").

### *IN SUM, NO PLEADING?—NO NOTICE.*

Thus, without a pleading, there simply was no Notice, thus no case.

### *THE "LACK OF WITNESS STATEMENT" PROBLEM.*

No "administrative citation" ("ticket") has ever been a "complaint." A "complaint" is a sworn statement. See Arts. 2.04, 21.22, 45.018, and 45.019.

### *IN SUM, NO COMPLAINT AND NO PLEADING?—NO NOTICE.*

Thus, it used to be that without the filing and serving of both a "complaint" and an Information, there simply was no Notice.

When the Money became "funny money," almost everything changed.

See, e.g., *Schinzing* ("complaint" is an adequate charging instrument).

The relationship with Art. 45.019 — a "ticket" is not a "complaint."

A "ticket" is not a "complaint." How do we know? First, Art. 45.019 informs us that a "complaint" is something that is, among other things, (1) sworn to, (2) started with certain language, and (3) ended with certain language. No "ticket" satisfies all of those elements.

Art. 45.019. [883] [973] [938] Requisites Of Complaint [Municipal Court]

(a) A *complaint* is sufficient, without regard to its form, if it substantially satisfies the following requisites:

(1) it must be in writing;

(2) *it must commence "In the name and by the authority of the State of Texas"*;

(3) it must state the name of the accused, if known, or if unknown, must include a reasonably definite description of the accused;

(4) it must show that the accused has committed an offense against the law of this state, or state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of this state;

(5) it must state the date the offense was committed as definitely as the affiant is able to provide;

(6) *it must bear the signature or mark of the affiant;* and

(7) *it must conclude with the words "Against the peace and dignity of the State"* and, if the offense charged is an offense only under a municipal ordinance, it may also conclude with the words "Contrary to the said ordinance".

(b) A complaint filed in justice court must allege that the offense was committed in the county in which the complaint is made.

(c) A complaint filed in municipal court must allege that the offense was committed in the territorial limits of the municipality in which the complaint is made.

(d) *A complaint may be sworn to before any officer authorized to administer oaths.*

**(e)** *A complaint in municipal court may be sworn to before:*

    (1) the municipal judge;

    (2) the clerk of the court or a deputy clerk;

    (3) the city secretary; or

    (4) the city attorney or a deputy city attorney.

(f) If the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity. Nothing in this article prohibits a trial court from requiring that an objection to a charging instrument be made at an earlier time.

Art 45.019 (emphasis added).

*But cf.* Art. 21.21 (attorney signature required). *See also* TEX. TRANSP. CODE ANN. § 708.105 (regarding the "Notice of surcharges" statement typesetting requirements and the citations non-compliance with same).

Thus, the Information is no longer required, which means that STATE doesn't appear via signature of authorized counsel anymore. That failure renders Service of documents such as this next to impossible, but when STATE wants to correct that oversight, the legislature will compel inclusion of an authorized signature along with a name and address on the complaints so that defendants in courts of Record may serve the documents that are "required" to file.

The reason why there's no need for a *pleading,* any more, is that the forum isn't the same type forum as used to exist. Some people go into orbit hearing this, but it's still the case that the gold fringe on the flags proclaims the maritime-law nature of the fundamental "choice of law" in

operation. Thus, what used to be a judicial forum is now an executive, maritime forum. This is why there is no more need for STATE to appear via pleading, i.e., via authorized signature.

Whatever may be the paperwork, Notice is still required.

### Art. 45.018. Complaint [Justice and Municipal Courts]

> (a) For purposes of this chapter, a **complaint** is a sworn allegation charging the accused with the commission of an offense.
>
> (b) **A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint.** The defendant may waive the right to notice granted by this subsection.

Art. 45.018 (emphasis added).

Where this provision is not satisfied, there is no Notice. To date, this provision remains unsatisfied.

Where this provision is not satisfied, a statutorily defined right belonging to McDade has been violated. Art. 45.018(b) creates a statutory right that declares McDade "*is entitled to*" Notice of a complaint at least one day prior to any prosecutorial proceeding related to that complaint.

This phrase is defined in § 311.016(4), Gov. Code.

> Sec. 311.016). "MAY," "SHALL," "MUST," ETC. The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute:
>
> (1) "May" creates discretionary authority or grants permission or a power.
>
> (2) "Shall" imposes a duty.
>
> (3) "Must" creates or recognizes a condition precedent.
>
> (4) **"Is entitled to" creates or recognizes a right.**

(5)  "May not" imposes a prohibition and is synonymous with "shall not."

(6)  "Is not entitled to" negates a right.

(7)  "Is not required to" negates a duty or condition precedent.

As this phrase establishes a reference to either an already existing and recognized right, or, a right created by statute, it is a right that cannot be taken away or ignored unless it is waived by McDade or removed by due process of law. McDade has not and will not waive this right, and, does in fact object to the failure of both the STATE and the court to ensure that McDade's right is fully protected and complied with. Neither has McDade been convicted of anything that could work to remove this right from his access.

*In short, where we're headed, at light speed, is toward a void judgment.*

The court must have personal jurisdiction. See *Milliken* (the Wyoming judgment was valid because service was valid; hence, the Wyoming court *did* have personal jurisdiction).

> *[I]t has been settled, that a judgment depending upon proceedings in personam can have no force as to one on whom there has been no service of process, actual or constructive; who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such a judgment is absolutely void ....*

*Harris*, 55 U.S. at 339 (cited in *Commercial Equip.*, 678 S.W.2d at 918, which holds that even a default judgment is void where there is no service). See also *Peralta* (even "meritorious defense" issue is irrelevant to question of Notice); *Lloyd* ("A citation not served is as no citation."); *Hamdi* (habeas proceeding, which is, of course, a CIVIL proceeding); *Internat'l Shoe*; *Mullane*; *Armstrong*, 380 U.S. at 552; *Sniadach*; *Boddie*; *Fuentes v. Shevin*; *N. Ga. Finishing*; and *Jones*.

The "arraignment" is "any proceeding." *Cf. Rothgery v. Gillespie County*, Texas, 554 U.S. 191 (2008). There being no notice of any complaint at least a day before the arraignment, there is no Notice.

No matter what is delivered to a defendant, where there is no case number, no court name, *and* no contact information provided for service of defense pleadings, motions, and briefs, it follows that no original pleading has been *filed*, much less *served*.

## *NO NOTICE?—NO PERSONAL JURISDICTION.*

## ISSUE:  Does this court have subject matter jurisdiction?

Where there is no personal jurisdiction, the matter is a non-case. All cases are non-cases, *Cf. Austin* (Blackmun, J., dissent); *Deposit Guaranty Nat'l Bank*, 445 U.S. at 353 (Powell, J., and Stewart, J., dissent); *Williams*, 472 U.S. at 36 (dissent) (citing Austin), i.e., civil, until STATE proves standing. Some matters, just like this one, never stop being non-cases. *Cf. Rockwell Int'l Corp* (the final pre-trial order confirmed that this was a non-case).

This is a "criminal case only" forum. Non-cases are civil in nature. This court has no subject matter jurisdiction over any "civil" (non-case) matter.

## Statutory Challenges.

## ISSUE:  Does Art. 25.04 violate Due Process?

Given Art. 45.018(b) , McDade doubts that Art. 25.04 is in any way relevant to this matter. However, should Art. 25.04 be relevant, McDade objects to Art. 25.04 as repugnant to Due Process.

```
Art. 25.04.
    In misdemeanors, it shall not be necessary before trial
    to furnish the accused with a copy of the indictment or
    information; but he or his counsel may demand a copy,
    which shall be given as early as possible.
```

Art. 25.04.

This language purports to give STATE a pass on its Due Process duty to serve Notice. This language pretends that a court, especially a court of "criminal case only" jurisdiction, may proceed without affirmative proof of Notice. To the exact opposite result, no such court has jurisdiction of any kind unless and until STATE has filed its original pleading, by whatever name, e.g., a "complaint", and then served it (timely).

*Cf. Murphy Bros. Inc.* (sequence matters regarding filing and serving the original pleading).[3] See also *Lloyd*, 5 U.S. at 366 ("A citation not served is as no citation.").

To date, McDade has received nothing that tells him that STATE has filed anything. Service would tell McDade what the case number is, in which court any case has been filed, and on whom he should serve his filings. The case style used in the documents to date is largely guesswork. The guesses are included so that what he files may find its way, eventually, to the right destination. If STATE had served its original pleading, then McDade would not be guessing, at all. In short, McDade has no Notice that any "case or controversy" exists.

---

[3] *Murphy Bros.* is a civil case, but all cases are non-cases, i.e., civil, until the plaintiff, here STATE, proves standing. It's impossible for STATE to prove standing for a criminal case where there is no charging instrument even filed, much less served. The authority to determine authority is civil. *Marbury v. Madison.* Civil authority is inherent. *Cf. United Mine Workers.* STATE must prove standing in the criminal context before there's anything even remotely possible to label as criminal.

There is no legislative enactment or judicial procedural rule that lawfully relieves STATE of its duty to provide meaningful Notice. A competent, Due-Process minded statute/plan will place the burdens properly. First, STATE files its original pleading. Then, STATE Serves its original pleading. Once the Record shows return of competent service on the defendant of STATE's original pleading, then an Arraignment may/can be scheduled. Until then, it's not even a case; it's a non-case, i.e., a civil matter.

**"Hearing" the charge read in no way constitutes meaningful Notice.**

In "this state," we deal with a world of very insidious, clever but insidious, semantics. *Some* of those semantics are in the terms, themselves. No code or statutory plan/scheme is more semantics-driven, semantics-dependent than any STATE's "transportation" code (and/or a "vehicles and traffic" code). Responding verbally to a verbal presentation of *those* semantics is humanly possible (although, as discussed next, compelling an "instant" response is repugnant to Due Process). But *some* of the semantics on which the systems in "this state" depend aren't discernable until detected *visually* via the presentation of the words on the page. For this reason, it's 100% *legally* impossible for anyone to have any idea, at all, whatsoever, of what STATE's case is about unless and until the written word is delivered by means consistent with Due Process. "Hearing" the words read aloud will never be *legally* equivalent to "reading" them. "[T]his state" is just too semantics-driven, too semantics-dependent, for "hearing" to replace "seeing".

How does a defendant obtain a copy of STATE's original pleading so as to be able to read it? Either the defendant waives Notice and does STATE's work for STATE, finding the information on his own, or else the defendant compels STATE to satisfy its duty under Due

Process to serve at a meaningful time, in a meaningful manner, on the defendant a copy of what STATE has filed.

> *An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.*

*Mullane*, 339 U.S. at 314. A failure of Notice violates "the most rudimentary demands of due process of law." *Armstrong*, 380 U.S. at 550 (Notice, meaningful time, meaningful manner. 380 U.S. at 552).

See also *Milliken* (Notice, opportunity to be heard, fair play, substantial justice); *Internat'l Shoe* (Notice, opportunity to be heard); *Sniadach* (Notice, opportunity to be heard); *Fuentes v. Shevin* (Notice, meaningful time); *N. Ga. Finishing* (Notice, opportunity to be heard, even for corporations (i.e., the shareholders)); *Burns* (Notice, opportunity to be heard, on upward departure); *Hamdi* (denial of access and of opportunity to be heard); *Jones* (Notice, opportunity to be heard).

### To compel an instant response is to offend Due Process.

If Due Process in/for "this state" allowed "hearing" (a non-filed complaint?) to substitute for "reading/seeing" the filed original pleading, it's still the reality that a system that demands that a defendant respond immediately to any presentation of charges against him, whether verbal or in writing, is a system that offends Due Process. There's nothing "meaningful" about "Notice" that allows absolutely no time to study into the matter.

In general, even in criminal matters, which this one isn't but pretends to want to be, STATE must give Notice. *Cf. O'Grady.*

Under the applicable federal standards, the duty is on STATE to provide Notice. The duty is not placed on the defendant to demand it. It's placed on STATE to provide it. This statute purports to reverse that burden, to relieve STATE of its duty to provide meaningful Notice, at a meaningful time in a meaningful manner. Therefore, this statute facially defies and offends Due Process.

*ISSUE:*     ***What does "person" mean?***

TRANSP. CODE §§ 541.001(4)

> Defined- "person" means: an individual, firm, partnership, association, or
>
> corporation.

Translation: "commercial legal entity"

Application of statutory algebra: If no "person." then no "transportation," or

If no ".transportation" then no "person,"

*ISSUE:*     ***What does "transportation" mean?***

*Not defined in the Transp. Code.*

What is the Transp. Code about? The "transportation" code nowhere defines "transportation." It's not that we can't come up with a definition. It's that when we do, we find that "transportation" is "commercial." Thus, where there's no definition, there's vagueness. But, there is a definition, if we look long and hard enough.

## Defined.

"Transportation" means removing people and/or property from here to there for profit or hire under the choice of law of the "place" called "this state."

## Removing People and/or Property.

Transp. Act of 1940, 54 Stat. 898, 929, 49 U.S.C. § 902(i)(1), in particular § 302(i)(1) . *Cornell Steam-boat*, 321 U.S. at 641-42 (Frankfurter, J., dissent).

## From Here To There.

*Cf. Maynard* (context: unlawful "transportation" of intoxicating liquor).

## For Profit or Hire.

*St. Clair Cnty*, 192 U.S. at 456-57 (allegations regarding operating a ferry without a license). See also *Cosio*, 182 S.W. at 85.

## Under the Choice of Law of the "Place" Called "this State."

The entirety of STATE's regulatory authority, for anything, is limited to that "place" where circulating "funny money" is not flat out fraud, i.e., to the "place" called "this state." *Cf.* § 7; *Graham* (special maritime and territorial jurisdiction).

## The Generic Concept of "use."

If use were irrelevant, it'd be "fraud" to deny a mileage deduction, e.g., Sched. A., for "personal use" of the car. Because "personal use" is not deductible, it follows that use determines "personal v. commercial" treatment and that "personal use" is not commercial in any context. Obviously, personal (non-commercial) use (i.e., travel) needs no "license."

## "Use" and the *Terry* Stop.

The ticketing officer never even tried to establish "transportation" use. He asked nothing about any passenger manifest or any bill of lading. The executive has to have authority to determine his/its authority, and police always have authority to protect themselves. *Terry*. The car has a license plate.

But, that's where the *Terry* authority ended, because McDade was not engaged in "transportation," at the time of the stop.

## Deliberate indifference.

This officer had not been taught that "transportation" regulation has limits. In the exact same way that Ramos and Compean were never taught about "this state" and the limits of their authority at the border, this officer was not taught the limits of "transportation" regulation. "[A] violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Brown*, 520 U.S. at 409.

## *ISSUE:    What does "vehicle" mean?*

TRANSP. CODE §§ 502.001(25), 541.201(23), 621.001(9), Sec. 750.003(a).

Translation: a conveyance used for "transportation" purposes.

Application of statutory algebra: If no "transportation," then no "vehicle."

*ISSUE:* **What does "motor vehicle" mean?**

TRANSP. CODE §§ 501.002(17), 502.001(25), 522.003(21), 541.201(11), 601.002(5), 642.001(1), 647.001(4), 683.001(4), 728.001(2).

Translation: "Vehicle" with a motor.

Application of statutory algebra: If no "transportation," then no "vehicle;" if no "vehicle," then no "motor vehicle."

*ISSUE:* **What does "drive" mean?**

TRANSP. CODE § 522.003(11).

The sole definition for "drive" in the entire "transportation" code is found in the "commercial driver's license" chapter, Ch. 522.

Translation: In the disciplined "transportation" code, "drive" means being behind the wheel of a "vehicle." In the TRANSP. CODE, "drive" means being behind the wheel of a "motor vehicle."

Application of statutory algebra: If no "transportation," then no "vehicle;" if no "vehicle," then no "motor vehicle;" if no "motor vehicle," then no "driving;: hence, no "driver."

*ISSUE:* **What does "operator" mean?**

TRANSP. CODE § 541.001(1).

This "definition" is very confused. "Drives," which has meaning only with respect to a "motor vehicle," is juxtaposed with the concept of "physical control of a vehicle." Ultimately, it doesn't matter, here, but which is it: "vehicle" or "motor vehicle?" [4]

Translation: In the disciplined "transportation" code, "operator" is the one behind the wheel of a "motor vehicle." In the Transp. Code, "operator" is the one behind the wheel of either a "vehicle" or a "motor vehicle."

Application of statutory algebra: No "transportation?"—no "vehicle;" no "vehicle?"—no "motor vehicle;" no "(motor) vehicle?"—no "operator."

## *ISSUE: What does "this state" mean?*

Contrary to popular belief, "this state" isn't really a "place." It's a "choice of law." The "place" called "this state" is a "federal area" or a "federal zone," a "Constitution-free, maritime, commercial zone," associated with the "funny money" found in the 48 contiguous states, Alaska, Hawaii, American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, the Virgin Islands, and all the rest of the territories and protectorates. The capital of "this state" is DC.

Without "this state," running the present "funny money" scam would be criminal. Thus, the fundamental "choice of law" to which "this state" refers is the Law of the Sea, to be distinguished from the "choice of law" associated with an honest system of weights and measures, Lev. 19:35-36, which is the Law of the Land. The Law of the Sea doesn't just apply; it applies only if there's an agreement that includes that choice of law. *Ogden. Cf.* § 7; *Graham.*

In application of these terms.

---

[4] See also §§ 601.002(8) ("motor vehicle"), 642.001(2) (same), 647.001(5) (same); § 724.001(11) (looks to a "motor vehicle" or watercraft, i.e., "transportation" activity); § 24.013(f)(2) (regarding aircraft).

There was never any "transportation" at issue. Since McDade was not engaged in "transportation," there was no "vehicle," no "driver," no "motor vehicle," and no "operator." Therefore, there was never any authority to issue any "ticket", or "citation".

## *ISSUE:* *Does this court even really exist as a court of Record?*

The procedures set out in GOV'T CODE § 30.00003 have not been followed.

The name may or may not be fatally material, but the naming protocol for a municipal court of record set out by statute has not been applied or followed. More to the point, the ordinances simply do not create a court of Record.

To label the court one way, i.e., as a court of Record, but to have its existence be something else entirely, i.e., as a generic municipal court, shows up most prominently in the appellate process. The mismatch can produce an effective denial of access problem. *Cf. Harbury.*

## REQUEST FOR RELIEF

Therefore, McDade requests that this court grant his special appearance and dismiss this case.

Respectfully Submitted

David Kent McDade

# VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | ss   **KNOW ALL MEN BY THESE PRESENTS** |
| **COUNTY OF TRAVIS** | § |

Before me, the undersigned Notary, personally appeared David Kent McDade in this matter, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

I am David Kent McDade. I am at least 21 years of age, and I am competent to make this Motion. I have personal knowledge of these facts and attest under penalty of perjury the facts stated in this document are true and correct.

I assert all my Birthrights and all my Inherent, unalienable rights, privileges and immunities at Natural Law, and Common Law and all my respective commercial rights relevant to a place called "this state." Affiant does not consent to nor in any way waive any of my rights in whole or in part, nor does Affiant authorize or consent to any violation of those rights by any of Affiant's public servants or any other Corporate Entities.

Further, Affiant sayeth not.

        `/s/`_____
David Kent McDade  Affiant

Signed and Affirmed to before me on this the _____ day of

_____ (month) 20_____ (year)

for which witness my seal and signature.

| Notary Stamp |
|---|
| |

Notary Signature: _____

# CERTIFICATE OF SERVICE

By my signature below, I certify that on this the 6th day of November, 2014, I have no idea who should be served with a true and correct copy of this document, because there is no competent charging instrument, much less one showing a name or address for service of such documents on the Plaintiff by McDade In other words, no one has made any Appearance on the Plaintiff's behalf. Therefore, it is delivered by hand in open court to whoever shows up on the Plaintiff's behalf. If that is no one, then there is nothing served as of this date.

/s/
David Kent McDade

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | **In the CITY OF AUSTIN MUNICIPAL COURT (of) RECORD** |
| Plaintiff, | § | **AUSTIN, TEXAS** |
| v. | § | **TRAVIS COUNTY, Texas** |
| | § | |
| DAVID KENT MCDADE, | § | |
| Respondent. | § | |
| | § | **Date:** 11/ 06/ 2014 |

# ORDER

ON THIS the _____ day of _____, 20_____, came on to be heard the foregoing *RESPONDENT'S SPECIAL APPEARANCE*, and after consideration of

*{CHOOSE APPROPRIATE STATEMENT}*

_____ **(A)** the response, the Court hereby

_____ **(B)** the response, and the evidence on file, the Court hereby

_____ **(C)** the response, the evidence on file, and arguments of counsel, the Court hereby

_____ **(D)** the response, and arguments of counsel, the Court hereby

_____ **(E)** the response, and arguments of counsel, and after receiving evidence in open

court, the Court hereby

_____ DENIES the motion, to which Respondent excepted.

_____ GRANTS the motion to dismiss _____ with prejudice / _____ without prejudice.

COMMENTS: _____

_____

_____

_____

_____

SIGNED on _____, 20_____      _____
                                              PRESIDING JUDGE

| STATE OF TEXAS, | § | in the SUPERIOR COURT OF TEXAS |
| Plaintiff, | § | OF PUBLIC RECORD |
| v. | § | AUSTIN, TEXAS |
| David Kent McDade, | § | TRAVIS COUNTY, Texas |
| Respondent, | § | |
| David Kent McDade, | § | AFFIDAVIT: NOT ENGAGED |
| Counterplaintiff | § | IN COMMERCE |
| | § | OR TRANSPORTATION |
| v. | § | |
| | § | (VERIFIED) |
| "Officer Knouse Badge # 5931," "Supervisor," | § | |
| "Second Officer," Sherry M. Statman, Barbara | § | Date:      March 2, 2015 |
| L. Garcia, Devin Rourke, | § | |
| | § | |
| Counterdefendants | § | |
| | § | |
| | § | |

## Affidavit of David Kent McDade –
## Not Engaged in Commerce or "Transportation"

TO THE SAID COURT:

COMES NOW David Kent McDade, hereinafter ("McDade") one of the people of Texas, who asserts as follows:

McDade, requests the court to discharge Plaintiff's cause(s) of action for lack of *in personam* jurisdiction and subject matter jurisdiction for causes stated herein.

## Assertion of Rights

1.     McDade Asserts and Reserves all his unalienable rights including but not limited to his, rights, privileges, and immunities at Natural Law, Common Law, and Maritime Law and all his respective commercial rights relevant to "this state." Tx. Const. Art. 1 Sec. 2

**AFFIDAVIT NOT ENGAGED IN COMMERCE**

McDade does not consent to nor in any way waive any of McDade's rights in whole or in part, nor does McDade authorize or consent to any violation of those rights by any of his public servants, or any other Corporate Entities.

## Objection to use of private law

McDade objects to the use of unpublished cases. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. For such references even to begin to be meaningful, a full copy of the opinion for each "WL" or "Lexis" reference must be attached.

## Objection to Use of Undefined Terms and Phrases

McDade moves the court to direct and so order whomever is purporting to act as the "Attorney for the State" that, unless the prosecution is both willing and does provide the complete legal definitions and usages of Terms and Phrases relating to the regulatible activity of transportation.to McDade in open court, then, the terms and phrases are not to be used or alluded to at any point in the proceedings against McDade. Such usage would include but not be limited to jury *voir dire*, opening statements, direct or cross-examination, closing statements or as a response given in testimony by any witness for THE STATE OF TEXAS, hereinafter "the State".

## Facts

McDade hereby makes the following statements of fact under penalty of perjury and asserts that they are true and correct.

**AFFIDAVIT NOT ENGAGED IN COMMERCE**

McDade was stopped on or about the 8th day of October, 2014 at approximately 8:17 am by a person identified as a "City of Austin Municipal "Police Officer.""

The person who aggravatedly, unlawfully imprisoned McDade has been identified only as "Officer Knouse Badge # 5931" hereinafter, Knouse # 5931.

At the time of the "traffic/transportation stop," McDade was unlawfully imprisoned by Knouse # 5931 upon the initiation of the stop for the purpose of issuing citation #s 14092560; 14092561. This fact is attested to by Knouse # 5931 admittance of such at the time of "traffic/transportation stop".

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade was traveling viatically upon the public right-of-way in a private conveyance for his own private business and pleasure while utilizing due diligence and care to ensure that his actions did not cause harm to other person(s) or property and no such harm had taken place.

McDade was not engaged in causing harm to any person, property, or thing, nor was McDade providing Knouse # 5931 with any probable cause to believe that McDade was engaging in any use of the highways that would make McDade subject to the regulatory provisions of the Transp. Code, but, McDade was still stopped and unlawfully imprisoned by Knouse # 5931 without any apparent probable cause to believe such activities were taking place.

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade was not acting in the capacity of a public, private, or common "carrier" for the purpose of "transporting" any "person(s)," "goods," or "property" from one place to another upon the highways of "this state" for compensation or hire.

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade was not "operating" or "driving," or any of the grammatical variations of those terms, a "motor vehicle" or "vehicle" upon the highway for the purpose of transporting any "person(s)," "goods,"

AFFIDAVIT NOT ENGAGED IN COMMERCE

or "property" from one place to another for compensation or hire while acting in the capacity of a public, private, or common "carrier" in "this state."

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade was not "transporting" any "person(s)" or "passenger(s)" for compensation or hire.

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade was not transporting any "goods" or "property" for compensation or hire.

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade was not engaged/engaging in any commercial acts whatsoever upon the highways that could be mistakenly construed as engaging in "transportation."

At the time of the "traffic/transportation stop" and unlawful imprisonment McDade informed Knouse # 5931 that McDade was not acting as a "carrier" nor engaging in any acts of "transportation."

At the time of the "traffic/transportation stop" and unlawful imprisonment Knouse # 5931 made no effort to determine if McDade was in possession of a passenger manifest proving the "transporting" of "persons" or "passengers" for compensation or hire.

At the time of the "traffic/transportation stop" and unlawful imprisonment Knouse # 5931 made no effort to determine if McDade was in possession of a bill of lading proving the "transporting" of "goods" or "property" for compensation or hire.

At the time of the "traffic/transportation stop" and unlawful imprisonment Knouse # 5931 made no effort at all to determine McDade's actual capacity or to collect any evidence proving that McDade was engaging in "transportation" upon the highways of "this state".

At the time of the "traffic/transportation stop" and unlawful imprisonment Knouse # 5931 proceeded against McDade as if it were a foregone legal conclusion that an individual's act of

**AFFIDAVIT NOT ENGAGED IN COMMERCE**

privately traveling upon the public right-of-way automatically constituted "transportation."

McDade asserts for the record that he absolutely *was not* engaging in any privileged activity(s) or act(s) constituting "transportation," especially those pertaining to any form of commercial use of the highways, nor to McDade's knowledge is "the State" in possession of any physical evidence that could or would prove the contrary.

McDade was traveling viatically upon the highways in a private personal conveyance for personal business and/or pleasure and was not engaged/engaging in any commercial activity whatsoever, including any and all of those activities codified within the Transp. Code and/or Title 49 of the United States Code.

McDade maintains that, at the time of the "traffic" stop and unlawful imprisonment, McDade absolutely *was not* engaged/engaging in any act(s) of "transportation" upon the highway that might create a legal and binding duty upon McDade to comply with any such regulatory authority codified in the Transp. Code.

McDade absolutely *was not* engaged/engaging in any act(s) of a commercial nature that might be consistent with the legal meaning and application of the term "transportation" and that could/would create a legal and binding duty upon McDade to comply with any such commercial regulatory authority.

McDade asserts that McDade is/was doing nothing more than exercising an unalienable Right to liberty and the use his private property for Private Travel.

Respectfully submitted

Seal_____
David Kent McDade

# Verification

**STATE OF TEXAS** §
§   **KNOW ALL MEN BY THESE PRESENTS**
**COUNTY OF TRAVIS** §

Before me, the undersigned Notary, personally appeared David Kent McDade, the Affiant in this matter, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

*I am David Kent McDade. I am at least 21 years of age, and I am competent to make this Affidavit. I have personal knowledge of these facts and attest under penalty of perjury the facts stated in this document are true and correct.*

*I, one of the people of Texas, Assert, and Reserve all my unalienable Rights, privileges and immunities at Natural Law, Common Law and Maritime Law, and all my respective commercial rights relevant to a place called "this state." Affiant does not consent to nor in any way waive any of my rights in whole or in part, nor does Affiant authorize or consent to any violation of those rights by any of Affiant's public servants or any other Corporate Entities.*

Further, Affiant sayeth not.

<u>Seal</u>_____
David Kent McDade, Affiant

Signed and Affirmed to before me on this the _____ day of

_____ (month) 20_____ (year)

for which witness my seal and signature.

| Notary Stamp |
| --- |
|  |

Notary Signature: _____

# Certificate of Service

By my signature below, I certify that on this the 2nd day of March, 2015, I have no idea who should be served with a true and correct copy of this document, because there is no competent charging instrument, much less one showing a name or address for service of such documents on the Plaintiff by the Affiant In other words, no one has made any Appearance on the Plaintiff's behalf. Therefore, it is delivered by hand to the Court Clerk for whoever shows up on the Plaintiff's behalf. If that is no one, then there is nothing served as of this date.

<u>Seal</u>_____
David Kent McDade, Affiant

**AFFIDAVIT NOT ENGAGED IN COMMERCE**

# ATTACHMENT G

CAUSE NO. _7723513_

| STATE OF TEXAS | IN THE MUNICIPAL COURT |
|---|---|
| V | CITY OF AUSTIN, TEXAS |
| *McDade, David* | TRAVIS, COUNTY TEXAS |

## ORDER OF THE COURT

All motions/documents tendered by the Defendant are hereby DENIED.[1]

Defendant does not have leave of court per local rule 7.2 for any additional Pre-Trial hearings.

Defendant is further ADMONISHED that the filing of pleadings or other documents that are false, groundless or for the purposes of delay or harassment shall result in sanctions per Texas Rules of Criminal Procedure 1.052(e)

Signed this the _26th_ day of _July_, 2012.

_Sherry M. Statman_
Sherry M. Statman
Associate Judge
City of Austin Municipal Court

---

[1] A motion granting all discoverable items the Defendant is entitled to as a matter of law is entered under a separate title.

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
CAUSE NO. 7723513

STATE OF TEXAS                    )    IN THE MUNICIPAL COURT

                                  )

VS.                               )    OF AUSTIN

                                  )

DAVID K. MCDADE                   )    TRAVIS COUNTY, TEXAS

---

STATEMENT OF FACTS

---

On the 26TH day of July, 2012, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Judge Sherry Statman, Judge Presiding, held in Austin, Travis County, Texas.

Proceedings reported by computerized stenotype machine.

MARY LOU TAYLOR, CSR, AUSTIN, TEXAS,
512-658-0354; mltaylor1234@gmail.com

**APPEARANCES**

Ms. Sherry Statman, Judge Presiding

Witness: Mr. David K. McDade

TABLE OF CONTENTS

PAGE:

Appearances............................... 2

Proceedings............................... 3

# PROCEEDINGS

THE COURT: Case No. 7723513, titled the State of Texas versus David K. McDade. The parties are present. First and foremost, I'm going to go over a few things. The law requires me to treat a person proceeding Pro Se the same as a licensed attorney. You are held to the same rules and same standards as an attorney.

When you sign and submit a motion or document to this Court, you are asserting, first of all, that you have read the motion. Second, that you understand it, and that you believe that it contains valid legal arguments.

In this case, multiple documents have been submitted to the Court. Some of them are repetitive, contain the same things, they are nonsensical, they do not in any way, shape or form resemble a legitimate motion. You site noncontrolling and nonadvisory law, you site incorrect or inapplicable statutes, and these contain very little legal argument. Mostly it is a rant about what you think the law is and your interpretation of it, if you in fact wrote any of this, I doubt highly.

I have seen these motions multiple times

before with different names on them, same font, same grammatical errors, et cetera, et cetera.

What is here is specious at best. A motion has to state, first of all, it actually is a motion. Second, it must present a coherent legal argument, and third, it must ask the Court to take action that the Court has the authority to take. These motion don't do any of that.

What they do, other than waste the time of the Court and everybody here, is present arguments such as you have to be charged with an indictment for a Class C Misdemeanor which is incorrect, that you must be magistrated even though you were not arrested, which is incorrect, and that the whole case is invalid because of the font on the ticket, also incorrect. All the motions are denied.

According to our Court rules, you have waived any other things that you did not bring up by this proceeding, so any other pretrial matters are waived. You do not have leave of Court for another pretrial. This case is going to proceed to a jury trial. You're going to get an order of the Court that all the motions are denied. There's a subsequent order granting

discovery of all tangible items, so anything that you would be entitled to discover by law, you will receive, the prosecutor will supply those to you. And with that, my court clerk is going to get you copies of these motions and we are off the record and that's all for today.

(Off the record.)

THE COURT: Back on the record.

I've just been informed that you recorded this, that is against the Court rules. I do not consent for you to use my voice, my image, or any other thing regarding this proceeding in any public way. If you want a copy of the transcript, you will contact the court reporter.

These little rules and the -- you know, these statutes and things that apply, they're not a joke. Because this is your first time here, I am not going to hold you in contempt for violating a Court rule, but I am going to admonish you, take this seriously, and if you do come to court and you do have recording devices and you have been told that you are not to do that, that is posted outside, that is a rule of this Court, you are subjecting yourself to contempt, which means you can be fined money or

you can be taken and arrested and held up for 24 hours for these cases, so let's not do that.

These orders also contain an admonishment about the effect of filing frivolous proceedings, you can be sanctioned for that as well. With that, we're off the record.

(Proceedings concluded.)

STATE OF TEXAS )

COUNTY OF TRAVIS )

I, Mary Lou Taylor, Deputy Official Court Reporter in and for the MunicipalCourt, City of Austin, Travis County, Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $25 and was paid by Mr. David McDade.

WITNESS MY HAND on this the 6th day of August, 2012.

Mary Lou Taylor, CSR No., 2215
Expiration Date: 12/31/12
Certified Shorthand Reporter
Municipal Court, City of Austin
Travis County, Texas
mltaylor1234@gmail.com
512-658-0354

ATTACHMENT H

STATE OF TEXAS,
                    Plaintiff,
                      v.
David Kent McDade,
                  Respondent,

David Kent McDade,
                Counterplaintiff
                      v.

"Officer Knouse Badge # 5931,"
"Supervisor," "Second Officer," Sherry M.
Statman, Barbara L. Garcia, Devin Rourke,

                Counterdefendants

§ in the SUPERIOR COURT OF TEXAS
§ OF PUBLIC RECORD
§ AUSTIN, TEXAS
§ TRAVIS COUNTY, Texas
§
§ FIRST AMENDED ACTION
§ FOR TRESPASS AND
§ TRESPASS ON THE CASE
§
§ Citation Number(s) 14092560, 14092561
§
§ (VERIFIED)
§
§ Date: March 2, 2015
§
§

# FIRST CAUSE OF ACTION

## TRESPASS

This First Amended Action amends by entire substitution the action filed January 4th, 2015 in the above entitled court.

CAUSE OF ACTION

1. David Kent McDade, counterplaintiff (hereinafter "McDade") is one of the people of Texas and in this court of record complains of each of the following:

      "Officer Knouse Badge # 5931," "Supervisor," and "Second Officer," Sherry M.

      Statman, Barbara L. Garcia, Devin Rourke, (hereinafter "Infringers"); (all

      hereinafter collectively "Infringers");

who are each summoned to answer McDade in a plea of trespass and trespass on the case, to wit:

Page 1 of 15

--------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

## BACKGROUND

2. Each of the Infringers exceeded his jurisdiction by either directly, through an agent, or in concert with another did cause McDade to be aggravatedly unlawfully imprisoned[1] against his will, without jurisdiction. Preceding the unlawful imprisonment McDade was duly[2] engaged in good faith exercising his unalienable, substantive Right to Travel freely and unencumbered. Said Infringers interrupted said Travel, and then unlawfully imprisoned McDade. During this unlawful imprisonment under, threat, duress, coercion, and against his will Infringers subjected McDade to multiple threats of further charges and or incarceration if certain requested information and or papers was/were not given verbally and or produced physically.

3. At the time of the alleged offence, till the present McDade under color of law, was/is held in actual or constructive aggravated imprisonment. Although he objected to the assumed jurisdiction, those who kept him aggravatedly imprisoned under color of law did not respond to any of his demands and requests for proof of jurisdiction or for discharge of the action against him and the reinstatement of his liberty. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. McDade continues to be subject, under color of law, to the assumed jurisdiction of the Infringers.

---

[1] Imprison: To confine a person or restrain his liberty in any way. Black's Law Dictionary, 5th Edition
Imprisonment: ...it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Black's Law Dictionary, 5th Edition

[2] Duly: ...according to law in both form and substance. Black's Law Dictionary, 5th Edition

------------------------------------------------------------------

FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

## JURISDICTION

4. On examination of all available information, McDade is able to ascertain that Infringers had/have no lawful jurisdiction to commit their acts.

5. Therefore, on information and belief, McDade alleges that Infringers do/did not have any jurisdiction and may not extra judicially proceed.[3]

6. McDade demands that Infringers submit to the court proof of jurisdiction, if any they have.

7. If no proof of jurisdiction is submitted to the court, McDade requests that the above-entitled court of record find that Infringers are without jurisdiction, that the McDade be discharged from matters stated in Citation Number(s) 14092560, 14092561 without delay, and that the Inferior Court may not proceed.

---

[3] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it. 6 Peters, 709; 4 Russell, 415; 3 Peters, 203-7" Cited by STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657, 718 (1838)

"Where a Court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other Court. But, if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828)

--------------------------------------------------------------

FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

## SECOND CAUSE OF ACTION

## TRESPASS

## JURISDICTION

8. Paragaphs 1 through 7 are incorporated by reference as though fully stated herein.

9. Each Infringer acted in such a way, or failed to act in such a way, that McDade is deprived of his liberty. Each Infringer acted to deprive McDade of his liberty; or each Infringer failed to act to prevent the loss by McDade of his liberty. Further, each Infringer is a willing participant in concert with each of the remaining Infringers.

10. At all times mentioned in this action each Infringer is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said agency.

## Facts of Incident

1. McDade was stopped on or about the 8th day of October, 2014 at approximately 8:17am by a person identified as a "City of Austin Municipal "Police Officers."

2. The person(s) who seized, accosted, and unlawfully Aggravatedly Imprisoned McDade have been identified only as "Officer Knouse Badge # 5931" hereinafter, Knouse # 5931 and his

-------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

"Supervisor" hereinafter Supervisor and "Second Officer" hereinafter known as "Unknown Officer" (all hereinafter collectively "Infringers");

3. At the time of the "traffic/transportation stop," McDade was "arrested" which amounted to McDade being seized, accosted, and unlawfully imprisoned by the Infringers upon the initiation of the stop for the purpose of issuing Citation Number(s) 14092560, 14092561. This fact is attested to by the Infringers admittance of such at the time of "traffic/transportation stop." McDade was forcibly issued Citation Number(s) 14092560, 14092561 under threat, duress, and coercion by the Infringers.

4. At the time of the "traffic/transportation stop", and unlawful imprisonment McDade requested to speak to the Knouse # 5931's Supervisor (name to be determined), during which time another officer "Unknown Officer" arrived; when Knouse # 5931's Supervisor arrived McDade informed the Supervisor of the situation and the Supervisor and other "Unknown Officer" all of the above identified officers took part in and allowed the unlawful imprisonment to continue until forcibly issued Citation Number(s) 14092560, 14092561 were completed.

5. At the time of the "traffic/transportation stop", and unlawful imprisonment McDade was traveling viatically upon the public right-of-way in a private conveyance for his own private business and pleasure while utilizing due diligence and care to ensure that his actions did not cause harm to other person(s) or property and no such harm had taken place.

6. McDade was not engaged in causing harm to any person, property, or thing, nor was McDade providing the Infringers with any probable cause to believe that McDade was engaging in any actions to cause harm to any person(s) or property, or thing but, McDade was still stopped, seized, accosted, and unlawfully imprisoned by the Infringers without any apparent probable cause to believe such activities were taking place.

7. McDade asserts that at the time of the "traffic/transportation stop" he was not causing harm to any person or property or being violent in any way. McDade asserts that he is/was doing nothing more than exercising a unalienable, substantive Right and liberty to Travel freely and unencumbered and the use of his private property for Private Travel.

---------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

# THIRD CAUSE OF ACTION

## TRESPASS

## JURISDICTION

Paragaphs 1 through 7 are incorporated by reference as though fully stated herein.

## Facts of Incident

The issue of the acts of Judicial Misconduct by Mrs. Sherry M. Statman is detailed as follows:

McDade received a traffic citation from the City of Austin Police Dept., McDade filed documents in the Austin Municipal Court in answer to said citation in the form of a Special Appearance Challenging Personal and Subject matter Jurisdiction and Venue / motion to dismiss, a Declination to Plea and an Affidavit of not Engaged in Transportation, to show on the record that the court nor STATE had any lawful jurisdiction over the matter or McDade.

There was never any proper and timely notice to McDade by the court at the time of the filing of McDade's documents, as can be proven by the attached docket call print out from the court website; of an Information that still to this day does not exist (the primary pleading of the STATE) pursuant to U.S. Const. Amend VI, Tex. Const. Art. 1 Sec 10; which vacated irreparably any personal jurisdiction by lack of proper and timely action by the court (latches).

The court and /or Plaintiff do not have any proof of subject matter jurisdiction in the form of fact, law, and evidence on the record that McDade was engaged in the regulatible Commercial activity of Transportation, which the lack of vacates subject matter jurisdiction. For the/them to prove subject matter jurisdiction they have to prove that the statue gives them jurisdiction in this particular alleged offence and prove every element as to what grants them jurisdiction over McDade. The Affidavit Not in Transportation proves conclusively that neither the court nor Plaintiff has such evidence.

The Special Appearance/ motion to dismiss addresses both the lack of notice issue and the lack of subject matter /evidence issue, so you can see the validity of McDade's challenge to both instances of jurisdiction; and my reason to decline to plea to a court lacking not only jurisdiction but also standing. At the present time the court and the Plaintiff are moving forward absent any lawful jurisdiction.

--------------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

After filing papers in this matter Mrs. Sherry M. Statman sent an order to McDade in the mail addressing his filings in a rude and threatening manner.

Jurisdiction is not accomplished simply by physicality as presumed by Mrs. Sherry M. Statman in her order; this assertion of jurisdiction just by physicality claim is just a judicial avoidance tactic, to avoid on point the true lack of jurisdiction issue. McDade is quite sure the arguments in the (attached) documents that McDade filed, properly and completely address the critical issues. They are there for the whole world to see.

Mrs. Sherry M. Statman apparently does not understand that a challenge to jurisdiction and determination of jurisdiction is always a civil matter, that in and of itself is never criminal; which is a sad state for a presiding judge (or just a ploy to trick me into general appearance).

A special appearance to challenge jurisdiction of the court is proper until jurisdiction is proven on the record, and as is well known even to a laky like McDade is the fact subject matter can be challenged at any time even on appeal.

McDade realizes that just the fact of challenging jurisdiction does not negate its existence, however when challenged in fact, law, and evidence the court is absolutely obligated to stop all proceedings, meet the challenge with fact, law, and evidence on the record conclusively and substantively before continuing not just give it lip service.

The challenge is civil, once jurisdiction has been properly established in the record as due process demands then and only then can the judge lawfully make the assertion that a special appearance is no longer valid.

Mrs. Sherry M. Statman, especially as the presiding judge should be perfectly aware that the moment that an individual makes a general appearance in-personam jurisdiction has been waved, only by the making of a special appearance may a challenge to jurisdiction including in-personam jurisdiction be maintained by the accused.

Mrs. Sherry M. Statman states in her (attached) order that there are no valid pretrial actions or issues that have been raised. McDade did/does rebut and reject that presumption/assertion with fact, law, and evidence on the record under oath. Another attempt to deny the truth, facts, and evidence and in turn McDade's rights.

McDade has a different viewpoint; McDade believes that a challenge to jurisdiction is a critically valid issue in any action, against him or anyone for that matter especially a supposed criminal one.

McDade also has never received from the court either a Magistration or an Examining Trial, both very important probable cause determination proceedings, both due process violation issues.

--------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

McDade believes that instead of the issues In Mrs. Statman's order being valid issues, McDade believes they are just more judicial avoidance tactics and also a cunning way of intimidating someone (witness tampering) who is raising extremely valid issues before the court; ones the court and Plaintiff must prove on the record before moving forward to merits: which by the way McDade has never seen the court and Plaintiff do, they just gloss over the necessary elements as if they are secondary in nature or as stated in the order, one of physicality.

This is not the first time McDade has had this type of experience with Mrs. Sherry M. Statman, McDade has included documents including a transcript from an earlier due process and substantive rights violation encounter 7/26/2012.
In this encounter McDade had filed similar documents with the Austin Municipal Court on an alleged traffic violation. On McDade's second "visit" to the court McDade was brought into an empty courtroom with only Mrs. Sherry M. Statman, the prosecutor, the clerk, and the court reporter (private hearing).

McDade was immediately verbally abused and threatened by Mrs. Sherry M. Statman; it was not a "hearing" as much as it was a verbal thrashing. No one else spoke once Mrs. Sherry M. Statman started including the prosecutor, it was very much a one sided affair. Then Mrs. Sherry M. Statman immediately left the courtroom, although she came quickly back when she was told that McDade had a recorder and then verbally threatened McDade again. This was before McDade really knew what was supposed to happen in a hearing, along with being taken aback by Mrs. Sherry M. Statman's behavior; McDade was stunned to the degree that McDade did not even object to the occurrence, although McDade knew at the time his rights had been violated McDade was not learned enough to defend himself.

McDade believes that not only is this another instance of judicial misconduct, and of witness tampering, by threat, duress, and coercion. McDade also believes it to be clearly a case of Malicious Abuse of Legal Process.

McDade is actually truly concerned for his safety in this court, over a silly alleged class C misdemeanor. It's not like McDade has harmed someone. Actually to speak the truth in this matter McDade is the one who is really and constructively being harmed. The court and prosecution have a duty not to violate McDade's unalienable, substantive rights, they have breached that duty which is causing McDade immediate and direct harm by loss of liberty, emotional distress, loss of financial gain from time off work, and time to prepare for this action against him plus costs.

--------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

# FOURTH CAUSE OF ACTION

# TRESPASS

# ON THE CASE

# JURISDICTION

Paragaphs 1 through 7 are incorporated by reference as though fully stated herein.

## Facts of Incident

The issue of Conspiratorial Treason and Conspiracy against Rights, Malicious Abuse of Legal Process, Judicial Misconduct, and Contempt of Court by Judge Barbara L Garcia and the prosecutor Mrs. Devin Rourke is detailed as follows:

McDade went to court on 02/04/2015 to file a common law Counterclaim for Trespass and Trespass on the Case in the Superior Court of Texas, concerning the traffic citation actions against McDade, and go to a pre-trial hearing.

McDade filed the Counterclaim and also a Writ of Prohibition which explicitly states in no uncertain terms that the Judiciary of the inferior court must not act outside their magisterial capacity within the Superior Court. Then went to a scheduled hearing on previously filed-motions in the action against him.

McDade "visited" the hearing by Special Appearance Challenging Jurisdiction.

As stated in the Counterclaim, McDade filed suit against Mrs. Sherry M. Statman, "Officer Knouse Badge # 5931," "Supervisor," and "Second Officer".

McDade verbally announced the presence of the Superior Court and that it was in session at the beginning of the hearing.

McDade verbally accepted the oaths of all the officers of the court and bound them to it.

-----------------------------------------------------------------

FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

Mrs. Barbara L Garcia continued in the proceeding absent any lawful authority, committing fraud upon the court.

The record shows that this court of record held a hearing on February 4, 2015 for the purpose of considering Counterplaintiff's Motion for Discovery and Motion for Nature and Cause. Counterplaintiff was present in personam, and Counterdefendants, though absent, were represented by counsel.

The record shows (audio record, witness testimony, and Order of court) that the magistrate did not conduct the hearing in accordance with the foundation rules of a court of record (Law of Case, Page 2, Court of Record, Lines 3, 4). Instead, the magistrate conducted her own court, without notice or concurrence of the parties, and without due process. Not satisfied with the lawful rules of court, she imposed her own rules and at other points rules of another jurisdiction foreign to this court.

Further, without proper authority, the magistrate stepped out of her function as a magistrate and, by her actions and statements, figuratively assumed the cloak of a tribunal.

The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, if he so chooses.

Throughout the audio record, the record shows that the rules of the court were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed procedures are sufficiently disruptive to the goal of providing fair justice to the degree that the court finds it necessary to issue a writ of error quae coram nobis residant.

McDade verbally objected to every unlawful action of Mrs. Barbara L Garcia and Mrs. Devin Rourke throughout the proceedings including but not limited to the presentment of the complaints and the unlawful order.

When Mrs. Barbara L Garcia made a "order" at the hearing in the presence of the Superior Court before witnesses she acted outside of her lawful capacity, under the color of law and committed an act of Treason by violating her oath of office, Judicial Misconduct, by acting as a "judge" in a Superior Court of Record and was in contempt of The Superior Court.

The order McDade referred to in the previous paragraph was an order to not allow any motions except discovery, Mrs. Barbara L Garcia stated in the order that all discovery was handed over to McDade, which is not factual.

The Discovery motion requests multiple other pieces of evidence that Plaintiff did not provide, and of the one they did provide, the CD with the video of the "traffic stop" it is missing the video or is defective.

----------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

McDade had also filed a motion for nature and cause, which is his substantive right, Plaintiff only provided McDade with a copy of each of the complaints, a complaint is not nature and cause in the form of an Information pursuant to the U.S Const. Amend. VI and Texas Constitution Art.1 Sec. 10.

Mrs. Barbara L Garcia and the prosecutor Mrs. Devin Rourke worked in concert to accomplish these felony acts of Conspiratorial Treason, Conspiracy against The Superior Court and Conspiracy against McDade's substantive Rights, Judicial Misconduct, Fraud upon the court, and Contempt all under the color of law. Title 18 USC. 241, 242.

Mrs. Barbara L Garcia and prosecutor Mrs. Devin Rourke failed to even so much as look at McDade's filings or simply chose to ignore them at their own peril, before committing these acts; they also failed to object to any of McDade's filings on the record. As the record shows. (Latches)

Mrs. Barbara L Garcia and the prosecutor Mrs. Devin Rourke also worked in concert to continue the Malicious Abuse of Legal Process, heretofore being perpetrated against McDade.

All these acts violating McDade's substantive rights and the law, under the color of law including but not limited to due process were all perpetrated absent any lawful jurisdiction, which the Plaintiff and the court have lacked and have yet to prove with facts, law and evidence on the record, from the moment the "traffic stop" was initiated.

According to the common law there can be no crime without an injured party claiming palpable harm, no such party exists in this matter, also in the common law is the prohibition of any official being a complaining party or a witness for an alleged crime against a free man. (Magna Carta)

11. Because of the actions committed with actual and implied force McDade was immediately and directly injured and suffered loss of liberty, and was Aggravatedly imprisoned, and is being prosecuted under color of law.

12. Counterdefendants had/have a duty to not cause McDade to be Aggravatedly imprisoned, and be prosecuted under color of law, and to not cause loss of liberty. Further, counterdefendants had/have a duty to prove jurisdiction when objection to jurisdiction is asserted.

13. Counterdefendants have breached these duties.

----------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

14. The damages for the injury caused by counterdefendants' actions are $5,000.00 per day for unlawful constructive and actual, unlawful, aggravated imprisonment, violation of due process rights, violation of rights to liberty, multiple threats and acts of coercion.

**LAW OF THE CASE**

15. Exhibit "A" is incorporated by reference as though fully stated herein.

**REQUEST FOR RELIEF**

16. For that cause of action therefore McDade brings his suit.

17. WHEREFORE, McDade requests relief and judgment against Counterdefendants as follows:

On all causes of action:

18. For general damages in the sum of $5,000.00 per day for constructive and actual unlawful, aggravated imprisonment, violation of due process rights, violation of rights to liberty, multiple threats and acts of coercion, and for having to contend with this frivolous matter.

-----------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

19. For loss of earnings according to proof;

20. That the court enter a declaratory judgment that counterdefendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

21. That the court enter a declaratory judgment that counterdefendants have acted contrary to constitutionally protected right, power or privilege.

22. That the court enter a declaratory judgment that counterdefendants' actions were in excess of statutory jurisdiction, authority and short of statutory right.

23. That the court enter a declaratory judgment that permanently enjoins counterdefendants' and THE STATE OF TEXAS from interfering in any way with McDade's lawful right to Travel freely and unencumbered;

24. That the court permanently enjoin counterdefendants from interfering in any way with McDade's lawful right to Travel freely and unencumbered;

25. That the court enter a declaratory judgment that the records of the court not of record are impeached for want of jurisdiction in the Court or judicial officers, for collusion between the parties, and/or for fraud in the parties offering the record, in respect to the proceedings;

26. That the court grant McDade his attorneys fees;

27. That the court grant McDade such other and further relief as the court deems proper;

29. For interest as allowed by law; and

30. For costs of suit incurred.

------------------------------------------------------------

FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

31. I have read and am aware of the foregoing writing. I have personal knowledge of the foregoing facts and am competent to testify as to the truth of those facts if called as a witness.

Seal_____

David Kent McDade

MCDADE'S CONTACT INFORMATION

Contact information for McDade is as follows:

David Kent McDade
310 E. Brenham St.
Elgin, Texas

------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

# VERIFICATION

32.  **STATE OF TEXAS** §
                        § **KNOW ALL MEN BY THESE PRESENTS**
     **COUNTY OF TRAVIS** §

Before me, the undersigned Notary, personally appeared David Kent McDade in this matter, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

I, David Kent McDade. I am at least 21 years of age, and I am competent to make this Affidavit. I have personal knowledge of these facts and attest under penalty of perjury the facts stated in this document are true and correct.

I, one of the People of Texas, Assert and Reserve all my unalienable rights, privileges and immunities at Natural Law, Common Law and Maritime Law and all my respective commercial rights relevant to a place called "this state." Affiant does not consent to nor in any way waive any of my rights in whole or in part, nor does Affiant authorize or consent to any violation of those rights by any of Affiant's public servants or any other Corporate Entities.

The facts stated in this motion, are true and correct.

Further, Affiant sayeth not.       Seal _____

                                   David Kent McDade, Affiant

Signed and Affirmed to before me on this the _____ day of _____ (month) 20_____ (year) for which witness my seal and signature.

Notary Signature: _____

# CERTIFICATE OF SERVICE

*By my signature below, I certify that on this the 2nd day of March, 2015, I have no idea who should be served with a true and correct copy of this document, because there is no competent charging instrument, much less one showing a name or address for service of such documents on the Plaintiff by McDade In other words, no one has made any Appearance on the Plaintiff's behalf. Therefore, it is delivered by hand to the court clerk to whoever shows up on the Plaintiff's behalf. If that is no one, then there is nothing served as of this date.*

Seal _____

David Kent McDade, Affiant

------------------------------------------------------------------
FIRST AMENDED ACTION FOR TRESPASS AND TRESPASS ON THE CASE

# I. LAW OF THE CASE

**The law of the case is decreed as follows:**

*Justice and judgment are the habitation of thy throne
Mercy and truth shall go before thy face. - Psa 89:14*

**Do justice to the afflicted and the needy. Psa. 82:3**

# SUPERIOR COURT

**Origin of the term "superior court"**

In common law systems, a *superior court* is a court of general competence which typically has unlimited jurisdiction with regard to civil and criminal legal cases. A superior court is "superior" relative to a court with limited jurisdiction, which is restricted to civil cases involving monetary amounts with a specific limit, or criminal cases involving offenses of a less serious nature. A superior court may hear appeals from lower courts.

The term "superior court" has its origins in the English court system. The royal courts were the highest courts in the country, with what would now be termed supervisory jurisdiction over baronial and local courts. Decisions of those courts could be reviewed by the royal courts, as part of the Crown's role as the ultimate fountain of justice. The royal courts became known as the "superior courts", while lower courts whose decisions could be reviewed by the royal courts became known as "inferior courts". The decisions of the superior courts were not reviewable or appealable, unless an appeal was created by statute.

To constitute a court a superior court as to any class of action within the common - law meaning of that term; its jurisdiction of such actions must be unconditional, so that the only thing requisite to enable the court to take cognizance of them is the acquisition of jurisdiction of the persons of the parties. Simons v. De Bare, 4 Bosw. , N. Y.

A statutory or constitutional court (whether it be an appellate or supreme court) may not second guess the judgment of a common law court of record. The Supreme Court of the USA acknowledges the common law as supreme: "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]

"Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court." [Magna Carta, Article 34].

Page 1 of 31

--------------------------------------------------------------

*COURT.* 1. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

**2.** An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

*COURT OF RECORD.* To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

2. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

## *SOVEREIGNTY*

Constitution for the United States of America

Preamble

We the people...*do ordain and establish* this Constitution...

The Texas Constitution

Preamble

Humbly invoking the blessings of Almighty God, the people of the State of Texas, do *ordain and establish this Constitution.*

The Texas Constitution

Article 1. Bill of Rights

Sec. 2. Inherant Political Power; Republican Form of Government. *All political power is inherent in the people*, and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, *they have at all times the inalienable right to alter, reform or abolish* their government in such manner as they may think expedient.

...at the Revolution, the *sovereignty* devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472

The very meaning of *'sovereignty'* is that the decree of the sovereign makes law. [American

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047

*The sovereignty of the United States resides in the people* and Congress cannot invoke the sovereignty of the people to override their will as declared in the Constitution. P. 294 U. S. 353. Perry v. United States 294 U.S. 330 (1935)

### President's Executive Order

(b) The Constitution created a Federal Government of supreme, but limited, powers. The *sovereign powers* not granted to the Federal Government are *reserved to the people* or to the States, unless prohibited to the states by the Constitution.
(d) *The people of the States are at liberty*, subject only to the limitations in the Constitution itself or in Federal law, to define the moral, political, and legal character of their lives.
Executive Order 13083 - Federalism
*May 14, 1998*

Government: Republican Government. One in which the *powers of sovereignty are vested in the people* and are *exercised by the people, either directly*, or through representatives chosen by the people, to whom those powers are specially delegated. In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627. Black's Law Dictionary, Fifth Edition, p. 626
"*'Sovereignty'* means that the decree of sovereign makes law, and foreign courts cannot condemn influences persuading sovereign to make the decree." Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co., 294 N.Y.S. 648, 662, 161 Misc. 903.

The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

A consequence of this prerogative is the legal ubiquity of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.186) His judges are the mirror by which the king's image is reflected. 1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

RESERVATION OF SOVEREIGNTY: "Even if the Tribe's power to tax were derived solely from its power to exclude non-Indians from the reservation, the Tribe has the authority to impose the severance tax. Non-Indians who lawfully enter tribal lands remain subject to a tribe's power to exclude them, which power includes the lesser power to tax or place other conditions on the non-Indian's conduct or continued presence on the reservation. The Tribe's role as commercial partner with petitioners should not be confused with its role as sovereign. It is one thing to find that the Tribe has agreed to sell the right to use the land and take valuable minerals from it, and quite another to find that the Tribe has abandoned its sovereign powers simply because it has not

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

expressly reserved them through a contract. *To presume that a sovereign forever waives the right to exercise one of its powers unless it expressly reserves the right to exercise that power in a commercial agreement turns the concept of sovereignty on its head.* Merrion v. Jicarilla Apache Tribe; Amoco Production Company v. Jicarilla Apache Indian Tribe, 455 U.S. 130, 131, 102 S.Ct. 894, 71 L.Ed.2d 21 (1981)

Bond v. U.S. SCOTUS recognizes personal sovereignty, June 16, 2011

It is the public policy of this state that public agencies exist to aid in the conduct of the people's business....The *people* of this state do not yield their sovereignty to the agencies which serve them. [California Government Code, Section 11120.]

In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business....The people of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.]

## Limits of Government

THE Conventions of a number of States, having at the time of their adopting the Constitution, expressed a desire, in order to prevent misconstruction or *abuse of its powers* that further declaratory and restrictive clauses should be added. U.S. Congress 1789- Bill of Rights.

Bill of Rights.

Amendment IX. The enumeration in Constitution, of certain rights, shall not be construed to deny or disparage others *retained by the people.*

Amendment X. The *powers not delegated* to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, *or to the people.*

The Texas Constitution

Article 1. Bill of Rights

Sec. 2. Inherent Political Power; Republican Form of Government. All political power is inherent in the people, and *all free governments are founded on their authority*, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, *they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.*

----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

## Notice and Choice of Law

The very meaning of *'sovereignty'* is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047

A written law is that which is promulgated in writing, and of which a record is in existence.

COMMON LAW GOVERNS. The rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern, the common law drawn from the Magna Carta where applicable.

### Confirmatio Cartarum

This document is a bridge between the Constitutional protection of one's access to the common law, and the Magna Carta. The modern value of the following is that it links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta. (See the next to last line of the first paragraph.)

*...that they cause the foresaid charters to be published, and to declare to the people that we have confirmed them in all points; (3) and that our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law[\*] and* the Charter of the forest, for the wealth of our realm.

[*] This reaffirms that the Magna Carta may be pleaded as the Common Law before a court.

In the Confirmation's second article, it is confirmed that

if any judgement be given from henceforth contrary to the points of the charters aforesaid by the justices, or by any other our ministers that hold plea before them against the points of the charters, it shall be undone, and holden for nought.[

### MAGNA CARTA

1. First of all have granted to EL, and, for us and for our
   heirs forever, have confirmed, by this our present charter,
   that the English church shall be free and  shall have its
   rights intact and its liberties uninfringed upon. And thus we
   will that it be observed.  As is apparent from the fact that

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

we, spontaneously and of our own free will, before discord broke out between ourselves and our barons, did grant and by our charter confirm--and did cause the lord pope Innocent III, to confirm--freedom of elections, which is considered most important and most necessary to the church of England. *Which charter both we ourselves shall observe, and we will that it be observed with good faith by our heirs forever. We have also granted to all free men of our realm, on the part of ourselves and our heirs forever, all the subjoined liberties, to have and to hold, to them and to their heirs, from us and from our heirs:*

20. A freeman shall only be amerced for a small offence according to the measure of that offence. And for a great offence he shall be amerced according to the magnitude of the offence, saving his contenement; and a merchant, in the same way, saving his merchandize. And a villein, in the same way, if he fall under our mercy, shall be amerced saving his wainnage. *And none of the aforesaid fines shall be imposed save upon oath of upright men from the neighbourhood.*

**21.** Earls and barons shall not be amerced *save through their peers,* and only according to the measure of the offence.

**24.** *No sheriff, constable, coroners, or other bailiffs of ours shall hold the pleas of our crown.*

**28.** *No constable or other bailiff of ours shall take the corn or other chattels of any one except he straightway give money for them,* or can be allowed a respite in that regard by the will of the seller.

**30.** *No sheriff nor bailiff of ours, no any one else, shall take the horses or carts of any freeman for transport, unless by the will of that freeman.*

**31.** *Neither we nor our bailiffs shall take another's wood for castles or for other private uses, unless by the will of him to whom the wood belongs.*

32. We shall not hold the lands of those convicted of felony longer than a year and a day; and then the lands shall be restored to the lords of the fiefs.

**34.** *Henceforth the writ which is called Praecipe shall not be*

-------------------------------------------------------------

*served on any one for any holding so as to cause a free man to lose his court.*

36. Henceforth nothing shall be given or taken for a writ of inquest in a matter concerning life or limb; but it shall be conceded gratis, and shall not be denied.

**38.** *No bailiff, on his own simple assertion, shall henceforth put any one to his law, without producing faithful witnesses in evidence.*

**39.** *No freeman shall be taken, or imprisoned, or disseized, or outlawed, or exiled, or in any way harmed--nor will we go upon or send upon him--save by the lawful judgment of his peers or by the law of the land.*

**40.** *To none will we sell, to none deny or delay, right or justice.*

41. All merchants may safely and securely go out of England, and come into England, and delay and pass through England, as well by land as by water, for the purpose of buying and selling, free from all evil taxes, subject to the ancient and right customs--save in time of war, and if they are of the land at war against us. And if such be found in our land at the beginning of the war, they shall be held, without harm to their bodies and goods, until it shall be known to us or our chief justice how the merchants of our land are to be treated who shall, at that time, be found in the land at war against us. And if ours shall be safe there, the others shall be safe in our land.

**42.** *Henceforth any person, saving fealty to us, may go out of our realm and return to it, safely and securely, by land and by water, except perhaps for a brief period in time of war, for the common good of the realm.* But prisoners and outlaws are excepted according to the law of the realm; also people of a land at war against us, and the merchants, with regard to whom shall be done as we have said.

**45.** *We will not make men justices, constables, sheriffs, or bailiffs, unless they are such as know the law of the realm, and are minded to observe it rightly.*

48. All evil customs concerning forests and warrens, and concerning foresters and warreners, sheriffs and their

servants, river banks and their guardians, shall straightway be inquired into in each county, through twelve sworn knights from that county, and shall be eradicated by them, entirely, so that they shall never be renewed, within forty days after the inquest has been made; in such manner that we shall first know about them, or our justice if we be not in England.

52. *If anyone shall have been disseized by us, or removed, without a legal sentence of his peers, from his lands, castles, liberties or lawful right, we shall straightway restore them to him.* And if a dispute shall arise concerning this matter it shall be settled according to the judgment of the twenty-five barons who are mentioned below as sureties for the peace. But with regard to all those things of which any one was, by king Henry our father or king Richard our brother, disseized or dispossessed without legal judgment of his peers, which we have in our hand or which others hold, and for which we ought to give a guarantee: We shall have respite until the common term for crusaders. Except with regard to those concerning which a plea was moved, or an inquest made by our order, before we took the cross. But when we return from our pilgrimage, or if, by chance, we desist from our pilgrimage, we shall straightway then show full justice regarding them.

55. *All fines imposed by us unjustly and contrary to the law of the land, and all amerciaments made unjustly and contrary to the law of the land, shall be altogether remitted, or it shall be done with regard to them according to the judgment of the twenty five barons mentioned below as sureties for the peace, or according to the judgment of the majority of them together with the aforesaid* Stephen archbishop of Canterbury, if he can be present, and with others whom he may wish to associate with himself for this purpose. And if he can not be present, the affair shall nevertheless proceed without him; in such way that, if one or more of the said twenty five barons shall be concerned in a similar complaint, they shall be removed as to this particular decision, and in their place, for this purpose alone, others shall be substituted who shall be chosen and sworn by the remainder of those twenty five.

61. Inasmuch as for the sake of God, and for the bettering of our realm, and for the more ready healing of the discord which has arisen between us and our barons, we have made all these aforesaid concessions,--wishing them to enjoy for ever entire and firm stability, we make and grant to them the following

-----------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

security: that the barons, namely, may elect at their pleasure *twenty five barons from the realm*, who ought, with all their strength, to observe, maintain and cause to be observed, the peace and privileges which we have granted to them and confirmed by this our present charter in such wise, namely, that if we, our justice, or our bailiffs, or any one of our servants shall have transgressed against any one in any respect, or shall have broken some one of the articles of peace or security, and our transgression shall have been shown to four barons of the aforesaid twenty five: those four barons shall come to us, or, if we are abroad, to our justice, showing to us our error; and they shall ask us to cause that error to be amended without delay. And if we do not amend that error, or, we being abroad, if our justice do not amend it within a term of forty days from the time when it was shown to us or, we being abroad, to our justice: the aforesaid four barons shall refer the matter to the remainder of the *twenty five barons*, and those twenty five barons, with the whole land in common, shall distrain and oppress us in every way in their power,--namely, by taking our castles, lands and possessions, and in every other way that they can, until amends shall have been made according to their judgment. Saving the persons of ourselves, our queen and our children. And when amends shall have been made they shall be in accord with us as they had been previously. And whoever of the land wishes to do so, shall swear that in carrying out all the aforesaid measures he will obey the mandates of the aforesaid twenty five barons, and that, with them, he will oppress us to the extent of his power. And, to any one who wishes to do so, we publicly and freely give permission to swear; and we will never prevent any one from swearing. Moreover, all those in the land who shall be unwilling, themselves and of their own accord, to swear to the *twenty five barons* as to distraining and oppressing us with them: such ones we shall make to swear by our mandate, as has been said. And if any one of the twenty five barons shall die, or leave the country, or in any other way be prevented from carrying out the aforesaid measures,--the remainder of the aforesaid twenty five barons shall choose another in his place, according to their judgment, who shall be sworn in the same way as the others. Moreover, in all things entrusted to those twenty five barons to be carried out, if those twenty five shall be present and chance to disagree among themselves with regard to some matter, or if some of them, having been summoned, shall be unwilling or unable to be present: that which the majority of those present shall decide or decree

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

shall be considered binding and valid, just as if all the twenty five had consented to it. And the aforesaid twenty five shall swear that they will faithfully observe all the foregoing, and will cause them to be observed to the extent of their power. And we shall obtain nothing from any one, either through ourselves or through another, by which any of those concessions and liberties may be revoked or diminished. And if any such thing shall have been obtained, it shall be vain and invalid, and we shall never make use of it either through ourselves or through another.

**63**. Wherefore we will and firmly decree that the English church shall be free, and that the subjects of our realm shall have and hold all the aforesaid liberties, rights and concessions, duly and in peace, freely and quietly, fully and entirely, for themselves and their heirs, from us and our heirs, in all matters and in all places, forever, as has been said. *Moreover it has been sworn, on our part as well as on the part of the barons, that all these above mentioned provisions shall be observed with good faith and without evil intent.*

The Fifth, and Seventh Amendments to the Constitution of the United States of America secures due process in the course of the common law to the American people, which necessarily includes the right to trial by jury. See Wayman v. Southard, 23 U.S. 1, 6 L.Ed. 253, 10 Wheat 1 (1825).

*This Constitution, and the Laws of the United States* which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be *the supreme Law of the Land*; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

"*the common law is the real law, the Supreme Law of the land, the code, rules, regulations, policy and statutes are "not the law*" - [Self v. Rhay, 61 Wn (2d) 261]),

"By the 'law of the land' is most clearly intended the general law [common law]; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. It means that every Citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society. *Everything which passes under the form of an enactment is not, therefore, to be considered the law of the land.* See the meaning of the term "law of the land" fully discussed. Huntsman v. State, 12 Cr.R. 619.

-----------------------------------------------------------------

The legislature cannot condemn a particular act as an indictable offense, and then empower the courts in the prosecution of such an offense, to substitute in the indictment and proof, an altogether different act, not prohibited. *Nor can it dispense with the essential allegations and proofs, even in offenses mala prohibita.*" Hewitt v. State (1860) 25 T. 722; State v. Wilburn (1860) 25 T. 738; State v. Duke (1875) 42 T. 455; Williams v. State (1882) 12 Cr.R. 395; Huntsman v. State (1882) 12 Cr

Under rules of common law procedure, acquiescence to stipulations of fact and law set forth in attending fact, claim and/or complaint affidavits, along with conclusions of law included or incorporated by reference in conditional acceptance, protest and/or rebuttal documents, will have the effect of a common law Retraxit* by Tacit Procuration**, whether for purposes of administrative or judicial due process remedies. In the event of acquiescence, stipulations secured by tacit procuration may constitute the basis for counter-claims and other appropriate remedies.
*The act by which a Plaintiff withdraws his suit; (Bouvier's 1856)
**implied power of attorney

Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings.

Therefore, you are hereby provided notice that as a precaution, I am invoking the Saving to Suitors Clause (28 U.S.C. § 1333(1)) in order to secure and proceed in the course of the common law in the event that there is controversy within special maritime and territorial jurisdiction of the United States.

## CREATOR'S LAW

### TORAH

"You shall not steal." Ex. 20.15

"You shall not give false testimony against your neighbor." Ex. 20.16

"You shall not covet your neighbor's house. You shall not covet your neighbor's wife, or his male or female servant, his ox or donkey, or anything that belongs to your neighbor." Exodos 20. 17

"Do unto others as you would you have them do unto you." Matt. 7.12

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

# RIGHTS

"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the pursuit of Happiness."
*Declaration of Independence of the United States* Amendment IX

Specifically but not limited to, the rights to due process in the fourth, fifth, and sixth Amendments. The Constitution of the United States of America.

The state cannot diminish rights of the people. *Hertado v. California*, 100 US 516.

No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution." <u>*Downs v. Bidwell*</u>, 182 U.S. 244 (1901)

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. Davis v. Wechsler, 263 US 22, 24.

## Rights Secured Under the Texas Constitution

Including but not limited to the following:

**Bill of Rights**

Sec. 2. Inherent Political Power; Republican Form of Government.
*All political power is inherent in the people,* and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.

Sec. 3. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

Sec. 4. RELIGIOUS TESTS. No religious test shall ever be required as a qualification to any office, or public trust, in this State; nor shall anyone be excluded from holding office on account of his religious sentiments, *provided he acknowledge the existence of a Supreme Being.*

-------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Sec. 6. FREEDOM OF WORSHIP. ..... No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion,...

## RIGHTS OF PROPERTY

**1866 constitution**
SEC. 20. The rights of property and of action, which have been acquired under the Constitution and laws of the Republic of Texas, shall not be divested; nor shall any rights or actions, which have been divested, barred, or declared null and void, by the Constitution and laws of the Republic of Texas, be reinvested, revived, or reinstated, by this Constitution; but the same shall remain precisely in the situation which they were before the adoption of this Constitution.

Art. 1 Sec. 9. Searches and Seizures. The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

"Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." Byars v. U.S., 273 U.S. 28.

## RIGHT OF DUE PROCESS

Specifically the rights of due process in the fourth, fifth, sixth and seventh amendments. Constitution for the United States of America

People of Texas have unalienable rights. The Texas Const. enumerates only a select few of the people's unalienable rights and does nothing to affect or take away those rights not enumerated, nor could it and/or does it allow for any department of government, or its various officers and agencies, to do so. Similarly, The Texas Const. specifically grants certain procedural rights, and the courts of this State may not act in any manner or with the intended purpose of depriving the people of those rights or the procedures implemented to protect them:

"No one, under any circumstances, should be deprived of any right given him by the laws of this state, and, if any provision of our [CCP] has been overlooked or disregarded, if, in the remotest degree, it could have been hurtful or harmful to the person on trial, the verdict should be set aside. He has a right to be tried in accordance with the rules and form of law, and if this sort of trial is not accorded him he has the right to complain, and to this complaint we will always give an attentive ear."

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Parker v. State, 745 S.W.2d 934, 937 (Tex.App.—Houston [1st Dist.] 1988, pet. Ref'd)

The enumeration of certain rights within the provisions of the Bill of Rights in Article 1, Texas Const., makes it axiomatic that *"A court cannot enact a procedural rule which conflicts with a constitutional provision." Reese v. State, ibid.*

"The court is to protect against any encroachment of constitutionally secured liberty."
Boyd vs. US, 116 US 616.

## RIGHTS OF TRAVEL

In England in 1215, the right of life, liberty, property, and the express right of travel were enshrined in Article 42 of *Magna Carta* to ensure that King John knew without qualification where the authority to prevent the exercise of those rights was to be constrained:

> "It shall be lawful to any person, for the future, to go out of our kingdom, and to return, safely and securely, by land or by water, saving his allegiance to us, unless it be in time of war, for some short space, for the common good of the kingdom: excepting prisoners and outlaws, according to the laws of the land, and of the people of the nation at war against us, and Merchants who shall be treated as it is said above."

This right was carried forward in the Constitution for the United States within the Bill of Rights.

"The claim and exercise of a Constitutional right cannot be converted into a crime"...
"a denial of them would be a denial of due process of law".
*Simmons v. United States*, 390 U.S. 377 (1968)

"No state shall convert a liberty into a license, and charge a fee therefore."
*Murdock v. Pennsylvania*, 319 U.S. 105

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."
*Miranda v. Arizona*, 384 US 436, 491.

"If a law has no other purpose than to chill assertions of Constitutional rights by penalizing those who choose to exercise them it is patently unconstitutional."
*Shapiro vs Thompson* 394 US 618

There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. *Sherer v. Cullen*, 481 F 946.

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

"If the state converts a liberty into a privilege the citizen can engage in the right with impunity,."
Shuttlesworth vs. Birmingham, 373 US Report 262

"The right to travel is a part of the liberty of which the Citizen cannot be deprived without due process of law under the Fifth Amendment."
Kent v. Dulles, 357 US 116, 125.

"The use of the highway for the purpose of travel and transportation is not a mere privilege, but a common fundamental right of which the public and individuals cannot rightfully be deprived."
Chicago Motor Coach v. Chicago, 169 NE 221.

"All persons, in the absence of legislative edict, are vested with the right to the use of the streets and highways for travel from one place to another in connection with their business, when such use is incidental to that business. This is an ordinary use of the streets and highways, and is frequently characterized as an inherent or natural right."

...                    [the court then goes on to say]

"Even the legislature has no power to deny a Citizen the right to travel upon the highway and transport his property in the ordinary course of his business or pleasure, though this right may be regulated in accordance with the public interest and convenience."
[Regulated as used here means the use of traffic signs and signals, not mandatory licensing, registration, or other such "regulation".
Chicago Motor Coach Company et al. v. Chicago, 66 A.L.R. 834,838, 337 Ill. 200, 169 N. E. 22

"The right of the Citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a common law right which he has under the right to life, liberty, and the pursuit of happiness."
Thompson v. Smith, 154 SE 579.

"The right of a Citizen to travel upon the highway and transport his property thereon, in the ordinary course of life and business, differs radically and obviously from that of one who makes the highways his place of business and uses it for private gain, in the running of a stagecoach or omnibus. The former is the usual and ordinary right of a Citizen, a common right, a right common to all, while the latter is special, unusual, and extraordinary. As to the former, the extent of legislative power is that of regulation; but, as to the latter, its power is broader. The right may be wholly denied, or it may be permitted to some and denied to others, because of its extraordinary nature."
State v. Quigg, hn. 7, 114 So. 859.

"A distinction must be observed between the regulation of an activity which may be engaged in as a matter of right, and one carried on by government sufferance or permission, since in the latter case the power to exclude altogether generally includes the lesser power to impose conditions, and may justify a degree of regulation not admissible in the former."

-----------------------------------------------------------------

*Packard v. Banton, hn.* 8, 264 U. S. 140, 44 Sup.Ct. 257.

"The public roads, free from any obstructions to travel, are solely, and from fence to fence, for the use of the traveling public."
> *Lebanon Light, Heat & P. Co. v. Leap*, 29 L.R.A. 342, 139 Ind. 443, 39 N. E. 57. (L.R.A. Digest 1888-1918, Highways and Streets, 67.)

"The right to travel is a well-established common right that does not owe its existence to the federal government. It is recognized by the courts as a natural right."
> *Schactman v. Dulles* 96 App DC 287, 225 F2d 938, at 941.

"Generally "public road" is road used by public as matter of right."
> *Atchison Transportation & Shipping F. Ry. Co. v. Acosta,* (Civ. App. 1968) 435 S.W.2d 539 ref. n.r.e. (Vernon's Civil Statutes of State of Texas Annotated p. 119 Note 9)

"Citizen's Right to travel upon public highways includes Right to use usual conveyances of time, including horse-drawn carriage, or automobile, for ordinary purposes of life and business."
...
"The Right of the Citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a Common Right which he has under the Right to life, liberty, and the pursuit of happiness."
> *Thompson v. Smith (Chief of Police)*, 154 S.E. 579, 580.

"I am not particularly interested about the rights of haulers by contract, or otherwise, but I am deeply interested in the Right of the public to use the public highways freely for all lawful purposes."
> -- Chief Justice Tolman, Washington Supreme Court
> *Robertson v. Department of Public Works*, 180 Wash. 133 at 139.

"Every Citizen has an unalienable Right to make use of the public highways of the state; every Citizen has full freedom to travel from place to place in the enjoyment of life and liberty."
> *People v. Nothaus*, 147 Colo. 210.

"Owners and operators of automobiles have the same right to use the streets and highways that owners and operators of other vehicles possess, and all alike must exercise reasonable care and caution for the safety of others."
> *Farnsworth v. Tampa Electric Co.*, 62 Fla. 166, 57 So. 233. (2 Fla Dig, Highways, 10.)

"Power conferred upon municipalities to regulate the use of the streets by motor vehicles does not include power to prohibit the use of the streets by them." ... "regulation is inconsistent with prohibition or exclusion."

--------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

*Chicago Motor Coach Company et al. v. Chicago, hn.* 6, 66 A.L.R. 834, 337 Ill. 200, 169 N. E. 22.) (66 A.L.R. 838).

"The streets and highways belong to the public, for the use of the public in the ordinary and customary manner."
> *Hadfield v. Lundin,* L.R.A.1918B, 909, 98 Wash. 657, 168 Pac. 516. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"The title to the streets being in the city as trustee for the public, no grant or permission can be legally given which will interfere with their public use. The right of the public to the use of the streets is absolute and paramount to any other."
> *Lincoln Safe Deposit Co. v. New York,* L.R.A. 1915F, 1009, 210 N. Y. 34, 103 N. E. 768. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"A traveler lawfully using a public highway has the same rights to enjoy such use undisturbed as if he were the owner in fee simple."
> *Smethurst v. Independent Cong. Church,* 2 L.R.A. 695, 148 Mass. 261, 19 N. E. 387. (L.R.A. Digest 1888-1918, Highways and Streets, 65.)

"Any and all of the public have an equal right to the reasonable use of a highway."
> *Harold v. Jones,* 3 L.R.A. 406, 86 Ala. 274, 5 So. 438. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"All persons have equal right to use the public streets and highways for purposes of travel by proper means, with due regard to the corresponding rights of others."
> *Butler v. Cabe,* L.R.A.1915C, 702, 116 Ark. 26, 171 S. W. 1190. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

"A public street in a city is a public highway and its uses belong to the public generally and it cannot be said that such uses are limited to the municipality or to its Citizens alone."
> *Alabama Western R. Co. v. State ex rel. Garber,* 19 L.R.A. (N.S.) 1173, 155 Ala. 491, 46 So. 468. (L.R.A. Digest 1888-1918, Highways and Streets, 66.)

## NO INJURED PARTY
## NO STANDING

Claimant must produce injured party who has claimed palpable harm.

Maxim* of Law: *For there to be a crime, there must be an injured party. An action is not given to one who is not injured.*

*An established principle or proposition. A principle of law universally admitted, as being just and consonant with reason. (Bouvier's Law Dictionary, 1856)

-------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Claimant must produce evidence regarding substance.

Standing, a necessary component of subject-matter jurisdiction, is a *constitutional prerequisite* to maintaining a suit under Texas law. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). As a necessary component of a court's subject-matter jurisdiction, standing cannot be waived and can be raised for the first time on appeal. Id. at 445-46.

**Standing**

The *Constitution requires standing to maintain suit.* Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001).

In Texas, the standing doctrine requires that (1) there be "a real controversy between the parties," and (2) that real controversy "will be actually determined by the judicial declaration sought." Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996) (quoting Tex. Air Control Bd., 852 S.W.2d at 446).

*"The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome."* Austin Nursing Ctr. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1559, 441 (2d ed. 1990)).

*"The determination of whether a plaintiff possesses standing to assert a particular claim depends on the facts pleaded* and the cause of action asserted." Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 853 (Tex. App.-Fort Worth 2005, no pet.). See also M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 707-08 (Tex. 2001) (analyzing standing in the context of asserted claim).

*The plaintiff/counterdefendant must allege and show how he has been injured or wronged* within the parameters Daimler Chrysler Corporation, v. Bill Inman et al 03118905

**JURISDICTION**

"Once *jurisdiction is challenged, the court cannot proceed* when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"While acts of a de facto incumbent of an office lawfully created by law and existing are often held to be binding from reasons of public policy, the acts of a person assuming to fill and perform the duties of an office which does not exist de jure can have no validity whatever in law. "*Jurisdiction, once challenged, cannot be assumed and must be decided.*" Maine v. Thiboutot, 100 S.C.R.. 2502

-------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

"One purpose of [TRCP 13] is to check abuses in the pleading process; that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable .... Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather, 'it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.'" *Appleton v. Appleton,* 76 S.W.3d 78, 86-87 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Agency, or party sitting for the agency, (which would be the magistrate of a municipal court) has no authority to enforce as to any licensee unless he is acting for compensation. Such an act is highly penal in nature, and should not be construed to include anything which is not embraced within its terms. (Where) there is no charge within a complaint that the accused was employed for compensation to do the act complained of, or that the act constituted part of a contract." Schomig v. Kaiser, 189 Cal 596.

# COLOR OF LAW

*COLOR OF LAW* means "The appearance or semblance, without the substance, of legal right. Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state is action taken under 'color of law.'"
 *Atkins v. Lanning. D.C.Okl.,* 415 F. Supp. 186, 188.

An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never passed." *Norton vs Shelby County,* 118 US 425

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice.
 *Davis v. Wechsler,* 263 US 22, 24.

The Transportation codes applied under Color of Law are a violation of Creator-given, unalienable rights of the people at natural law, common law, and the Constitutionally-protected rights under the first, fourth, fifth, sixth, ninth and tenth amendments.

-------------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

Traffic citations are "Bills of Attainder"/ "Bills of Pains and Penalties; and are in violation of Both the Constitution of the United States and the Texas Constitution respectively. *U. S. Const.* Art. 1 Sec 9 / *Texas Const.* Art. Sec. 16.

Transportation Code (TTC) regulates *commercial use of the road only*. It does not apply to people travelling in their private capacity exercising their Right to Travel freely and unencumbered. Therefore, there is no subject matter jurisdiction. The Constitution does not authorize the State to regulate, and thereby constrain and limit, the people's right to travel in their private (i.e. non-commercial) capacities.

## DEPRIVATION OF RIGHTS

"No state shall convert a liberty into a license, and charge a fee therefore."
  *Murdock v. Pennsylvania*, 319 U.S. 105

"The claim and exercise of a Constitutional right cannot be converted into a crime"...
  "a denial of them would be a denial of due process of law".
  *Simmons v. United States*, 390 U.S. 377 (1968)

"To be that statute which would deprive a citizen of the Rights of person or property without a regular trial, according to the course and usage of common law, would not be the law of the land."
  *Hoke v. Henderson*, 15 N.C. 15, 25 AM. Dec. 677.

"Statutes that violate the plain and obvious principles of common right and common reason are null and void."
  *Bennett v. Boggs*, 1 Baldw 60

"Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law."
*Owen v. Independence*, 100 S.C.R. 1398, 445 US 622

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." *Wuest v. Wuest,* 127 P2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v. Hunter, C.A. Kansas* 170 F2d 739.

**Conspiracy against rights**:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any

Page 21 of 31

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. [*18, USC 241*]

**Deprivation of rights under color of law**:
Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death. [18, USC 242]

**Civil action for *deprivation of rights***:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. [42 USC 1983]

-------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

**Conspiracy to interfere with civil rights**:

Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. [42 USC 1985(3)]

**Action for neglect to prevent**:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein,... [42 USC 1986]

**WILLFULNESS**

**Claimant must produce evidence regarding "willfulness".**

*WILLFULNESS*: an evil motive or intent to avoid a known duty or tax under the law with a moral certainty. (U.S. v. Bishop, 412 US 34)

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

"Element of *willfulness* involves a specific wrongful intent, namely, actual knowledge of existence of legal obligation and intent to evade that obligation."
U.S. v. Thompson, 230 F.Supp. 530, 338 F.2d 997 (D.C.Conn. 1964).

RIGHTS OF ACCUSED. In all criminal prosecutions the accused shall have a speedy public *trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him*, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor.

RIGHT TO REPRESENTATION BY COUNSEL. (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

A court shall presume that a pleading, motion, or other paper is filed *in good faith*. Sanctions under this article may not be imposed except for good cause stated in the sanction order.

RIGHT TO BAIL. All prisoners shall be bailable unless for capital offenses when the proof is evident. This provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

HABEAS CORPUS. The writ of habeas corpus is a writ of right and shall never be suspended.

CRUELTY FORBIDDEN. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

RIGHT TO JURY. The right of trial by jury of twelve persons shall remain inviolate.

PUBLIC TRIAL. The proceedings and trials in all courts shall be public.

---------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

CONFRONTED BY WITNESSES. The defendant, upon a trial, shall be confronted with the witnesses, except in certain cases provided for in this Code where depositions have been taken.

WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any *person* is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a *person* in his custody, or under his restraint, commanding him to produce such *person*, at a time and place named in the writ, and show why he is held in custody or under restraint.

TO WHOM DIRECTED. The writ runs in the name of "The State of Texas". It is addressed to a *person* having another under restraint, or in his custody, describing, as near as may be, the name of the office, if any, of the *person* to whom it is directed, and the name of the *person* said to be detained. It shall fix the time and place of return, and be signed by the judge, or by the clerk with his seal, where issued by a court.

WANT OF FORM. The writ of habeas corpus is not invalid, nor shall it be disobeyed for any want of form, if it substantially appear that it is issued by competent authority, and the writ sufficiently show the object of its issuance.

CONSTRUCTION. Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the *person* seeking relief under it

BY WHOM WRIT MAY BE GRANTED. The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law.

FILING FEE PROHIBITED. Notwithstanding any other law, a clerk of a court may not require a filing fee from an individual who files an application or petition for a writ of habeas corpus.

RETURNABLE TO ANY COUNTY. Before indictment found, the writ may be made returnable to any county in the State.

CERTAINTY; WHAT SUFFICIENT. An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to

-----------------------------------------------------------------
EXHIBIT A -- LAW OF THE CASE

enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words "force and arms" or "contrary to the form of the statute" necessary.

CONTEMPT OF COURT. (b) The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.

BY AGREEMENT. A criminal action may be continued by consent of the parties thereto, in open court, at any time on a showing of good cause, but a continuance may be only for as long as is necessary.

FOR SUFFICIENT CAUSE SHOWN. A criminal action may be continued on the written motion upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary.

No person…nor shall be compelled in any criminal case to be a witness against himself, nor be *deprived of life, liberty, or property, without due process of law*; nor shall private property be taken for public use without just compensation.

MOTION SWORN TO. All motions for continuance must be sworn to by a *person* having personal knowledge of the facts relied on for the continuance.

CONTROVERTING MOTION. Any material fact stated, affecting diligence, in a motion for a continuance, may be denied in writing by the adverse party. The denial shall be supported by the oath of some credible *person*, and filed as soon as practicable after the filing of such motion.

WHEN DENIAL IS FILED. When such denial is filed, the issue shall be tried by the judge; and he shall hear testimony by affidavits, and grant or refuse continuance, according to the law and facts of the case.

-------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

ARGUMENT. No argument shall be heard on a motion for a continuance, unless requested by the judge; and when argument is heard, the applicant shall have the right to open and conclude it.

WRITTEN PLEADINGS. All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing.

MOTION TRIED BY JUDGE. An issue of fact arising upon a motion to set aside an indictment or information shall be tried by the judge without a jury.

SHALL DRAW COMPLAINTS. Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

WHEN COMPLAINT IS MADE. If the offense be a misdemeanor, the attorney shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction; provided, that in counties having no county attorney, misdemeanor cases may be tried upon complaint alone, without an information, provided, however, in counties having one or more criminal district courts an information must be filed in each misdemeanor case. If the offense be a felony, he shall forthwith file the complaint with a magistrate of the county.

COMPLAINT. (a) For purposes of this action, a complaint is a sworn allegation charging the accused with the commission of an offense.(b) A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint. The defendant may waive the right to notice granted by this subsection.

Texas Constitution, Article 5, Section 12:

"(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. *The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.*" (Amended Aug. 11, 1891, and Nov. 5, 1985.)[emphasis added]

"INFORMATION". An "Information" is a written statement filed and presented in behalf of the people of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

---

EXHIBIT A -- LAW OF THE CASE

REQUISITES OF AN INFORMATION. An information is sufficient if it has the following requisites: 1. It shall commence, "In the name and by authority of the people of Texas"; 2. That it appear to have been presented in a court having jurisdiction of the offense set forth; 3. That it appear to have been presented by the proper officer; 4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him; 5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed; 6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation; 7. That the offense be set forth in plain and intelligible words; 8. That it conclude, "Against the peace and dignity of the people of the State"; and 9. It must be signed by the district or county attorney, officially.

INFORMATION BASED UPON COMPLAINT. No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

RULES AS TO INDICTMENT APPLY TO INFORMATION. The rules with respect to allegations in an indictment and the certainty required apply also to an information.

WHAT SHOULD BE STATED. Everything should be stated in an indictment which is necessary to be proved.

CERTAIN FORMS OF INDICTMENTS. The following form of indictments is sufficient:

"In the name and by authority of the people of Texas: The grand jury of ............ County, people of Texas, duly organized at the ............ term, A.D. ............, of the district court of said county, in said court at said term, do present that ............ (defendant) on the .......... day of ............A.D. ............, in said county and State, did ............ (description of offense) against the peace and dignity of the people.

............, Foreman of the grand jury."

"Article 5 Judicial Department Sec. 12. Judges to be Conservators of the Peace; Indictments and Information. (a) All judges of courts of the people, by virtue of their office, are conservators of the peace throughout the State. *(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.* [emphasis added]

Page 28 of 31

------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

OBJECTION TO USE OF PRIVATE LAW: The use of unpublished cases shall not be used. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. Such references cannot therefore be meaningful without a full copy of the opinion for each "WL" or "Lexis" reference available and accessible to all parties.

NON-JUDICIAL DECISION MAKING : There shall be no assignment *or* any referral of this case, in any part, to any decision-maker other than a duly elected or properly appointed judicial officer exercising full authority of a municipal court judge and who has an active and current oath of office on file. *Gonzalez v. United States*, 553 U.S. 242 (12 May 2008) ("If the parties consent")

AUTHORITY TO GRANT WRIT [28 USC Sec. 2241]

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless –

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice

-----------------------------------------------------------------

EXHIBIT A -- LAW OF THE CASE

may transfer the application to the other district court for hearing and determination.

## APPLICATION FOR WRIT [28 USC Sec. 2242]

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.

It may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the applicant is held.

## ISSUANCE OF WRIT; RETURN; HEARING; DECISION [28 USC Sec. 2243]

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. [28 USC Sec. 2242]

If any claim, statement, fact, or portion in this action is held inapplicable or not valid, such decision does not affect the validity of any other portion of this action.

The singular includes the plural and the plural the singular.

The present tense includes the past and future tenses; and the future the present, and the past the present.

The masculine gender includes the feminine and neuter.

EXHIBIT A -- LAW OF THE CASE

STATE OF TEXAS, § in the SUPERIOR COURT OF TEXAS
     Plaintiff, § OF PUBLIC RECORD
      v. § AUSTIN, TEXAS
David Kent McDade, § TRAVIS COUNTY, Texas
     Defendant, §
-------------------------------------------
David Kent McDade, § WRIT OF ERROR
     Counterplaintiff § QUAE CORAM
      § NOBIS RESIDANT
      v. §
      § DECREED
"Officer Knouse Badge # 5931," "Supervisor," §
"Second Officer," Sherry M. Statman, § Cause Numbers 8171190, 8171191,
Barbara L. Garcia, Devin Rourke, § 8171192, 8171200, 8171201
      §
     Counterdefendants § Date: March 6, 2015
      §
-------------------------------------------

THE COURT COMES NOW to review the facts, record, and process resulting in the ruling by Sherry M. Statman dated March 3, 2015.

The record shows (Order of court) (copy attached) that the magistrate of the City of Austin Municipal Court did not conduct a hearing in accordance with the foundation rules of a court of record (Law of Case, Page 2, Court of Record, Lines 3, 4). Instead, the magistrate conducted her own court, without notice or concurrence of the parties, and without due process. Not satisfied with the lawful rules of court, she imposed her own rules and at other points rules of another jurisdiction foreign to this court; after having been previously informed multiple times of her position as a magistrate in the Superior Court of Record through The Law of the Case, Writs of Error, and a Writs of Prohibition filed in the record.

Further, without proper authority, the magistrate stepped out of her function as a magistrate and, by her actions and statements, figuratively assumed the cloak of a tribunal.

The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, if he so chooses.

The record shows that the rules of the court were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed procedures are sufficiently disruptive to the goal of providing fair justice to the degree that the court finds it necessary to issue a writ of error quae coram nobis residant as follows:

THE COURT, HAVING REVIEWED THE FACTS, THE RECORD, AND THE PROCESS BY WHICH THE RULING WAS ISSUED, and finding that the magistrate absent any lawful

WRIT OF ERROR

jurisdiction rendered a ruling by applying rules from several jurisdictions foreign to this court without leave of court; and finding that the orderly decorum of the court was replaced by defective impromptu process and usurpation of legislative and court powers without leave of court,

And, finding that the lower courts orders were in error.

And, desiring that fair justice be served for all parties, Counterdefendants

as well as Counterplaintiff,

NOW THEREFORE, THE COURT issues this WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, to wit:

The court rescinds this ruling entered March 3, 2015. Further, the magistrate, counterplaintiff, and counterdefendants are invited to each file and serve on all other interested parties an answer to the First amended Action no later than March 12, 2015

Further, the court desires to inform all the magistrates of above said inferior court (City of Austin Municipal Court) that Counterplaintiff was /is not a defendant in the inferior court, by the filing of the Counterclaim For Trespass and Trespass on the Case dated 1/4/2015 and later followed by the First Amended Action for Trespass and Trespass on the Case dated 3/2/2015, he is a Counterplaintiff in the Superior Court of Record.

Further, the court desires to inform any and all of the magistrates including but not limited to Mrs. Sherry M. Statman of above said inferior court that if any further rulings are made by said magistrates they shall be found in contempt of the Superior Court and shall face sanctions according to the rules of the Superior Court of Record. (LAW OF THE CASE Pg. 26 line 5, CONTEMPT OF COURT)

Further, the magistrate, counterplaintiff, and counterdefendants are invited to each file and serve on all other interested parties a brief no later than March 12, 2015 to show cause to this court why this order should not take effect or should be modified. The court, mindful of the rights of the parties and the importance of fair play, will liberally construe the arguments presented.

David McDade
310 E. Brenham St.
Elgin, Texas

Attornatus Privatus

THE COURT
WITNESS: the SEAL of the COURT
this Sixth day of March, 2015

Seal_____

David McDade
Attornatus Privatus

WRIT OF ERROR

STATE OF TEXAS, § in the SUPERIOR COURT OF TEXAS
             Plaintiff, § OF PUBLIC RECORD
             v. § AUSTIN, TEXAS
David Kent McDade, § TRAVIS COUNTY, Texas
             Respondent, §
 §
 §
David Kent McDade, Coram Ipso Rege § WRIT OF PROHIBITION
            Coram Nobis5, §
            Counterplaintiff §          DECREED
            v. §
 § CITATION NUMBER(s) 14092560,
 §14092561
"Officer Knouse Badge # 5931," §
"Supervisor," "Second Officer," Sherry M. § Date:    February 25, 2015
Statman, Barbara L. Garcia, Devin Rourke, §
 §
 §
            Counterdefendants §
 §

# WRIT OF PROHIBITION[1] 15

As is custom in these Peoples' courts of Justice judges[2], as they have been cunningly educated to perform, illegally initiate equity law in place of common law[3], which is fraud on the court. Experience has shown that these inferior courts are obstinate in their seizing of jurisdiction and thereby obstruct justice, thus we find it necessary to redress the issue beforehand, preventing the delay of justice, by means of this extraordinary writ of prohibition clearly 20 stating ObstaPrincipiis[4] against Nisi Prius[5], that is to say "We the Jury resists the first encroachment" and proceed according to the supreme[6] common law of the land[7], Coram Nobis 8.Therefore this Superior Court of Record[9] prohibits the inferior court not of record from assuming jurisdiction in this matter over which it has no control or legitimate authority.[10] And its judge is to function as Magistrate[11] 25 . (see law of the case)

Signed by ORDER and on behalf of the SUPERIOR COURT OF TEXAS.

Seal_____

David Kent McDade

Attornatus Privatus

WRIT OF PROHIBITION

1 It is only issued in cases of extreme necessity where the grievance cannot be redressed by ordinary proceedings at law, or in equity, or by appeal. Niagara Falls Power Co. v. Halpin, 45 N.Y.S.2d 421, 424, 181 Misc. 13; State ex rel. Levy v. Savord, 143 Ohio St. 451, 55 N.E.2d 735, 736.; An extraordinary judicial writ issuing out of a court of superior jurisdiction, directed to an inferior court or tribunal exercising judicial powers, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not lawfully vested, State v. Stanfield, 11 Okl.Cr. 147, 143 P. 519, 522; from assuming or exercising jurisdiction over matters beyond its cognizance, Jackson v. Calhoun, 156 Ga. 756, 120 S.E. 114, 115; or from exceeding its jurisdiction in matters of which it has cognizance. Jackson v. Calhoun, 156 Ga. 756, 120 S.E. 114, 115; The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. Code Civ.Proc.Cal. § 1102. State v. Packard, 32 N.D. 301, 155 N.W. 666, 667. Johnston v. Hunter, 50 W.Va. 52, 40 S.E. 448. State v. Evans, 88 Wis. 255, 60 N.W. 433.

2 CHANCELLOR. In American law, this is the name given in some states to the judge (or the presiding judge) of a court of chancery.; COURT OF CHANCERY. A court having the jurisdiction of a chancellor; a court administering equity and proceeding according to the forms and principles of equity. In England, prior to the judicature acts, the style of the court possessing the largest equitable powers and jurisdiction was the "high court of chancery." In some of the United States, the title "court of chancery" is applied to a court possessing general equity powers, distinct from the courts of common law. Parmeter v. Bourne, 8 Wash. 45, 35 P. 586; Bull v. International Power Co., 84 N.J.Eq. 209, 93 A. 86, 88. The terms "equity" and "chancery," "court of equity" and "court of chancery," are constantly used as synonymous in the United States. It is presumed that this custom arises from the circumstance that the equity jurisdiction which is exercised by the courts of the various states is assimilated to that possessed by the English courts of chancery. Indeed, in some of the states it is made identical therewith by statute, so far as conformable to our institutions. Wagner v. Armstrong, 93 Ohio St. 443, 113 N.E. 397, 401.

3 Common law Black's Law 4th edition, 1891 - As distinguished from equity law, it is a body of rules and principles, written or unwritten, which are of fixed and immutable authority, and which must be applied to controversies rigorously and in their entirety, and cannot be modified to suit the peculiarities of a specific case, or colored by any judicial discretion, and which rests con-fessedly upon custom or statute, as distinguished from any claim to ethical superiority. [Klever v. Seawall, C.C.A.Ohio, 65 F. 395, 12 C.C.A. 661].

4 OBSTA PRINCIPIIS. Lat. Withstand begin-nings; resist the first approaches or encroach-ments. Bradley, J., Boyd v. U. S., 116 U.S. 635, 6 Sup.Ct. 535, 29 L.Ed. 746.

5 NISI PRIUS COURT "Nisi prius" is a Latin term (Black's 5th) "Prius" means "first." "Nisi" means "unless." A "nisi prius" procedure is a procedure to which a party FIRST agrees UNLESS he objects. A rule of procedure in courts is that if a party fails to object to something, then it means he agrees to it. A nisi procedure is a procedure to which a person has failed to object A

WRIT OF PROHIBITION

"nisi prius court" is a court which will proceed unless a party objects. The agreement to proceed is obtained from the parties first.

6 Supremacy Clause - This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding. Article VI

7 "Law of the land," "due course of law," and "due process of law" are synonymous. People v. Skinner, Cal., 110 P.2d 41, 45;
State v. Rossi, 71 R.I. 284, 43 A.2d 323, 326; Direct Plumbing Supply Co. v. City of Dayton, 138 Ohio St. 540, 38 N.E.2d 70, 72,
137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531.

8 [Blacks Law] Before us ourselves, (the king, i. e., in the king's or queen's bench.) [tribunal pre-trial] **CORAM NOBIS.** [Blacks
Law] Before us ourselves, (the king, i. e., in the king's or queen's bench.) Applied to writs of error directed to another branch of
The same court, e. g., from the full bench to the court at *nisi prius*. 1 Archb. Pr. K. B. 234. See Writ of Error.

9 The decisions of an inferior court are subject to collateral attack. In other words, in a superior court one may sue an inferior court directly, rather than resort to appeal to an appellate court. Decision of a court of record may not be appealed. It is binding
on ALL other courts. However, no statutory or constitutional court (whether it be an appellate or supreme court) can second guess the judgment of a court of record. "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." [Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)].

10 An extraordinary writ, issued by a superior court to an inferior court to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has no control, or from going beyond its legitimate
powers in a matter of which it ha's jurisdiction. State v. Medler, 19 N.M. 252, 142 P. 376, 377.

11 "A Court of Record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial". Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

WRIT OF PROHIBITION